IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

**Just City, Inc.,**

                              Plaintiff,

v.

Floyd Bonner Jr.,
    **Shelby County Sheriff;**

Bill Anderson Jr.,
    **Presiding Shelby County General**
    **Sessions Criminal Court Judge;** and

John Marshall, Robert Barber, Rhonda Harris, Kevin Reed, Christopher Ingram, Shayla Purifoy, Ross Sampson, Serena Gray, Terita Hewlett, Mischelle Best, Kenya Smith, Zayid Saleem, Kathy Kirk Johnson, Leslie Mozingo,
    **Shelby County Judicial**
    **Commissioners,**

in their official capacities,

                              Defendants.

Case No. 24-cv-2540

# RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY IUNJUNCTION AND EXPEDITED DECLARATORY RELIEF

      COMES NOW the Defendants Floyd Bonner Jr., Bill Anderson Jr., John Marshall, Robert Barber, Rhonda Harris, Kevin Reed, Christopher Ingram, Shayla Purifoy, Ross Sampson, Serena Gray, Terita Hewlett, Mischelle Best, Kenya Smity, Zayid Saleem, Kathy Kirk Johnson, Leslie

1

Mozingo (collectively, "the Defendants") and make this Response to the *Motion for Preliminary Injunction and Expedited Declaratory Judgment* (ECF No. 2) ("the Motion") filed on behalf of Plaintiff Just City, Incorporated. The Defendants move the Court to deny Plaintiff's Motion and, in support of the same, say unto the Court as follows:

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff brings this case as a civil rights action under 42 U.S.C. § 1983, 28 U.S.C. § 2201 *et seq.*, and the Fourteenth Amendment to the United States Constitution. (Complaint, ECF No. 1, PageID 3, ¶7). Despite suing the Defendants in their official capacities as elected officials in the Shelby County Government, the crux of Plaintiff's lawsuit is "Tennessee's unprecedented new law, HB 1719, which prohibits judges from considering an arrestee's ability to pay when setting bail." (*Id.* at PageID 1, ¶1). Plaintiff alleges that the purpose of the State of Tennessee's recently passed law "was to target reforms to Shelby County's bail system." (*Id.* at PageID 2, ¶2). The Tennessee legislature passed HB 1719 ("the New Bail Law") on May 1, 2024. The New Bail Law took effect immediately thereafter. Plaintiff did not file this lawsuit until July 31, 2024.

Plaintiff contemporaneously filed the instant Motion with their Comlplaint. (*See* ECF No. 2). Plaintiff seeks an expedited declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure finding HB 1719 ("the New Bail Law") unconstitutional, and a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure prohibiting the Defendants from detaining arrestees whose bail has been set without consideration of their ability to pay said bail. (Motion, PageId 17). Plaintiff additionally filed a *Motion to Expedite Briefing Schedule and Oral Argument* (ECF No. 3) with the Complaint.

2

Counsel for the parties appeared before the Court for a status conference on August 20, 2024. The Court set the briefing and oral argument schedule for the instant Motion at the status conference, with the Defendants' Response to Plaintiff's Motion being due on August 23, 2024. (*See* ECF no 31). Subsequently, the Defendants filed an unopposed motion to extend the deadline to respond to the Complaint (ECF No. 34)—whether through an answer or dispositive pleading—until September 6, 2024. The Court granted the Defendants motion for extension in on August 21, 2024. (*See* ECF No. 35).

## ARGUMENT

The Court should deny Plaintiff's request for both the expedited declaratory judgment and a preliminary injunction. Plaintiff brings this Motion before any party has had an opportunity to present any proof as to the constitutionality of the Defendants' current bail practices. Indeed, Plaintiff fails to identify any individual who has been denied their constitutional rights under the New Bail Law despite said law being in effect for more than two (2) months at the time Plaintiff filed the Complaint. Plaintiff instead relies on conclusory statements and unsupported allegations to present the unconstitutionality of the Defendants' actions in complying with the New Bail Law as a foregone conclusion. Plaintiff bears the burden of showing that the Court should grant their Motion. Plaintiff cannot meet this burden with the conclusory arguments in their Motion and attendant Memorandum.

**I.     Plaintiff has not met the burden for either an expedited declaratory judgement, or a specific declaration that the New Bail Law is unconstitutional.**

Plaintiff seeks an expedited declaratory judgment pursuant to F.R.C.P. 57. Rule 57 of the Federal Rules of Civil Procedure allows a court to "order a speedy hearing of a declaratory-

judgment action." Fed. R. Civ. Pro. 57. Declaratory relief—and especially *expedited* declaratory relief—is not appropriate here.

"Whether a district court should entertain an action for declaratory relief is a matter within the sound discretion of the district court." *Harford Fire Ins. Co. v. AutoZone, Inc.*, 312 F.Supp.2d 1037, 1040 (W.D.Tenn. April 6, 2004). Courts in this district have analyzed when declaratory judgments are appropriate, stating:

> In the exercise of their sound discretion to entertain declaratory actions the district courts may not decline on the basis of whim or personal disinclination; but they may take into consideration the speculativeness of the situation before them and the adequacy of the record for the determination they are called upon to make, as well as other factors, *such as whether there is a pending procedure in state court in which the matters in controversy between the parties may be fully litigated*.
>
> *Id*. (emphasis in original) (quoting *Pub. Affairs Assocs., Inc. v. Rickover*, 369 U.S.

111, 112, 82 S.Ct. 580, 7 L.Ed.2d 604 (1962)).

The Sixth Circuit has put forth five factors for courts to consider when determining whether a declaratory judgment is appropriate:

> (1) whether the declaratory action would settle the controversy;
>
> (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;
>
> (3) whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race for res judicata;
>
> (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and
>
> (5) whether there is an alternative remedy which is better or more effective.
>
> *Id*. at 1041 (citing *Grand Trunk W. R.R. Co. v. Consol. Rail Corp*., 746 F.2d 323, 326 (6th Cir.1984)).

Plaintiff here has failed to show that any of the foregoing factors weigh in favor of a declaratory judgement.

### 1. *A declaratory judgement would not settle the controversy.*

Plaintiff has framed the underlying controversy in this case as an absolute certainty that the Defendants are violating arrestee's due process rights by complying with the New Bail Law. Plaintiff, however, has failed to identify even a single specific instance where the Defendant's application of the New Bail Law has led to an unconstitutionally high bail amount. Thus, it is unclear where there is any controversy to resolved in this case, ***at all***.

Plaintiff argues that expedited declaratory relief is appropriate because their "challenge to [the New Bail Law] primarily concerns questions of law, not fact." (Memorandum, PageID 36). Plaintiff's statement is only accurate if the Court takes their unsupported claims that the New Bail Law is leading to excessive bail amounts as true on its face. Puzzlingly—despite the high number of bail hearings conducted by the Defendants on a daily basis, and the fact that the New Bail Law had been in effect for over two (2) months at the time Plaintiff filed the Motion—Plaintiff does not identify a single arrestee that whose bail would have been set at a lower (and, apparently, more constitutionally appropriate) amount had the Defendants disregarded the New Bail Law. Plaintiff should not be able to announce as *fait accompli* that the Defendants have violated arrestees' constitutional rights by following the New Bail Law when they cannot even identify an arrestee whose constitutional rights have been violated.

### 2. *A declaratory judgment would not clarify the legal relations at issue.*

Plaintiff couches there argument in favor of declaratory relief as a zero-sum framework where the Defendants either consider an arrestee's ability to pay through their worksheet, or else the Defendants automatically violate the Constitution. Any consideration of an arrestee's financial

5

condition is constitutionally insufficient in Plaintiff's mind unless such consideration comes with reference to the magic language of "ability to pay." But the application of the New Bail Law is more nuanced.

Plaintiff seems to acknowledge that there is potential for the Defendants to comply with the New Bail Law and still set constitutionally appropriate bail. Plaintiff correctly points out that the "[New Bail Law] modified [T.C.A.] Section 40-11-118(b)(2) to maintain the requirement that the judge consider the arrestee's 'financial condition,' but add: 'provided, that the defendant's ability to pay shall not be considered.'" (Memorandum, PageID 24). Further, Plaintiff is correct that "HB 1719 did not define 'financial condition' or 'ability to pay,' and did not explain how a judge was to consider one but not the other." (*Id.*)

Plaintiff's own interpretation of the New Bail Law indicates that, although the Defendants cannot directly ask an arrestee what their ability to pay is, they can ask about their "financial condition." The plain and ordinary meaning of the words "financial condition" would necessarily an arrestee's earned income, cash-on-hand, real property, investment instruments, credit card debt, mortgages, child support payments, or any other form of proof that would allow a judge to draw a conclusion about an arrestee's ability to pay bail without ever directly asking about said ability. Put differently, nothing in Plaintiff's argument indicates that arrestees cannot offer—or a judge cannot consider—all the relevant evidence that goes into determining an individual's "ability to pay" bail. The New Bail Law simply prohibits a judge from using Plaintiff's preferred mechanism of directly asking about an arrestee's ability to pay through the worksheet.

Plaintiff themselves do not appear to argue that *every* bail amount the Defendants have levied since the passage of the New Bail Law has been excessively high. Therefore, there must be *some* mechanism in place for judges to ascertain the constitutionally correct amount of bail while

6

applying the New Bail Law. Declaring the New Bail Law flatly unconstitutional would not address the relationship between the application of the New Bail Law and these apparently constitutional bail amounts.

> 3. *Plaintiff's request for declaratory judgment against the parties amounts to "procedural fencing."*

Plaintiff's request for declaratory judgment specifically against the defendants in this case amounts to procedural fencing. The Sixth Circuit describes the term "procedural fencing" thusly:

> Procedure should be the "handmaid of justice," a means to an end. Instead, in all mature legal systems cultivated by a professional guild ... procedure tends to become rigid, stereotyped, and over-technical, an end in itself, often seemingly oblivious to the practical needs of those to whose ills it is designed to minister. Litigants thus often become pawns in a game, the social cost of which is excessive and the result of which is frequently unnecessarily cumbersome and socially undesirable. Substantive rights often become the incidents of procedural fencing.

*Western World Ins. Co. v. Hoey*, 773 F.3d 755, 761 (6th Cir. 2014) (quoting Borchard, *Declaratory Judgments*, at xiii (preface to the first edition)).

Plaintiff's request for declaratory relief is procedural fencing to the extent that the Defendants are not the parties Plaintiff seems to have an actual grievance against. Plaintiff outright states at the beginning of their lawsuit "[t]his action challenges **Tennessee's unprecedented new law**, HB 1719." (Complaint, ECF No. 1, PageID1, ¶1) (emphasis added). Plaintiff devotes most of their Memorandum in support of their Motion to arguing why Tennessee's New Bail Law is unconstitutional as drafted by the Tennessee legislature without ever discussing a specific instance of the Shelby County Defendants violating a specific arrestee's rights. One naturally wonders why Plaintiff would sue individual Shelby County officials when most of the alleged misdeeds in this case stem from the State of Tennessee's enactment of the New Bail Law.

7

The most reasonable conclusion is that Tennessee enjoys sovereign immunity while the Defendants do not. The Sixth Circuit recognizes that "42 U.S.C. § 1983 does not abrogate the States' sovereign immunity." *Ladd v. Marchbanks*, 971 F.3d 574, 578 (6th Cir. 2020). The individual Shelby County Defendants enjoy no such immunity. The State of Tennessee still gets to weigh on the constitutionality of their statute through Federal Rule of Civil Procedure 5, which requires parties like Plaintiff given notice and an opportunity to intervene to states when challenging the constitutionality of their statutes in federal court. The Defendants in this suit serve no greater purpose than to be a stand-in for the State of Tennessee, allowing Plaintiff to procedurally circumvent the States sovereign immunity. The Defendants, therefore, risk becoming "pawns in the game" between Plaintiff and the State of Tennessee as alluded to by the Sixth Circuit in *Western World Ins. Co*., F.3d at 761. Such is not an appropriate use of a declaratory judgment action.

> *4. A declaratory judgment would cause friction with state courts and encroach upon state judicial functions.*

The Supreme Court has decisively established that "[a federal] court can have no right to pronounce an abstract opinion upon the constitutionality of a State law" and that "[s]uch law must be brought into actual or threatened operation upon rights properly falling under judicial cognizance, or a remedy is not to be had [in federal court]." *Poe v. Ullman,* 367 U.S. 497, 505 (1961). Courts in this district recognize that "[a] statute comes to a court clothed in a presumption of constitutionality because the Legislature does not intentionally pass an unconstitutional act." *Bd. of Educ. Of Shelby Cnt'y, Tenn. V. Memphis City Bd. of Educ.*, 2011 WL 3444059 at *33 (W.D.Tenn August 8, 2011) (internal citations and punctuation omitted). "In evaluating the constitutionality of a statute, [courts] begin with the presumption that an act of the General Assembly is constitutional*." Id.* (quoting Waters v. Farr, 291 S.W.3d 873, 882 (Tenn.2009)). From

8

the foregoing standpoint, then, Plaintiff's request for expedited declaratory judgment manifestly encroaches upon state court jurisdiction.

As stated *supra*, Plaintiff has not identified any actual detainee whose constitutional rights have been violated by the application of the New Bail Law. Plaintiff., therefore, is asking for the very "abstract opinion upon the constitutionality of a State law" the Supreme Court admonished against in *Poe*. *Poe*, 367 U.S. at 505. Plaintiff's conclusory allegations and speculation in the Complaint and Motion do not show that the Defendants' application of the New Bail Law has been "actual or threatened operation upon rights properly falling under judicial cognizance" *Id.* Put differently, Plaintiff has failed to allege that any specific individual has suffered unconstitutional harm under the New Bail Law and can therefore only speculate that some unknown individual might suffer such harm sometime in the future.

Plaintiff's request for expedited declaratory judgment essentially asks the Court to assume that some harm will occur during State court proceedings in the future, and to preemptively declare the New Bail Law unconstitutional before such harm can occur. Plaintiff's request fails to account for the Sixth Circuit's "[f]ederal courts will not seize litigations from state courts merely because one, normally a defendant, goes to federal court to begin his federal-law defense before the state court begins the case under state law." *AmSouth Bank v. Dale*, 386 F.3d 763, 775 (6th Cir. 2004).

As stated *supra*, Plaintiff is apparently not alleging that every bail amount set by the Defendants since the passage of the New Bail Law is unconstitutionally excessive. If Plaintiff acknowledges that there is some avenue for the Defendants to constitutionally set bail under the New Bail Law, then the Court should abstain from removing all application of the New Bail Law from state courts by declaring the entire law unconstitutional. Individual arrestees can raise constitutional defenses against excessive bail as their case progresses through the state court

9

system. There is no need for a sweeping declaration that would unduly infringe upon the state courts' abilities to make individualized applications of state law and or act as fact finders for specific cases that arise in their jurisdiction.

> 5. *There is a better and more effective remedy to Plaintiff's allegations of excessive bail than an expedited declaratory judgment.*

The Tennessee state court system provides alternative (and better) remedies to Plaintiff's alleged constitutional harms than an expedited declaratory judgment. The Defendants argued *supra* that the New Bail Law's inclusion of "financial condition" as a consideration in setting an arrestee's bail, coupled with Plaintiff's inability to point to any arrestee whose bail has been unconstitutionally excessive, shows that the New Bail Law is not the monolith of unconstitutionality Plaintiff alleges. If the New Bail Law allows for some manner of constitutionally necessary consideration of an arrestee's finances (albeit not in the form Plaintiff might prefer) then any unconstitutionally excessive bail amounts would logically be individualized errors of the application of the law rather than a systemic problem with the law itself. Individual misapplications of Tennessee criminal law are best dealt with through appeals through the Tennessee state courts, not mandates from federal courts.

Tennessee Code Annotated § 40-11-144(a) states "[t]he actions by a trial court from which an appeal lies to the supreme court or court of criminal appeals in granting, denying, setting or altering conditions of the defendant's release [on bail] shall be reviewable in the manner provided in the Tennessee Rules of Appellate Procedure." Part (b) of the same statute goes on to state that "[i]f the action to be reviewed is that of a court from which an appeal lies to a court inferior to the supreme court or court of criminal appeals, review shall be sought in the next higher court upon writ of certiorari." Tenn. Code Ann. § 40-11-144(b). Taken together, arrestees who disagree with a judicial commissioner's bail determination may have seek review of the commissioner's decision

10

in general sessions court via writ of certiorari. From there, an arrestee can continue their appeal through the Tennessee court system as set out in the Tennessee Rules of Appellate Procedure. An arrestee has ample opportunity to raise any of the due process arguments Plaintiff makes in their Memorandum, provided that said arrestee has suffered some due process deprivation. Here, Plaintiff has not identified *any* arrestee has actually suffered a deprivation of due process rights. Absent a showing of such harm, the Court should decline to extend its reach into the Tennessee state court system and allow the state court appeals system to be the primary means of addressing potentially erroneous applications of Tennessee criminal law.

## II.   The Court should decline to grant a preliminary injunction in this case.

The Defendants once again point out that Plaintiff has failed to adduce even a single instance of the New Bail Law causing an arrestee to remain in detention due to an excessively high bail. This is despite the fact that, as of this filing, the New Bail Law has been in effect for almost three (3) months. Plaintiff certainly does not argue that *no one* who has come before the Shelby County Judicial Commissioners since the New Bail Law took effect has been unable to pay their bail and obtain release from custody. If *some* arrestees have been able to pay the bail set under the New Bail Law, then there must logically be *some* way for the Defendants to apply the New Bail Law in such a way that bail amounts are not automatically unconstitutional and outside of an individual's ability to pay. Thus, as shown *supra*, there is no basis for an expedited declaratory judgment that the New Bail Law is unconstitutional. And if there is no basis for finding the New Bail Law unconstitutional, then there is *absolutely* no basis in granting a preliminary injunction to prevent nonexistent constitutional harm.

"A district court must balance four factors in determining whether to grant a preliminary injunction: (1) whether the movant has a strong likelihood of success on the merits; (2) whether

the movant would suffer irreparable injury absent the injunction; (3) whether the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of an injunction." *Memphis A. Phillip Randolph Inst. v. Hargett*, 978 F.3d 378, 385 (6th Cir. 2020) (internal citations and punctuation omitted). None of the foregoing factors weigh in favor of granting Plaintiff a preliminary injunction.

The arguments Defendants make *supra* against Plaintiff's request for expedited relief can essentially be recycled as arguments against the request of preliminary injunction. Plaintiff is unlikely to succeed on the merits of the declaratory judgment action to have the New Bail Statute deemed unconstitutional because they apparently cannot identify any specific individual among the numerous arrestees who have had bail hearings under New Bail Law who actually received an excessive bail judgment. The preliminary injunction would cause tremendous harm and upheaval to the Shelby County Government insofar as it would essentially require the Sheriff to release ***every*** arrestee who had not paid bail within seven (7) days of the Court's order. (*See* Plaintiff's Proposed Preliminary Injunction and Declaratory Judgment, ECF No. 2-12, PageID 158, stating "the Shelby County Sheriff is hereby enjoined from detaining arrestees who are unable to pay for their release under secured bail orders that are issued without a determination of the arrestee's ability to pay. This preliminary injunction will take effect in seven days"). There is no public interest to be served by issuing a preliminary injunction when Plaintiff has failed to show that any harm has or is likely to occur to the public through application of the New Bail Law.

Even if the Plaintiff made some showing that a preliminary injunction is appropriate based upon the three (3) foregoing factors, the Sixth Circuit recognizes that "even the strongest showing on the other three factors cannot eliminate the irreparable harm requirement" set out in the second factor." *Memphis A. Phillip Randolph Inst.*, 978 F.3d at 385. Without belaboring the point, Plaintiff

12

has failed to show that *any* harm is occurring or—or will occur—under the New Bail Law. Plaintiff goes to great lengths in their Memorandum to discuss the constitutional necessity of fairly set bail. Nevertheless, the most Plaintiff offers in terms of factual allegations of actual unconstitutional behavior is that Defendants are not using the bail worksheet with reference to "ability to pay" that Plaintiff previously helped craft. Plaintiff is not the final arbiter of constitutionality. The fact that the Defendants are not following Plaintiff proposed bail calculation does not mean they are not following the Constitution. The fact that Defendants are prohibited by the New Bail Law from directly asking about an arrestee's "ability to pay" bail does not mean the Defendants are not taking sufficient proof as to an arrestees "financial condition" to set a constitutionally appropriate bail amount. At base, Plaintiff has failed to allege any facts that would show *any* harm is occurring, *at all*, much less an irreparable harm that would necessitate a preliminary injunction.

## CONCLUSION

For the foregoing reasons, the Defendant urge the Court to deny the instant Motion and to grant any such other relief, either general or specific, that the Court deems appropriate.

Respectfully submitted,

*Jasen M. Durrence*
JASEN M. DURRENCE (BPR #33275)
jasen.durrence@shelbycountytn.gov
JULIA MARIE HALE (BPR #37204)
julia.hale@shelbycountytn.gov
Shelby County Attorney's Office
160 North Main, Suite 950
Memphis, Tennessee 38103
(901) 222-2100
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

    I certify that the foregoing is being filed via the Court's ECF system this 23rd day of August, 2024, for service on all persons registered in connection with this case.

                                                              *Jasen M. Durrence*