# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE

**Just City, Inc.,**

                Plaintiff,

v.

Floyd Bonner Jr.,
    **Shelby County Sheriff;**

Bill Anderson Jr.,
    **Presiding Shelby County General Sessions Criminal Court Judge;** and

John Marshall, Robert Barber, Rhonda Harris, Kevin Reed, Christopher Ingram, Shayla Purifoy, Ross Sampson, Serena Gray, Terita Hewlett, Mischelle Best, Kenya Smith, Zayid Saleem, Kathy Kirk Johnson, Leslie Mozingo,
    **Shelby County Judicial Commissioners,**

in their official capacities,

                Defendants.

Case No. 24-cv-2540

## MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT

The Defendants, Floyd Bonner Jr., Shelby County Sheriff; Bill Anderson Jr., Presiding Shelby County General Sessions Criminal Court Judge; and John Marshall, Robert Barber, Rhonda Harris, Kevin Reed, Christopher Ingram, Shayla Purifoy, Ross Sampson, Serena Gray, Terita Hewlett, Mischelle Best, Kenya Smith, Zayid Saleem, Kathy Kirk Johnson, Leslie Mozingo, Shelby County Judicial Commissioners, in their official capacities (collectively "Defendants"), by

and through counsel, files this Motion to Dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure. As grounds, the Defendants contend that under Rule 12(b)(1), this Court lacks Subject Matter Jurisdiction. Alternatively, under Rule 12(b)(6), the Plaintiff has failed to state a claim upon which relief may be granted against the individually named Defendants in their official capacities.

The Defendants rely upon the Memorandum of Law in Support of the Motion to Dismiss, set forth below.

**MEMORANDUM OF LAW**

**I.   BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff brings this case as a civil rights action under 42 U.S.C. § 1983, 28 U.S.C. § 2201 et seq., and the Fourteenth Amendment to the United States Constitution. (Complaint, ECF No. 1, PageID 3, ¶7). Despite suing the Defendants in their official capacities as elected officials in the Shelby County Government, the crux of Plaintiff's lawsuit is "Tennessee's unprecedented new law, HB 1719, which prohibits judges from considering an arrestee's ability to pay when setting bail." (Id. at PageID 1, ¶1). Plaintiff alleges that the purpose of the State of Tennessee's recently passed law "was to target reforms to Shelby County's bail system." (Id. at PageID 2, ¶2). The Tennessee legislature passed HB 1719 ("the New Bail Law") on May 1, 2024. The New Bail Law took effect immediately thereafter. Now, Shelby County taxpayers are being asked to foot the bill for defending a lawsuit challenging that very law. (Id. at PageID 13, ¶3).

It is relatively commonplace for the Tennessee General Assembly to enact laws that target specific municipalities within this state, much like the law at issue here. Admittedly, it is unclear whether the New Bail Law is unconstitutional as drafted by the Tennessee General Assembly. Unfortunately, as a result, the Defendants are stuck between a proverbial rock and a hard place,

that being the Tennessee General Assembly and the Plaintiff in this matter and exist as nothing more than pawns with purse strings.

## II.   STANDARD

### A.   FED. R. CIV. P. 12(b)(1)

The application of *Younger* abstention is appropriately brought under Fed. R. Civ. P. 12(b)(1). See *Doe v. Lee*, No. 3:21-CV-00809, 2022 WL 1164228, at *3 (M.D. Tenn. Apr. 19, 2022).

> Rule 12(b)(1) motions [for lack of subject-matter jurisdiction] fall into two categories: facial attacks and factual attacks. A facial attack is a challenge to the sufficiency of the pleading itself. In considering whether jurisdiction has been established on the face of the pleading, the court must take the material allegations of the pleading as true and construed in the light most favorable to the nonmoving party. A factual attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. Notably, unlike a motion to dismiss for failure to state a claim under Rule 12(b)(6), where subject matter jurisdiction is challenged under Rule 12(b)(1) . . . the plaintiff has the burden of proving jurisdiction in order to survive the motion.

*Stanley v. Denver Mattress Co.*, LLC, No. 1:21-CV-294-TAV-CHS, 2022 WL 4474902, at *1 (E.D. Tenn. Sept. 26, 2022) (Internal citations omitted). "A facial attack on standing challenges the legal sufficiency of the complaint, whereas a factual challenge against standing questions whether the complaint's factual assertions reflect reality." *Ashe v. Hargett*, No. 3:23-CV-01256, 2024 WL 923771, at *4 (M.D. Tenn. Mar. 4, 2024). Additionally, regarding Rule 12(b)(1) motions, this Court "has wide discretion to consider evidence outside of the pleadings to assure itself of its own subject-matter jurisdiction." *Maras v. Cohen*, No. 1:21-CV-00317-DCLC, 2022 WL 1481185, at *3 (E.D. Tenn. May 10, 2022).

Further, standing "is a jurisdictional requirement, and if no plaintiff has standing then the court lacks subject matter jurisdiction." *Ashe v. Hargett*, No. 3:23-CV-01256, 2024 WL 923771, at *4 (M.D. Tenn. Mar. 4, 2024). "The irreducible constitutional minimum of standing requires

(1) an injury in fact that is (2) fairly traceable to the defendant's conduct and (3) likely redressable by a favorable judicial decision." *R. K. by & through J. K. v. Lee*, 53 F.4th 995, 998 (6th Cir. 2022), reh'g denied, No. 22-5004, 2022 WL 18434486 (6th Cir. Dec. 28, 2022).

B. **FED. R. CIV. P. 12(b)(6)**

For "evaluating whether a complaint is sufficient to survive a motion to dismiss" it must "contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009). Though detailed "factual allegations are not required [FED. R. CIV. PRO. 8(a)(2)] does call for sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. A claim for relief is plausible on its face "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*.

> In *Iqbal*, the Court specifically extended this pleading standard to all civil actions and directed district courts to undertake a two-step analysis when considering a motion to dismiss: (1) begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth; and (2) when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief. While well-pleaded factual allegations in the complaint are treated as true for the purposes of a motion to dismiss, the Court reiterated, we are not bound to accept as true a legal conclusion couched as a factual allegation and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.

*Hutchison v. Metro. Gov't of Nashville & Davidson, Cnty*., 685 F. Supp. 2d 747, 750 (M.D. Tenn. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009)).

### III.   ARGUMENT

A. **THE APPLICATION OF *YOUNGER* ABSTENTION IS APPROPRIATE IN THIS MATTER.**

When acting as a court of equity, a federal court has the authority to decline to exercise its jurisdiction. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 717, 116 S. Ct. 1712, 1721, 135 L.

Ed. 2d 1 (1996). This practice developed into various forms of abstention doctrines, including one where "federal courts have the power to refrain from hearing cases that would interfere with a pending state criminal proceeding." *Id*. at 716 (citing *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)). *Younger* abstention, "is designed to allow the State an opportunity to 'set its own house in order' when the federal issue is already before a state tribunal." *Fed. Exp. Corp. v. Tennessee Pub. Serv. Comm'n*, 925 F.2d 962, 966 (6th Cir. 1991).

The first step in determining whether a "federal issue is already before a state tribunal" requires adducing whether the underlying federal case involves: "(1) an ongoing state criminal prosecution; (2) certain civil enforcement proceedings that are akin to criminal prosecutions; [or] (3) civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *SETH DOWNING, Plaintiff, v. SERGHEY BOTEZAT & KNOX COUNTY, TENNESSEE, Defendants*., No. 3:23-CV-300, 2024 WL 3908722, at *3 (E.D. Tenn. Aug. 22, 2024) (citing *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989)("*NOPSI*")). Once a *Younger* proceeding is identified, abstention "may occur when three *Middlesex* criteria are met: (1) state proceedings are currently pending; (2) the proceedings involve an important state interest; and (3) the state proceedings will provide the federal plaintiff with an adequate opportunity to raise his constitutional claims." *Doe v. Univ. of Kentucky*, 860 F.3d 365, 369 (6th Cir. 2017) (quoting *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432-34, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982)).

Plaintiff's Complaint unequivocally implicates "ongoing criminal prosecution[s]" as contemplated in *Downing*, fulfilling the first criteria of the *Younger* proceeding analysis. *Id*. Plaintiff alleges that:

> Because of the [New Bail Law], Shelby County officials abandoned their constitutional obligations and the terms of the agreement. The Presiding General Sessions Criminal Court Judge instructed court administrators to stop using the ability-to-pay calculator to evaluate arrestees' financial information and change local bail processes to remove any reference to ability to pay. Judicial Commissioners stopped considering arrestees' ability to pay when setting bail. The Shelby County Sheriff enforces the resulting unconstitutional bail orders and detains arrestees who are unable to pay for their release.

(Complaint, PageID 2-3, ¶5).

There is no separation between the allegedly unconstitutional actions of the Defendants Plaintiff complains of above and the criminal prosecutions in which those actions occurred. Indeed, it is difficult to see how one could sue a state criminal court judge for prospective relief in federal court for *anything but* their action in an ongoing criminal proceeding.

Here, the process of determining bail is a *Younger* proceeding under *NOPSI* and, when it comes to the first *Middlesex* criteria, is part of an ongoing criminal proceeding. *Daves v. Dallas Cnty., Texas*, 64 F.4th 616, 621 (5th Cir. 2023), cert. denied, 144 S. Ct. 548, 217 L. Ed. 2d 292 (2024). With regard to the second *Middlesex* criteria, there "can be no doubt that state criminal proceedings implicate important state interests." *Armando Govea v. Tennessee*, No. 3:19-CV-00480, 2019 WL 3202995, at *4 (M.D. Tenn. July 15, 2019).

Finally, the Supreme Court announced a "two fold policy for non-intervention in state proceedings: (1) The recognition, both congressional and judicial, that federal courts should permit state courts to try state cases and that, if constitutional issues arise, the state court judges are fully competent to handle them, since they are bound by the Federal Constitution under Article VI[; and] (2) The traditional doctrine that a court of equity should stay its hand when a movant has an adequate remedy at law. *Wallace v. Kern*, 520 F.2d 400, 404 (2d Cir. 1975)(citing *Huffman v. Pursue*, Ltd., 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); *Schlesinger v. Councilman*, 420 U.S. 738, 754-56, 95 S.Ct. 1300, 1311-12, 43 L.Ed.2d 591 (1975); *Kugler v. Helfant*, 421

U.S. 117, 123-25, 95 S.Ct. 1524, 1530-31, 44 L.Ed.2d 15 (1975); and *Fenner v. Boykin*, 271 U.S. 240, 243, 46 S.Ct. 492, 70 L.Ed. 927 (1926)). The Court should note that, as the Defendants argued in their Response (ECF No. 37) to Plaintiff's Motion for Preliminary Injunction, the New Bail Law does not automatically generate unconstitutional rulings by itself. The fact that courts can still consider an arrestee's "financial condition" when setting bail provides and means to avoid unconstitutionally high bail. Further, Tennessee Code Annotated § 40-11-144 provides an arrestee ample opportunity to raise any of the due process arguments Plaintiff makes in their Memorandum, provided that said arrestee has suffered some due process deprivation.

**B.   THIS COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE PLAINTIFF FAILED TO ESTABLISH A INJURY-IN-FACT, AND THUS LACKS ARTICLE III STANDING.**

Briefly, to "satisfy Article III's standing requirements, a plaintiff must show: (1) he or she has suffered an 'injury-in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical…" *Doe v. Byrd*, No. 1:18-CV-00084, 2020 WL 1285428, at *3 (M.D. Tenn. Mar. 18, 2020). For an injury to be "concrete" it "must actually exist." *Id*. Here, Plaintiff fails to allege even a single instance where the New Bail Law caused even a single arrestee to remain in detention due to an excessively high bail. Moreover, the Complaint fails to make any allegation that Just City, *itself*, has suffered any harm with the requisite certainty for the organization to have standing on its own. At most, Plaintiff argues that individual arrestees (who Plaintiff may not even represent) *might* suffer unconstitutionally high bail amounts. Such nebulous accusations—that do not even pertain to Just City itself—fail to confer adequate standing for Plaintiff's claims.

**C.   IN THE ALTERNATIVE, THE OFFICIAL CAPACITY CLAIMS SHOULD BE DISMISSED AND THE CASE SHOULD BE RESTYLED AS AGAINST ONLY SHELBY COUNTY GOVERNMENT.**

A § 1983 action brought "against a [municipal] official in his official capacity is treated as an action against the [municipality] itself." *Campbell v. Anderson County*, 695 F. Supp. 2d 764,

770 (E.D. Tenn. 2010) (citing *Hafer v. Melo*, 502 U.S. 21 (1991)). "[I]ndividuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). "Official-capacity suits ... represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n.55 (1978); *see also Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity."). *Boddy v. City of Memphis, Tennessee*, No. 2:19-CV-02190, 2022 WL 885171, at *2 (W.D. Tenn. Mar. 24, 2022), *aff'd,* No. 22-5259, 2022 WL 12258977 (6th Cir. Oct. 21, 2022). "While '[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law,' individuals sued in their official capacities stand in the shoes of the entity they represent." *Boddy v. City of Memphis, Tennessee*, No. 22-5259, 2022 WL 12258977, at *4 (6th Cir. Oct. 21, 2022) (citing *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003)).

Plaintiff has filed suit against sixteen (16) Defendants, all in their official capacities. These claims are redundant and synonymous with a claim against a single, proper Defendant—Shelby County Government. Thus, these official capacity claims should be dismissed and the case should be restyled as against only Shelby County Government.

Plaintiffs can show no reason why these sixteen individuals—all sued in their official capacities—should be treated as parties to this lawsuit. Based on the cases cited above, the official capacity claims should be dismissed and substituted for a single Defendant—Shelby County Government.

## IV. CONCLUSION

For the reasons stated, the Court should be dismissed due to lack of Subject Matter Jurisdiction, or, in the alternative, this civil action should be dismissed with prejudice as to the official capacity claims, and award the Defendants any other relief to which they are entitled.

Respectfully submitted,

*/s/ Julia Marie Hale*
JASEN M. DURRENCE (BPR #33275)
jasen.durrence@shelbycountytn.gov
JULIA MARIE HALE (BPR #37204)
julia.hale@shelbycountytn.gov
Shelby County Attorney's Office
160 North Main, Suite 950
Memphis, Tennessee 38103
(901) 222-2100
*Attorneys for Defendants*

### CERTIFICATE OF SERVICE

I certify that the foregoing is being filed via the Court's ECF system this 6th day of September, 2024, for service on all persons registered in connection with this case.

*/s/ Julia Marie Hale*