# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JUST CITY INC.,<br><br>*Plaintiff*<br><br>v.<br><br>SHERIFF FLOYD BONNER JR., et al.,<br><br>*Defendants* | Case No. 2:24-cv-02540-TLP-tmp<br><br>Judge Thomas L. Parker<br>Chief Magistrate Judge Tu M. Pham |

## REPORT OF THE PARTIES' DISCOVERY PLANNING MEETING

1. **Participants.** The following persons participated in a Rule 26(f) conference on December 20, 2024, via Teams videoconference:

   - Stella Yarbrough, Trisha Trigilio, and Jared Quigley as counsel for Plaintiff;
   - Josh Spickler on behalf of Plaintiff;
   - Miranda Jones and Brian Enright as counsel for Intervenor - Tennessee;
   - Julia Hale and Jasen Durrence as counsel for County Defendants.

2. **Role of Intervenor.** Because the State of Tennessee intervenes in a limited capacity under 28 U.S.C. § 2403(b) and Fed. R. Civ. P. 5.1 for the limited purpose of defending the constitutionality of the statutory amendment codified at Tenn. Code Ann. § 40-11-118(b)(2), its role does not extend beyond briefing and arguing defenses to protect this amendment. It will not be participating in discovery or other matters unrelated to the defense of the constitutionality of Tennessee law.

3. **Initial Disclosures.** The parties plan to complete the initial disclosures required by Rule 26(a)(1) as well as initial disclosures related to e-discovery under Local Rule 26.1(e)(2)(A)-(F) by January 30, 2025.

4. **Discovery Plan.** Through a productive meeting and a series of email exchanges, the parties were able to come to agreement on general discovery deadlines. That discovery plan is reflected in the proposed case management order submitted to the Court by counsel for Plaintiffs contemporaneously with this Report and is ultimately subject to the case management order entered by the Court. The following discovery plan is a preliminary proposal only. Nothing in the proposed discovery plan is meant to prohibit either party from pursuing a line of inquiry that may become relevant after initial discovery is taken, or from objecting to specific discovery requests that may be impermissible.

    The parties propose this discovery plan:

    a. Discovery will be needed on these subjects:
        i. Enforcement of HB 1719 in Shelby County, including but not limited to whether judges inquire into or make findings concerning ability to pay when issuing secured bail orders;
        ii. Effects of HB 1719 enforcement on Just City's mission and finances;
        iii. Existence of arrestees detained due to inability to pay bail amounts; and,
        iv. Whether enforcement of HB 1719 increases the risk of erroneous deprivation of liberty interests under the federal and state law.
    b. Discovery will be conducted according to the following timeline:
        i. **COMPLETING ALL DISCOVERY:** July 31, 2025
        ii. **DOCUMENT PRODUCTION AND INTERROGATORIES:** April 30, 2025

    iii. **REQUESTS FOR ADMISSIONS:** July 15, 2025

    iv. **DEPOSITIONS OF FACT WITNESSES:** July 15, 2025

    v. **SUPPLEMENTATION OF RESPONSES TO WRITTEN DISCOVERY:** January 2, 2026

    vi. **DISCLOSURE OF PLAINTIFFS' RULE 26 EXPERT INFORMATION**: May 30, 2025

    vii. **DISCLOSURE OF DEFENDANTS' RULE 26 EXPERT INFORMATION:** June 30, 2025

    viii. **EXPERT WITNESS DEPOSITIONS**: July 31, 2025

c. Plaintiff shall serve no more than 25 interrogatories to each named Defendant pursuant to Rule 33. Defendants shall serve no more than 25 to Plaintiff. Responses to interrogatories will be served no later than April 30, 2025.

d. Plaintiff shall issue no more than 25 requests for admission to each Defendant, absent agreement of the parties or leave of court. Defendants shall issue no more than 25 requests for admission to Plaintiff, absent agreement of the parties or leave of court. Requests will be served at least thirty days (June 13, 2025) before responses are due pursuant to Rule 36. Responses will be served no later than July 15, 2025.

e. Depositions of fact witnesses shall be completed no later than July 15, 2025. Counsel for the parties shall meet and confer no later than May 9, 2025, to discuss potential witnesses for depositions, anticipated objections, and a rough calendar for conducting depositions.

    f.  Plaintiff shall not depose more than 21 fact witnesses absent agreement of the parties or leave of court. Defendants, collectively, shall not depose more than 10 fact witnesses absent agreement of the parties or leave of court. For purposes of this limitation, a deposition under Fed. R. Civ. P. 30(b)(6) will count as a single witness. This limitation does not apply to depositions of expert witnesses. Each deposition of a fact witness will be no longer than four (4) hours unless parties agree otherwise. Parties may seek to depose expert witnesses for longer than four (4) hours.

5. **Motions**.

    a. Any motion to amend pleadings, join parties, or certify a class shall be made no later than March 17, 2025.

    b. Dispositive motions shall be filed no later than August 29, 2025.

    c. Motions to exclude experts (Daubert motions) shall be filed no later than August 29, 2025.

6. **Settlement and ADR.** The parties have met and conferred and agree the case is not suited for ADR. Plaintiffs challenge the constitutionality of State law, rendering mediation almost certain to be fruitless.

7. **Consent to Magistrate Judge**. The parties have met and conferred, and neither desire to consent to all further proceedings in the case being handled by the magistrate judge in accordance with 28 U.S.C. 636(c).

8. **Pre-Trial Deadlines.**

    a. The parties request a trial date no earlier than February 2, 2026.

    b. The parties expect the trial to last no longer than four (4) days.

    c. The parties shall exchange but not file (1) copies of exhibits, (2) witness lists, and (3) designations of portions of depositions that are to be read into evidence during trial no later than three weeks before the trial date. The authenticity of exhibits should be stipulated to if at all possible. The parties should attempt to agree on additions to designations of depositions testimony necessary to put responses in context.

    d. The parties shall submit a joint proposed pretrial order in Word format to ECF_Judge_Parker@tnwd.uscourts.gov no later than two weeks before the trial date. The proposed order shall contain: (1) a statement of the basis for jurisdiction in this Court; (2) a short summary of the Plaintiffs' theory (no more than one page); (3) a short summary of Defendants' theory (no more than one page); (5) a statement of the issues, including a designation of which issues are for the jury and which are for the Court; (6) a succinct statement of the relief sought; (7) a summary of any anticipated evidentiary disputes; and (8) an estimate of the anticipated length of the trial.

    e. The parties request a pretrial conference be set approximately one week before trial.

    f. The parties shall file motions in limine no later than two weeks before the trial date.

9. **Other Matters.**

    a. **Preservation.** At the December 20 conference and in follow up emails, Plaintiff asked Defendants to confirm that data in any potentially relevant databases (for

5

example, case-level data on bail amounts or pretrial release status) is preserved and not overwritten. Defendants have not confirmed that this data is preserved.

b. **Possession, custody, or control of court records.** At the December 20 conference and in follow up emails, Plaintiff asked Defendants for their position on whether the Defendants have possession, custody, or control over court records including case data for purposes of Rule 34(a)(1) of the Federal Rules of Civil Procedure; and if not, who the Defendants believe is the proper person to subpoena for this information. Defendants have not taken a position.

Respectfully submitted:

*/s/ Stella Yarbrough*
Stella Yarbrough, BPR # 033637
ACLU FOUNDATION OF TENNESSEE
P.O. Box 120160
Nashville, TN 37212
(615) 320-7142
syarbrough@aclu-tn.org

## CERTIFICATE OF SERVICE

I certify that I will filed this document via the Court's electronic filing system which serves the filing on all counsel of record this 9th day of January, 2025.

*/s/ Stella Yarbrough*
