IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **Just City, Inc.**, and class representatives **Deangelo Towns**, and **Marshawn Barnes**, on behalf of themselves and all others similarly situated, <br><br>                     Plaintiff, <br><br> v. <br><br> Floyd Bonner Jr.,     **Shelby County Sheriff**; <br><br> Lee Wilson,     **Presiding Shelby County General Sessions Criminal Court Judge**; and <br><br> John Marshall, Robert Barber, Rhonda Harris, Kevin Reed, Christopher Ingram, Shayla Purifoy, Ross Sampson, Serena Gray, Terita Hewlett, Mischelle Best, Kenya Smith, Zayid Saleem, Kathy Kirk Johnson, Leslie Mozingo,     **Shelby County Judicial Commissioners**, <br><br> in their official capacities, <br><br>                     Defendants. | Case No. 2:24-cv-2540-TLP-tmp |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE THE FIRST AMENDED CLASS ACTION COMPLAINT**

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Local Rule 15.1, and this Court's January 16, 2025 Scheduling Order, Plaintiff Just City, Inc., ("Plaintiff") through undersigned counsel, hereby respectfully submit this Memorandum in support of its Motion for Leave to File the First Amended Class Action Complaint. Plaintiff's First Amended Class Action Complaint is attached to this Motion as Exhibit 1. Before filing this motion, Plaintiff consulted with counsel for Defendants and counsel for the State by email. The Defendants are unopposed to the relief sought by the Motion. The State declined to take a position on the Motion.

In support of this Motion, Plaintiff states as follows:

1. Plaintiff filed this action to challenge Tennessee's new HB 1719, which amended Tenn. Code Ann. § 40-11-118(b), prohibiting judges from considering an arrestee's "ability to pay" when setting bail, on the grounds that it violates the Due Process Clause of the Fourteenth Amendment because it establishes fundamentally unfair bail proceedings and imposes unlawful wealth-based detention. Complaint at ¶¶ 40-49. On November 29, 2024, the Court denied Defendants' motions to dismiss and Plaintiff's motion for a preliminary injunction. (Dkt. 64). On January 16, 2025, the Court entered a Scheduling Order, which set March 17, 2025 as the deadline for "Motions to Join Parties," "Motions to Amend Pleadings," and "Motions to Certify Class." (Dkt. 72).

2. Plaintiff's proposed First Amended Complaint would add (1) class action claims by two new plaintiffs, Deangelo Towns and Marshawn Barnes, on behalf of themselves and all those similarly situated, and (2) a new claim that Tenn. Code Ann. § 40-11-118(b), as amended by HB 1719, is void for vagueness in violation of the Due Process Clause. The new plaintiffs are in the custody of the Shelby County Sheriff and are detained under bail orders issued by Shelby

County judges pursuant to Tenn. Code Ann. § 40-11-118(b), as amended by HB 1719, without consideration of their ability to pay.[1]

3.  Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading with the court's leave and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Sam Carey Lumber Co. v. Hogan Architectural Wood Prods., LLC.*, 2019 U.S. Dist. LEXIS 219086 at *2 (W.D. Tenn. Dec. 20, 2019) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

4.  Allowing Plaintiff to file the Amended Complaint would serve justice and promote judicial efficiency. The proposed new plaintiffs have the right to file an independent action. The Federal Rules favor joinder of parties asserting the same claims and by joining this case through the Amended Complaint, plaintiffs will avoid the additional burdens of later seeking to consolidate the cases. *See Russell v. Schilling Apt. Invs. II LLC*, 2019 U.S. Dist. LEXIS 250852 at *5 (W.D. Tenn. Jan. 10, 2019) (finding that "given the law's preference for joinder of parties, [the] Amended Complaint would not only not be futile, it would assist the Court in preserving scarce resources") (citations omitted).

5.  There has been no undue delay. Plaintiff is seeking leave to amend its Complaint well within the time allowed by this Court's January 16, 2025 Scheduling Order—i.e., before March 17, 2025 (Dkt. 72). *See id.* at *4 (granting leave to amend where plaintiff "timely filed the

---

[1] Subject to the Court's resolution of this Motion, the new proposed plaintiffs are also filing a motion for class certification.

2

Motion in relation to the Scheduling Order"). Further, this is Plaintiff's first request for leave to amend its Complaint and the request is made in good faith.

6. There will be no prejudice to the Defendants. The claims by the new plaintiffs and the additional due process claim will not result in any substantial additional discovery or expense. Nor will these additions interfere with the current schedule. *See Rucker v. Shelby Cnty. Bd. Of Educ.,* 2023 U.S. Dist. LEXIS 211492 at *8-9 (W.D. Tenn. Nov. 28, 2023) (finding no prejudice where amendment did not "require[] the opponent to extend significant additional resources to conduct discovery and prepare for trial or significantly delay[] the resolution of the dispute.") (citing *Phelps v. McCellan*, 30 F.3d 658, 662-663 (6th Cir. 1994)).

7. Finally, adding the new void for vagueness claim is not futile. The Court has not yet ruled on this claim. Like the two existing Due Process claims, the new count states a valid claim upon which relief can be granted and would survive a motion to dismiss under Federal Rule 12(b)(6). *See Black v. Affirm, Inc.*, 2024 U.S. Dist. LEXIS 239807 (W.D. Tenn. Oct. 29, 2024) (explaining that a plaintiff can survive a motion to dismiss by "showing any set of facts consistent with the allegations in the complaint" where the court construes "the complaint in the light most favorable to plaintiff and accept[s] all well-pled factual allegations as true.") (citations omitted).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff leave to file the attached First Amended Class Action Complaint.

Dated: March 5, 2025
Respectfully submitted,


*/s/ Trisha Trigilio*
Trisha Trigilio* (Tex. Bar No. 27075179)  Stella Yarbrough (Tenn. Bar No. 033637)
Ashika Verriest* (DC Bar No. 90001468)   American Civil Liberties Union
Brandon Buskey                            Foundation of Tennessee
American Civil Liberties Union Foundation P.O. Box 120160
Criminal Law Reform Project               Nashville, TN 37212
125 Broad Street, 17th Floor              (615) 320-7142
New York, NY 10004                        syarbrough@aclu-tn.org
(347) 302-2797
trishat@aclu.org
averriest@aclu.org
bbuskey@aclu.org

Craig S. Waldman* (NY Bar No. 4337986)
David Elbaum* (NY Bar No. 2779049)
Jared Quigley* (NY Bar No. 5937412)
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
cwaldman@stblaw.com
david.elbaum@stblaw.com
jared.quigley@stblaw.com

*Admitted *pro hac vice*.