# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **Just City, Inc.**, and class representatives **Deangelo Towns** and **Marshawn Barnes,** on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>Floyd Bonner Jr.,<br>    **Shelby County Sheriff**;<br><br>Lee Wilson,<br>    **Presiding Shelby County General Sessions Criminal Court Judge**; and<br><br>John Marshall, Robert Barber, Rhonda Harris, Kevin Reed, Christopher Ingram, Shayla Purifoy, Ross Sampson, Serena Gray, Terita Hewlett, Mischelle Best, Kenya Smith, Zayid Saleem, Kathy Kirk Johnson, Leslie Mozingo,<br>    **Shelby County Judicial Commissioners**,<br><br>in their official capacities,<br><br>          Defendants. | Case No. 2:24-cv-2540-TLP-tmp |

## MEMORANDUM IN SUPPORT OF
## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

**Table of Contents**

Page

INTRODUCTION AND SUMMARY OF ARGUMENT ......................................................... 1

CLASS DEFINITION ........................................................................................................... 2

ARGUMENT ......................................................................................................................... 3

I.      Plaintiffs Satisfy the Rule 23(a) requirements. .................................................................. 3

        A.      Joinder of All Arrestees Detained at First Court Appearance is Impracticable ................. 3

        B.      Plaintiffs Satisfy Rule 23(a)(2) Because There Are Numerous Questions of Law
             and Fact Common to Each Member of the Class ................................................................ 5

        C.      Plaintiffs Satisfy Rule 23(a)(3) Because Their Claims Are Typical of the Class
             They Seek to Represent. ..................................................................................................... 8

        D.      The Named Plaintiffs Will Fairly and Adequately Protect the Interests of the
             Class. ................................................................................................................................ 10

              1.      Plaintiffs Have Common Interests with Unnamed Members of the
                     Class. ................................................................................................................. 10

              2.      Plaintiffs Will Vigorously Prosecute the Interest of the Class Through
                     Qualified Counsel. ............................................................................................. 10

II.     Plaintiffs Satisfy Rule 23(b)(2). ...................................................................................... 11

III.    The Court Should Appoint Plaintiffs' Counsel as Class Counsel under Rule 23(g) ...................... 13

CONCLUSION .................................................................................................................... 14

## Table of Authorities

**Page**

## Cases

*Amchem Prods., Inc. v. Windsor*,
   521 U.S. 591 ................................................................................................... 10

*Beattie v. CenturyTel Inc.*,
   511 F.3d 554 (6th Cir. 2007) ........................................................................... 10

*Booth v. Galveston Cnty.*,
   No. 3:18-cv-00104, 2019 WL 1129492 (S.D. Tex. Mar. 12, 2019) .................... 5, 13

*Casa Orlando Apartments, Ltd. v. Fed. Nat'l Mortg. Ass'n*,
   624 F.3d 185 (5th Cir. 2010) ........................................................................... 13

*Cole v. Memphis*,
   839 F.3d 530 (6th Cir. 2016) ............................................................................. 5

*Daves v. Dallas Cnty., Texas*,
   No. 3:18-cv-0154-N, 2018 WL 4537202 (N.D. Tex. Sept. 20, 2018) ................. 9, 13

*Deardruff v. Washington*,
   330 F.R.D. 452 (E.D. Mich. 2019) ................................................................... 12

*Dodson v. CoreCivic*,
   No. 3:17-cv-00048, 2018 WL 4776081 (M.D. Tenn. Oct. 3, 2018) ...................... 5

*Golden v. City of Columbus*
   404 F.3d 950 (6th Cir. 2005) ............................................................................. 3

*Gooch v. Life Investors Ins. Co. of America*,
   672 F.3d 402 (6th Cir. 2012) ........................................................................... 12

*Graham v. Parker*,
   No. 3-16-cv-01954, 2017 WL 1737871 (M.D. Tenn. May 4, 2017) .............. 8, 9, 12

*Hiatt v. Cnty. of Adams, Ohio*,
   155 F.R.D. 605 (S.D. Ohio 1994) ...................................................................... 5

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*,
   722 F.3d 838 (6th Cir. 2013) ..................................................................... 3, 6, 9

*Johnson v. United States*,
   576 U.S. 591 (2015) ......................................................................................... 2

*Malam v. Adducci*,
   475 F.Supp.3d 721 (E.D. Mich. 2020) ............................................................... 6

ii

*McNeil v. Cmty. Prob. Servs., LLC*,
   No. 1:18-cv-00033, 2019 WL 633012 (M.D. Tenn. Feb. 14, 2019) ........................................ 1

*ODonnell v. Harris County, Texas*,
   No. H-16-1414, 2017 WL 1542457 (S.D. Tex. Apr. 28, 2017) ........................................ 13

*Powers v. Hamilton Cnty. Pub. Def. Comm'n*,
   501 F.3d 592 (6th Cir. 2007) ........................................ 7

*Robinson v. Purkey*,
   326 F.R.D. 105 (M.D. Tenn. 2018) ........................................ 6, 7, 8, 12

*Ross v. Abercrombie & Fitch Co.*,
   257 F.R.D. 435 (S.D. Ohio 2009) ........................................ 8, 9

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
   559 U.S. 393 (2010) ........................................ 3

*Torres v. Collins, et al.*,
   2:20-cv-00026-DCLC (E.D. Tenn. May 5, 2021), Order Granting Mot. For Class Cert., ECF
   No. 116 ........................................ 4, 6, 9, 13

*Walker v. City of Calhoun, Georgia*,
   No. 415-cv-170-HLM, 2016 WL 361580 (N.D. Ga. Jan. 28, 2016) ........................................ 13

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 ........................................ 5, 7, 8, 12

*Weathers v. Peters Realty Corp.*,
   499 F.2d 1197 (6th Cir. 1974) ........................................ 4

*Young v. Nationwide Mut. Ins. Co.*,
   693 F.3d 532 (6th Cir. 2012) ........................................ 5, 10

*Youngblood v. Linebarger Googan Blair & Sampson, LLP*,
   No. 10-2304, 2012 WL 4597990 (W.D. Tenn. Sept. 30, 2012) ........................................ 4

*Zehentbauer Family Land LP v. Chesapeake Exploration, L.L.C.*,
   No. 4:15-cv-2449, 2018 WL 3496089 (N.D. Ohio July 20, 2018) ........................................ 3

**Other Authorities**

Rubenstein, et al., 1 Newberg and Rubenstein on Class Actions (6th ed. 2022) ........................................ 3, 4, 5, 11

Rubenstein, et al., 2 Newberg and Rubenstein on Class Actions (6th ed. 2022) ........................................ 11

Tenn. Code Ann. § 40-11-118(b)(2) ........................................ 1

Tennessee Jail Summary Report, Tennessee Dept. of Corr. Decision Support: Research &
   Planning, 3 (Dec. 2024), available at
   https://www.tn.gov/content/dam/tn/correction/documents/JailDecember2024.pdf. ........................................ 4

**Rules**

Fed. R. Civ. P. 23(a)(4)................................................................................................9

Fed. R. Civ. P. 23(b)..............................................................................................3, 11

Fed. R. Civ. P. 23(b)(2)............................................................................................11

Fed. R. Civ. P. 23(g)................................................................................................13

Fed. R. Civ. P. 23(g)(1)(A)......................................................................................13

Fed. R. Civ. P. 23(g)(1)(B)......................................................................................13

Plaintiffs Deangelo Towns and Marshawn Barnes ("Plaintiffs"), through undersigned counsel, submit this memorandum on behalf of themselves and the class they seek to represent in support of their Motion for Class Certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Court should grant Plaintiffs' Motion for Class Certification because Plaintiffs satisfy the requirements of Rule 23.

## INTRODUCTION AND SUMMARY OF ARGUMENT

Tennessee's new bail law, HB 1719, requires judges[1] setting cash bail[2] to consider a defendant's "financial condition; provided, that, the defendant's ability to pay shall not be considered." Tenn. Code Ann. § 40-11-118(b)(2). Defendant Shelby County officials enforce this law: Shelby County judges set bail without considering an arrestee's ability to pay, and the Shelby County Sheriff enforces these bail orders by detaining arrestees who cannot afford to pay bail. As a result, thousands of people who cannot afford to pay bail have been detained without consideration of ability to pay since HB 1719 went into effect. Bail-setting procedures that do not consider ability to pay deny due process and impose discriminatory wealth-based detention. *McNeil v. Cmty. Prob. Servs., LLC*, No. 1:18-cv-00033, 2019 WL 633012, at *9-13 (M.D. Tenn. Feb. 14, 2019) (reviewing caselaw), *aff'd*, 945 F.3d 991 (6th Cir. 2019).

This law also invites arbitrary and discriminatory enforcement by judges. It fails to define either "financial condition" or "ability to pay" and provides no guidance on how judges can consider one but not the other. The government violates due process under the void for vagueness

---

[1] This motion uses the term "judge" to refer to any judicial officer who sets bail, including the Shelby County Judicial Commissioners.

[2] This motion uses the term "bail" to refer to secured bail, which requires a payment in exchange for release. This is in contrast to unsecured bail or unsecured bond, which does not require a payment before release, but obligates the arrestee to pay the bail amount if they fail to appear as required.

doctrine when it takes away "someone's life, liberty, or property under a criminal law . . . so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 576 U.S. 591, 595 (2015).

Plaintiffs allege that Shelby County's bail-setting procedures deprive the putative class of their constitutional right to due process and subject them to impermissible wealth-based detention, and that the statute violates due process because its internal inconsistency renders it void for vagueness. The putative class seeks injunctive relief against the Sheriff prohibiting enforcement of unconstitutional bail orders and declaratory relief against all parties holding that HB 1719 violates due process.

The class satisfies the requirements of Rule 23. Joinder is impracticable because there are thousands of pretrial detainees in the custody of the Sheriff on any given day, Plaintiffs' claims are common to and typical of the class they seek to represent, and Plaintiffs and their counsel will adequately represent the interests of the class. Defendants are enforcing HB 1719 in a manner that applies generally to the class as a whole, rendering final injunctive and declaratory relief appropriate under Federal Rule of Civil Procedure 23(b)(2). Courts around the country, including district courts in Tennessee, have certified classes in similar cases. The Court should grant this motion.

## CLASS DEFINITION

Plaintiffs seek to represent a class of arrestees pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, with undersigned counsel serving as class counsel.

Plaintiffs seek to certify a class defined as:

All people in the custody of the Shelby County Sheriff who are detained under bail orders issued by Shelby County judges pursuant to Tenn. Code Ann. § 40-11-118(b), as amended by HB 1719, without consideration of their ability to pay.

# ARGUMENT

For a class to be certified and litigation to proceed as a class action, the party seeking certification must satisfy all four requirements of Rule 23(a) and at least one of the three requirements in Rule 23(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 23(b); *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010). Courts may consider "only those matters relevant to deciding if the prerequisites of Rule 23 are satisfied" and "may not turn the class certification proceedings into a dress rehearsal for the trial on the merits." *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 851-52 (6th Cir. 2013) (cleaned up).

Plaintiffs satisfy the Rule 23 requirements, and their motion to certify the class as defined should be granted.

## I.     Plaintiffs Satisfy the Rule 23(a) requirements.

### A.     Joinder of All Arrestees Detained at First Court Appearance is Impracticable

Joinder of all proposed class members is impracticable. While there is "no strict numerical test for determining impracticability of joinder," *Golden v. City of Columbus*, 404 F.3d 950, 965 (6th Cir. 2005), joinder is presumptively impracticable for a class of approximately 40 people. *Zehentbauer Family Land LP v. Chesapeake Exploration, L.L.C.*, No. 4:15-cv-2449, 2018 WL 3496089, at *3 (N.D. Ohio July 20, 2018), *aff'd*, 935 F.3d 496 (6th Cir. 2019). The key question is whether joinder is impracticable after "examination of the specific facts of each case," *Golden*, 404 F.3d at 965, including factors like class members' resources, class members' ability to file their own actions, and judicial economy in avoiding individual actions. Rubenstein, et al., 1 Newberg and Rubenstein on Class Actions § 3:12 (6th ed. 2022) (discussing factors relevant to numerosity). In the context of a case seeking injunctive relief from discrimination, as Plaintiffs do here, the Sixth Circuit held that "[i]n civil rights cases . . . the numerosity requirement is usually

satisfied by the showing of a colorable claim by the named plaintiff who is a member of a larger class having potentially similar claims." *Weathers v. Peters Realty Corp.*, 499 F.2d 1197, 1200 (6th Cir. 1974). "When the exact size of the class is unknown, but 'general knowledge and common sense indicate that it is large, the numerosity requirement is satisfied.'" *Youngblood v. Linebarger Googan Blair & Sampson, LLP*, No. 10-2304, 2012 WL 4597990, at *5 (W.D. Tenn. Sept. 30, 2012) (citing *Olden v. LaForge Corp.*, 203 F.R.D. 254, 269 (E.D. Mich. 2001)).

The proposed class easily meets the numerosity requirement. The most recent Tennessee Department of Corrections report on the Shelby County jail population counts 2,524 pretrial detainees[3]—well over the size of classes the Sixth Circuit has found sufficiently numerous. *See, e.g.*, Ex. 10, *Torres v. Collins, et al.*, 2:20-cv-00026-DCLC, 2295-2297 (E.D. Tenn. May 5, 2021), Order Granting Mot. For Class Cert., ECF No. 116 [hereinafter "*Torres* Order"] (finding numerosity satisfied based on evidence of approximately 100-200 pretrial detainees). There, the *Torres* court certified a class of arrestees in custody of the sheriff who did not receive an individualized bail hearing. *Id.* at 2293. The court found that it "does not have to find that all [pretrial detainees] would fall into the proposed class" to conclude that the number of class members is large enough to render joinder impracticable. *Id.* at 2297.

The putative class members are unable to pay their bail and are unlikely to have the financial resources and time to file their own challenges to pretrial detention procedures. Moreover, thousands of arrestees are booked into the jail—and thus subject to bail determinations under HB 1719—each year. The class is constantly in flux: each day arrestees enter the class when they are booked into the jail or leave the class because their cases resolve. These types of classes

---

[3] Ex. 9, Tennessee Jail Summary Report, Tennessee Dept. of Corr. Decision Support: Research & Planning, 3 (Dec. 2024), available at
https://www.tn.gov/content/dam/tn/correction/documents/JailDecember2024.pdf.

are well suited for certification under Rule 23. *Dodson v. CoreCivic*, No. 3:17-cv-00048, 2018 WL 4776081, at *2 n.1 (M.D. Tenn. Oct. 3, 2018) (observing that the "fluid" nature of a proposed class of Tennessee prison inmates weighed towards certification); *Hiatt v. Cnty. of Adams, Ohio*, 155 F.R.D. 605, 608 (S.D. Ohio 1994) ("The transient and fluctuating nature of the jail population makes joinder impracticable."); Rubenstein, et al., 1 Newberg and Rubenstein on Class Actions, § 3:15 (6th ed. 2022) (observing that the inclusion of future class members "may make class certification more, not less, likely").[4]  In a similar class action challenging initial bail hearings on due process and equal protection grounds, a Texas district court concluded that the test for impracticability of joinder was met where there were "hundreds, possibly thousands of potential class members" cycling through the jail. *Booth v. Galveston Cnty.*, No. 3:18-cv-00104, 2019 WL 1129492, at *3 (S.D. Tex. Mar. 12, 2019), *vacated on other grounds*; No. 19-40395, 2022 WL 2702059, at *1 (5th Cir. July 12, 2022).

The proposed class in the instant case is well over forty people and constantly in flux, rendering joinder impracticable and meriting class certification.

**B.     Plaintiffs Satisfy Rule 23(a)(2) Because There Are Numerous Questions of Law and Fact Common to Each Member of the Class.**

Plaintiffs assert claims on behalf of the class that include common questions of law and fact that satisfy Rule 23(a)(2). Commonality requires that the class members' claims "depend on a common contention" such that "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350. "[T]here need be only one common question to certify a class." *In re Whirlpool*

---

[4] The implicit requirement of "ascertainability"—that the defined class is sufficiently definite so that it is administratively feasible for the court to determine whether an individual is a member of the proposed class—does not apply to a Rule 23(b)(2) class. *Compare Cole v. Memphis*, 839 F.3d 530, 542 (6th Cir. 2016) *with Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 537-38 (6th Cir. 2012).

*Corp.*, 722 F.3d at 853. Courts generally find "common questions of law to be at a high level of generality . . . and questions of fact similarly broad . . ." Rubenstein, et al., 1 Newberg and Rubenstein on Class Actions, § 3:19 (6th ed. 2022) (citations omitted).

The commonality inquiry "focuses on whether a class action will generate common answers that are likely to drive resolution of the lawsuit." *In re Whirlpool Corp.*, 722 F.3d at 852 (citing *Dukes*, 564 U.S. at 350). Class certification is appropriate where "common proof will advance the litigation by resolving the issue" for all class members, *id.* at 855, and the nature of the claim need not be identical to satisfy this requirement. *Id.* at 854 (rejecting defendant's argument that differences in class members' washing machine models defeated commonality where the alleged defect was the same). A common injury resulting from a system-wide practice will suffice even if the extent of harm to individual class members varies. *Id.* at 857; *Malam v. Adducci*, 475 F.Supp.3d 721, 735-36 (E.D. Mich. 2020) (rejecting defendant's argument that class members' underlying risk factors or variations in detention conditions defeat commonality for their challenge to conditions of confinement).

Multiple courts in the Sixth Circuit have found the commonality requirement satisfied in cases challenging systemwide practices that deprive plaintiffs of due process. The *Torres* court found commonality where plaintiffs challenged bail-setting policies on due process and equal protection grounds. *Torres* Order at 2298-2299 (collecting cases certifying similar classes). The court explained that where "all the members of the proposed class are subject to Defendants' policy of setting bond without any individualized hearing," it followed that "a common answer, i.e. an individualized hearing, would be the same for all proposed class members." *Id.* at 2297 (citing *Dukes*, 564 U.S. at 350). In *Robinson v. Purkey*, 326 F.R.D. 105, 167 (M.D. Tenn. 2018), the court recognized a common injury where plaintiffs challenged the suspension of driver's licenses for

nonpayment of traffic debt without the opportunity to demonstrate inability to pay. The court held that variations in plaintiffs' individual cases, including their particular economic circumstances, are "immaterial to the categorical right that the plaintiffs have asserted." *Id.* The Sixth Circuit similarly found commonality based on the single legal claim that the public defender's practice of failing to seek indigency hearings violated class members' due process rights. *Powers v. Hamilton Cnty. Pub. Def. Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007).

Here, Plaintiffs satisfy commonality because they allege the same harm resulting from the same conduct in a case similar to *Torres*. As in *Robinson* and *Powers*, the harm here includes the deprivation of due process stemming from the government's failure to consider ability to pay. Plaintiffs also allege harm based on impermissible wealth-based detention and arbitrary enforcement of the law. Plaintiffs challenge a single course of wrongful conduct: Shelby County's enforcement of HB 1719. Plaintiffs' claims turn on whether enforcement of HB 1719 violates principles of due process and equal protection by prohibiting consideration of ability to pay and whether HB 1719 violates due process by inviting arbitrary enforcement. This case goes far beyond the "single common question [that] will do." *See Dukes*, 564 U.S. at 359. Many common questions of both law and fact are dispositive to resolving class members' claims. Among the most common questions of fact with respect to the class are:

- Whether Defendant judges enforce HB 1719 by not considering arrestees' ability to pay when setting bail;

- Whether the Defendant Sheriff enforces the resulting bail orders by detaining arrestees who do not pay bail; and

- Whether HB 1719 invites arbitrary and discriminatory enforcement.

Among the most common questions of law with respect to the class are:

- Whether bail orders issued without consideration of arrestees' ability to pay deprives them of their liberty without due process;

- Whether detention under an unaffordable bail order, issued without consideration of the arrestee's ability to pay, is discriminatory wealth-based detention;

- Whether HB 1719 is void for vagueness under the due process clause; and

- Whether relief against the named defendants is warranted.

Plaintiffs challenge a uniform bail-setting procedure that violates due process and equal protection. Their individual circumstances—including ability to pay, criminal charges, and time spent in detention—are irrelevant to determining whether the procedures for evaluating those circumstances are constitutional. *See Robinson*, 326 F.R.D. at 167; *Graham v. Parker*, No. 3-16-cv-01954, 2017 WL 1737871, at *3-4 (M.D. Tenn. May 4, 2017). A common answer to that question would resolve the issue in "one stroke." *Dukes*, 564 U.S. at 350. Common questions of fact and law pervade this case, justifying certification.

### C.    Plaintiffs Satisfy Rule 23(a)(3) Because Their Claims Are Typical of the Class They Seek to Represent.

Plaintiffs' claims are typical of those of the proposed class, thus satisfying the typicality requirement in Rule 23(a)(3). Rule 23(a)(3) requires that there be a "nexus between the class representative's claims or defenses and the common questions of law or fact which unite the class." *Graham*, 2017 WL 1737871, at *4 (citing *Wilson v. Gordon*, No. 3-14-1492, 2014 WL 4347585, at *3 (M.D. Tenn. Sept. 2, 2014)).

"The typicality requirement focuses on the type of injury suffered by the class members and the interests of the various class members." *Ross v. Abercrombie & Fitch Co.*, 257 F.R.D. 435, 444 (S.D. Ohio 2009) (citing *Bovee v. Coopers & Lybrand*, 216 F.R.D. 596, 609 (S.D. Ohio 2003)). It is "closely related" to the commonality requirement as "both help determine whether the claim

8

of the named plaintiff and those of the class are so interrelated that the interests of the absent class members will be protected." *Id.* In other terms, it "insures that the representatives' interests are aligned with the interests of the represented class members so that, by pursuing their own interests, the class representatives also advocate the interests of the class members." *In re Whirlpool Corp.*, 722 F.3d at 852–53. The typicality requirement is satisfied where plaintiffs bring the same constitutional challenges to bail-setting procedures as any member of the class would bring. *Torres* Order at 2300 (citing *Daves v. Dallas Cnty., Texas*, No. 3:18-cv-0154-N, 2018 WL 4537202, at *2 (N.D. Tex. Sept. 20, 2018), and *Booth*, 2019 WL 1129492, at *5).

Here, Plaintiffs' claims are typical of the claims of the proposed class members. Plaintiffs bring the same constitutional challenges to enforcement of HB 1719 in Shelby County as any member of the putative class. They have also suffered the same injury—detention under bail orders that were entered without consideration of their ability to pay—as the putative class. *See* Ex. 3 (Declaration of Josh Spickler, March 5, 2025), ¶ 11; Ex. 4 (Declaration of Deangelo Towns, March 4, 2025), ¶¶ 2-11; Ex. 5 (Bail Screening Form of Deangelo Towns, October 9, 2024); Ex. 6 (Bond Setting Information for Deangelo Towns); Ex. 7 (Declaration of Marshawn Barnes, March 5, 2025), ¶¶ 2-11; Ex. 8 (Bond Setting Information for Marshawn Barnes).[5] Finally, Plaintiff seeks a remedy that would benefit all class members: prohibiting enforcement of the unconstitutional bail orders resulting from the statute and declaring HB 1719 unconstitutional. Courts have found that the typicality requirement is satisfied when the named plaintiffs, as here, are "seeking declaratory, injunctive, class-wide relief only that may benefit the entire class." *See, e.g.*, *Graham*, 2017 WL 1737871, at *5.

---

[5] At the time of filing, Plaintiff Barnes' bail screening form was unavailable on Shelby County's Criminal Justice System Portal.

Plaintiffs challenge the same law under the same legal claims as the proposed class members. In so doing, they allege an injury that is common to all class members and seek relief that would benefit the entire class. Accordingly, the typicality requirement is met.

**D.    The Named Plaintiffs Will Fairly and Adequately Protect the Interests of the Class.**

Plaintiffs must also demonstrate that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This inquiry "serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625. Courts in the Sixth Circuit consider two criteria when assessing adequacy of representation: "1) the representative must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *Young*, 693 F.3d at 543 (citing *In re Am. Med. Sys., Inc.,* 75 F.3d 1069, 1083 (6th Cir. 1996)). It also assesses whether "class counsel are qualified, experienced and generally able to conduct the litigation." *Id.* (citing *Stout v. J.D. Byrider*, 228 F.3d 709, 717 (6th Cir. 2000)).

**1.    Plaintiffs Have Common Interests with Unnamed Members of the Class.**

Plaintiffs have no known conflicts with the unnamed members of the class and have a unified interest in the relief sought. Plaintiffs and proposed class members are injured by the Defendants' enforcement of the same unconstitutional statute, and the requested injunctive relief would provide the same benefit across the entire class. The interests of Plaintiffs and unnamed class members are identical, and Plaintiffs are not aware of any conflict that exists between them.

**2.    Plaintiffs Will Vigorously Prosecute the Interest of the Class Through Qualified Counsel.**

The Sixth Circuit has held that this "usually will be the case if the representatives are part of the class and possess the same interest and suffer the same injury as the class members." *Beattie*

10

*v. CenturyTel Inc.*, 511 F.3d 554, 563 (6th Cir. 2007) (citing *Int'l Union, United Auto., Aerospace,
& Agric. Implement Workers of Am. v. Gen. Motors Corp*., 497 F.3d 615, 626 (6th Cir. 2007)).   It
is undoubtedly the case here, where the class representatives not only share the same interests and
injuries as the class, but have also agreed to act in a representative capacity after meeting with
members of the Plaintiffs' litigation team and discussing the responsibility of prosecuting a class
action.

Plaintiffs' counsel, from the American Civil Liberties Union Foundation and Simpson
Thacher & Bartlett LLP, are highly qualified. *See* Ex. 1 (Trigilio Declaration) and Ex. 2 (Waldman
Declaration). The attorneys have extensive experience litigating civil rights actions in federal
court, including those challenging unconstitutional bail-setting practices. Ex. 1 ¶¶ 2-3; Ex. 2 ¶ 5.
Counsel for Plaintiffs have also committed substantial resources to the matter. Ex. 1 ¶ 4; Ex. 2 ¶ 6.
Counsel for Plaintiffs know of no conflicts among class members or between attorneys and class
members. For all these reasons, Plaintiffs and their counsel meet the requirements of 23(a)(4) and,
in certifying the class, the Court should also appoint Plaintiffs' counsel as class counsel pursuant
to Rule 23(g).

## II.    Plaintiffs Satisfy Rule 23(b)(2).

The proposed class in this case is ideal for certification under Rule 23(b)(2) because
Defendants have "refused to act on grounds that apply generally to the class, so that final
injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."
Fed. R. Civ. P. 23(b)(2). "This is a simple inquiry in most cases." Rubenstein, et al., 2 Newberg
and Rubenstein on Class Actions, § 4:28 (6th ed. 2022). The requirement of a generally applicable
set of actions "ensures that the class's interests are related in a manner that makes aggregate
litigation appropriate . . . and therefore efficient." *Id.* Thus, "Rule 23(b)(2) applies only when a

single injunction or declaratory judgment would provide relief to each member of the class." *Dukes*, 564 U.S. at 360.

Civil rights class actions seeking injunctive and declaratory relief are "prime examples" of the types of actions that Rule 23(b)(2) is meant to capture. *Id.* at 361. *See also* Rubenstein, et al., 1 Newberg and Rubenstein on Class Actions, § 1:3 (6th ed., 2022) ("This category is typically employed in civil rights and other cases where monetary relief is not the primary remedy. The (b)(2) class action is often referred to as a 'civil rights' or 'injunctive' class suit."); Rubenstein, et al., 2 Newberg and Rubenstein on Class Actions, § 4:40 (6th ed. 2022) ("While civil rights cases are often maintained against public and private defendants under civil rights *statutes*, many (b)(2) class actions challenge government actions on *constitutional* grounds as well.") (emphasis in original). Rule 23(b)(2) classes seek "an indivisible injunction benefitting all its members at once," individualized inquiries into "whether class issues predominate" are unnecessary, and "[p]redominance and superiority are self-evident." *Dukes*, 564 U.S. at 361–63 (emphasizing the  importance of classwide relief based on the structure of Rule 23(b)(2) and noting the Rule's historical basis in civil rights cases).

Courts in the Sixth Circuit have held that civil rights class actions are the paradigmatic Rule 23(b)(2) suits. *Graham*, 2017 WL 1737871, at *6 ("Rule 23(b)(2) has been liberally applied in the area of civil rights . . . The requirements of Rule 23(b)(2) are almost automatically satisfied in actions primarily seeking injunctive relief"); *Robinson*, 326 F.R.D. at 168 ("Rule 23(b)(2) is well suited to cases . . . where class representatives allege an injury inherent to the administration of a blanket government policy")*; Deardruff v. Washington*, 330 F.R.D. 452, 472 (E.D. Mich. 2019); *accord Gooch v. Life Investors Ins. Co. of America*, 672 F.3d 402, 428 (6th Cir. 2012).

The class is exactly the kind of class that Rule 23(b)(2) is meant to embrace. The class's

interests are sufficiently related to warrant aggregate litigation. Shelby County has acted on grounds that generally apply to the class. Shelby County's enforcement of the unconstitutional law applies to everyone who is detained in the Sheriff's custody because they cannot afford to pay bail. *See Casa Orlando Apartments, Ltd. v. Fed. Nat'l Mortg. Ass'n*, 624 F.3d 185, 198 (5th Cir. 2010) ("[Rule] 23(b)(2) requires common behavior by the defendant towards the class."). The relief—finding Defendants' practices unconstitutional and enjoining continued enforcement of such practices—is the same for all class members. Furthermore, it is far more efficient for this Court to grant declaratory relief and injunctive relief protecting all of the class members than to extend that relief piecemeal through individual suits. Accordingly, the Court should certify the class under Rule 23(b)(2).

Courts routinely certify Rule 23(b)(2) class actions in cases raising constitutional challenges to bail-setting practices. *See*, *e.g.*, *Torres* Order at 2303; *ODonnell v. Harris County, Texas*, No. H-16-1414, 2017 WL 1542457, at *1 (S.D. Tex. Apr. 28, 2017); *Walker v. City of Calhoun, Georgia*, No. 415-cv-170-HLM, 2016 WL 361580, at *10 (N.D. Ga. Jan. 28, 2016); *Daves v. Dallas Cnty., Texas*, No. 3:18-cv-0154-N, 2018 WL 4537202, at *1 (N.D. Tex. Sept. 20, 2018); *Booth*, 2019 WL 1129492, at *7. Here, Defendants' enforcement of HB 1719 deprives all class members of due process and subjects them to impermissible wealth-based detention. HB 1719 additionally deprives all class members of due process because its standardless language invites arbitrary enforcement. Accordingly, Rule 23(b)(2) is satisfied.

III.    **The Court Should Appoint Plaintiffs' Counsel as Class Counsel under Rule 23(g)**

Under Fed. R. Civ. P. 23(g), "a court that certifies a class must appoint class counsel." To do so, the Court must consider: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the

13

applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). The court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class.'" Fed. R. Civ. P. 23(g)(1)(B).

Plaintiffs' counsel satisfy all four criteria above.  Plaintiffs are jointly represented by the American Civil Liberties Union Foundation, American Civil Liberties Union – Tennessee, and Simpson Thacher & Bartlett LLP.  As previously noted, the attorneys have extensive experience litigating civil rights actions in federal court, including those challenging unconstitutional bail-setting practices. *See* Ex. 1 ¶¶ 2,3 and Ex. 2 ¶¶ 4,5. They have also committed substantial resources to the matter. *Id.*

Accordingly, the Court should appoint Plaintiffs' counsel as class counsel in this case.

<u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiffs respectfully request that the Court certify the class as defined in this Motion.

14

Dated: March 5, 2025

Respectfully submitted,

*/s/ Trisha Trigilio*
Trisha Trigilio (Tex. Bar No. 27075179)*
Ashika Verriest (DC Bar No. 90001468)*
Brandon Buskey
American Civil Liberties Union Foundation
Criminal Law Reform Project
125 Broad Street, 17th Floor
New York, NY 10004
(347) 302-2797
trishat@aclu.org
averriest@aclu.org
bbuskey@aclu.org

Craig S. Waldman (NY Bar No. 4337986)*
David Elbaum (NY Bar No. 2779049)*
Jared Quigley (NY Bar No. 5937412)*
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
cwaldman@stblaw.com
david.elbaum@stblaw.com
jared.quigley@stblaw.com

Stella Yarbrough (Tenn. Bar No. 033637)
American Civil Liberties Union
Foundation of Tennessee
P.O. Box 120160
Nashville, TN 37212
(615) 320-7142
syarbrough@aclu-tn.org

*Admitted *pro hac vice*.

## <u>CERTIFICATE OF SERVICE</u>

I, Trisha Trigilio, certify that on March 5, 2025, I caused a true and correct copy of the

foregoing document to be filed electronically via the ECF system.


Respectfully submitted,

/s/ Trisha Trigilio_____