IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

**Just City, Inc.,**

        Plaintiff,

v.

Floyd Bonner Jr.,
    **Shelby County Sheriff;**

Lee Wilson,
    **Presiding Shelby County General Sessions Criminal Court Judge;** and

John Marshall, Robert Barber, Rhonda Harris, Kevin Reed, Christopher Ingram, Shayla Purifoy, Ross Sampson, Serena Gray, Terita Hewlett, Mischelle Best, Kenya Smith, Zayid Saleem, Kathy Kirk Johnson, Leslie Mozingo,
    **Shelby County Judicial Commissioners,**

in their official capacities,

        Defendants.

Case No. 24-cv-2540

## RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO CERTIFY CLASS

    COMES NOW the Defendants Floyd Bonner Jr., Lee Wilson., John Marshall, Robert Barber, Rhonda Harris, Kevin Reed, Christopher Ingram, Shayla Purifoy, Ross Sampson, Serena Gray, Terita Hewlett, Mischelle Best, Kenya Smity, Zayid

1

Saleem, Kathy Kirk Johnson, Leslie Mozingo (collectively, "the Defendants") and make this Response to the *Plaintiffs' Motion for Class Certification* (ECF No. 76) ("the Motion") filed on March 5, 2025. The Defendants move the Court to deny Plaintiff's Motion and, in support of the same, say unto the Court as follows:

Plaintiffs have failed to meet the standard for class certification as set out in Rule 23 of the Federal Rules of Civil Procedure. "[D]istrict courts must conduct a rigorous analysis into whether the movant has demonstrated that the action satisfies all of the prerequisites" of a class action lawsuit contained in F.R.C.P. 23. *Reeb v. Ohio Dept. of Rehabilitation and Correction*, 81 Fed.Appx. 550, 555 (6th Cir. 2003) (internal quotation marks and citations omitted). "[A] district court cannot certify a class action based on its designation as such in the pleadings." *Id*. "Rather, the district court may only certify a class where "an adequate statement of the basic facts" demonstrates that each of Rule 23's requirements are met." *Id*.

Rule 23 contains two (2) sets of requirements that prospective class action litigants must meet to have their class certified. First, the prospective class representatives must meet ***all*** the requirements of F.R.C.P. 23(a) by showing:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Then the prospective class representatives must show that they meet at least *one* (1) of the requirements of F.R.C.P. 23(b). Here, Plaintiffs only seek to have the class certified under F.R.C.P. 23(b)(2). (*See* Plaintiff's Memorandum in Support of the Motion, ECF No. 76-1, PageID 777-79). Plaintiffs have failed to meet requirements of Rule 23(a) or Rule 23(b)(2). The Court, therefore, should deny the Motion and refuse to allow the prospective class action lawsuit to proceed.

1. **Plaintiffs have failed to meet the commonality, typicality and adequate representation requirement of Rule 23(a)(2)-(4), of the Federal Rules of Civil Procedure.[1]**

"To demonstrate commonality, plaintiffs must show that class members have suffered the same injury." *In re Whirlpool Corp. Front-Loading Washer Products Liability Litigation*, 722 F.3d 838, 852 (6th Cir. 2013). Plaintiffs demonstrate commonality when "there is at least one issue whose resolution will affect all or a significant number of the putative class members." *Jefferson v. General Motors, LLC*, 344 F.R.D. 175, 186 (W.D.Tenn. May 11, 2023). Further, the commonality inquiry focuses on whether "common proof will advance the litigation by resolving the issue" that unites the class members. *In re Whirlpool,* 722 F.3d at 855.

Plaintiffs meet the typicality if "the class members' claims are fairly encompassed by the named plaintiffs' claims." *Id.* at 852. "These two concepts of

---

[1] The Defendants acknowledge that the prospective class as defined in the Motion meets the numerosity requirement of F.R.C.P. 23(a)(1). This concession does not affect Defendants' overarching position that class certification is inappropriate in this case.

3

commonality and typicality "tend to merge in practice because both of them serve as guideposts for determining …whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Id*. at 853 (internal quotation marks removed). Further, "commonality and typicality tend to merge with the requirement of adequate representation." *Id*. "Due to the intertwined nature of commonality, typicality, and adequate representation, [courts] consider them together." *Id*.

Here, Plaintiffs cannot show any commonality or typicality between the prospective class members. Plaintiffs admit that they only "challenge a single course of wrongful conduct: Shelby County's enforcement of HB 1719." (Memorandum, PageId 773). Thus, to meet commonality standard, Plaintiffs would need to show that a sufficient subsection of the Shelby County Jail pre-trial detainee population faces a similar harm (presumably continued detention in the Jail) based upon only the HB 1719 prohibition on considering a detainee's ability to pay, ***and nothing else.*** Plaintiffs' assertion necessarily fails because ***no one*** in the Shelby County Jail is detained solely because of a lack of judicial consideration of their ability to pay bail.

The Defendants set bail in Shelby County—and similar judicial officers set bail across the State of Tennessee—by considering the nine (9) factors set out in T.C.A. § 40-11-118(b)(1)-(9). All these factors are presumably meant to be considered together, and Plaintiffs do not argue that the Defendants are not giving due consideration to all the factors. Rather, Plaintiffs only appear to argue that the mere existence of

T.C.A. § 40-11-118(b)(2) which allows judicial officers to consider a "defendant's employment status and history and financial condition; provided, that, the defendant's ability to pay shall not be considered" has generated constitutional harm to every individual who is unable to pay their bail. Plaintiff's fixation on this single subsection of the bail law does not negate the fact the law provides multiple factors that can lead to varying bail amounts depending on the individual.

Indeed, Plaintiff's own potential class representative, Deangelo Towns, shows how the bail determination can hinge of factors other than a detainee's ability to pay. Mr. Towns bail records show that he previously had been involved in criminal cases for five (5) felonies, twelve (12) misdemeanors, and had failed to appear for court hearings eleven (11) times. (Memorandum, Exhibit 5, PageID 802). Plaintiffs provide no indication of how considering Mr. Towns' ability to pay would have changed his bail amount given his record of criminal charges. Other detainees' bail amounts could be more or less than that assigned to Mr. Towns based on their own history of criminal charges. When one considers the other factors (such as ties to the community and family relationships) that judicial officers may analyze when setting bail, the potential for disparity between bail amounts only grows. Any or all of the potential class members could receive bail amounts that they cannot afford to pay for reasons that have nothing to do with a judicial officer's consideration of their ability to pay bail. Simply put, the variety of factors judicial officers can consider when setting bail means that the single factor of "financial condition" (rather than ability to pay) cannot be a unifying factor among members of the potential class.

### 2. Plaintiffs have failed to meet the commonality requirement of Rule 23(b)(2) of the Federal Rules of Civil Procedure.

Rule 23(b)(2) of the Federal Rules of Civil Procedure requires that a party seeking class certification must "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." The defining characteristic of a class certified under F.R.C.P. 23(b)(2) "the homogeneity of the interests of the members of the class." *Romberio v. UnumProvident Corp.*, 385 Fed.Appx. 423, 432 (6th Cir. 2009) (internal quotation marks and citations omitted). "[W]here individualized determinations are necessary, the homogeneity needed to protect the interests of absent class members is lacking" and courts should decline to certify a class under F.R.C.P. Rule 23(b)(2). *Id* at 432-33.

The lack of commonality and typicality demonstrated *supra* shows that Plaintiffs similarly cannot demonstrate the requisite class cohesion for certification under F.R.C.P. 23(b)(2). Just because someone such as Mr. Towns might have received a lower bail had a judicial officer considered his "ability to pay" rather than his "financial condition" does not mean that there would be similar results for other members of the class. For example, detainees who have a record of previously committing violent crimes to be such a risk to public safety that their bail would remain high—and, therefore, unaffordable—regardless of whether a judge is considers his "ability to pay" rather than "financial condition."

Every bail determination is essentially an individualized determination. Plaintiffs do not contest this as their only grievance is that HB 1719 has changed one (1) of the factors under consideration. Plaintiffs have not shown, however, that HB 1719 creates a nexus of unconstitutional conduct that unites the prospective class. Indeed, Plaintiffs do not even allege that detainees have been unable to bring their financial condition (i.e. wages from work, rent, child support obligations, etc.) before the court for consideration when setting bail. Plaintiff simply announces as *fait accompli* that the Defendants' failure to use their preferred method of setting bail—considering "ability to pay" rather than "financial condition"—creates an across-the-board epidemic of unconstitutional detention.

## CONCLUSION

For the foregoing reasons, the Defendant urge the Court to deny the instant Motion and to grant any such other relief, either general or specific, that the Court deems appropriate.

Respectfully submitted,

*Jasen M. Durrence*
JASEN M. DURRENCE (BPR #33275)
jasen.durrence@shelbycountytn.gov
JULIA MARIE HALE (BPR #37204)
julia.hale@shelbycountytn.gov
Shelby County Attorney's Office
160 North Main, Suite 950
Memphis, Tennessee 38103
(901) 222-2100
*Attorneys for Defendants*

#### CERTIFICATE OF SERVICE

I certify that the foregoing is being filed via the Court's ECF system this 17th day of March, 2025, for service on all persons registered in connection with this case.

*Jasen M. Durrence*