**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**

---

**Just City, Inc.,**

Plaintiff,

v.

Floyd Bonner Jr.,
**Shelby County Sheriff;**

Lee Wilson,
**Presiding Shelby County General Sessions Criminal Court Judge;** and

John Marshall, Robert Barber, Rhonda Harris, Kevin Reed, Christopher Ingram, Shayla Purifoy, Ross Sampson, Serena Gray, Terita Hewlett, Mischelle Best, Kenya Smith, Zayid Saleem, Kathy Kirk Johnson, Leslie Mozingo,
**Shelby County Judicial Commissioners,**

in their official capacities,

Defendants.

Case No. 24-cv-2540

---

**OBJECTIONS AND MOTION TO QUASH OR MODIFY SUBPOENA DIRECTED TOWARDS CUSTODIAN OF RECORDS, SHELBY COUNTY GENERAL SESSIONS COURT, CRIMINAL DIVISION**

---

COMES NOW the Defendants, Floyd Bonner Jr., Shelby County Sheriff, Lee Wilson, Presiding Shelby County General Sessions Criminal Court Judge, and John Marshall, Robert Barber, Rhonda Harris, Kevin Reed, Christopher Ingram, Shayla Purifoy, Ross Sampson, Serena Gray, Terita Hewlett, Mischelle Best, Kenya Smith, Zayid Saleem, Kathy Kirk Johnson, Leslie Mozingo, Shelby County Judicial Commissioner, by and through counsel, pursuant to Federal

Rules of Civil Procedure 45 and 26, and hereby file this motion and supporting memorandum to quash or modify, and for protective order, regarding a subpoena issued by Plaintiffs to a current employee of Shelby County Government.

MEMORANDUM OF LAW

"A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: … (i) fails to allow a reasonable time to comply; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Moreover, "[t]o protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires: … disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B).

Here, Plaintiff served Defendants on February 3, 2025 with Just City's First Set of Request for Production. Exhibit 1. Subsequently, Shelby County Government was served with a Subpoena to Produce Documents, Information, or Objects or Permit Inspection of Premises in a Civil Action (the "Subpoena") on March 10, 2025. Exhibit 2. The Subpoena commanded a Shelby County employee to produce documents by March 21, 2025 at 9 am, just eleven (11) days later. To put it plainly, eleven (11) days is objectively an unreasonable amount of time to comply with the Subpoena.

Rule 26 authorizes the court "for good cause shown" to issue a protective order to protect a person "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "Good cause exists if 'specific prejudice or harm will result' from the absence of a protective order." *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016) (citation

omitted). Rule 26 further provides that the court must limit the extent of discovery otherwise allowed by the Rules if it determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

Here, the Defendants in this matter are sued in their official capacity, which is essentially a suit against Shelby County Government. See *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). The Subpoena makes nearly the exact same requests for documents as the Requests for Production of Documents Plaintiff served on Defendants in this matter. Not only is the Subpoena duplicative, it is clearly an attempt to circumvent Fed. R. Civ. P. 34.

CONCLUSION

The Court should quash or modify the Subpoena and issue a protective order for the reasons outlined above.

Respectfully submitted,

*/s/ Julia Marie Hale*________

JASEN M. DURRENCE (BPR #33275)
jasen.durrence@shelbycountytn.gov
JULIA MARIE HALE (BPR #37204)
julia.hale@shelbycountytn.gov
Shelby County Attorney's Office
160 North Main, Suite 950
Memphis, Tennessee 38103
(901) 222-2100
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that the foregoing was served via email on the 20th day of March, 2025 upon the following:

Trisha Trigilio
Tex. Bar No. 24075179
Julian Clark
Ashika Verriest
American Civil Liberties Union Foundation
Criminal Law Reform Project
125 Broad Street, 17th Floor
New York, NY 10004
(347) 302-2797
trishat@aclu.org

Stella Yarbrough
American Civil Liberties Union
Foundation of Tennessee
P.O. Box 120160
Nashville, TN 37212
(615) 320-7142
syarbrough@aclu-tn.org

Craig S. Waldman
David Elbaum
Jared Quigley
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
NewYork, NY 10017
(212) 455-2000
cwaldman@stblaw.com
david.elbaum@stblaw.com
jared.quigley@stblaw.com
*Attorneys for Plaintiff*

Steven J. Griffin
Jacob Durst
Office of the Attorney General
P.O. Box 20207
Nashville, Tennessee 37202
steven.griffin@ag.tn.gov
jacob.durst@ag.tn.gov
*Counsel for Nonparty Intervenor, the State of Tennessee*

*/s/ Julia Marie Hale*