**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

Just City, Inc.,

                Plaintiff.

v.

Floyd Bonner Jr.,
    **Shelby County Sheriff;**

Lee Wilson,
    **Presiding Shelby County General**
    **Sessions Criminal Court Judge;** and

John Marshall, Robert Barber, Rhonda Harris, Kevin Reed, Christopher Ingram, Shayla Purifoy, Ross Sampson, Serena Gray, Terita Hewlett, Mischelle Best, Kenya Smith, Zayid Saleem, Kathy Kirk Johnson, Leslie Mozingo,

    **Shelby County Judicial**
    **Commissioners,**

in their official capacities,

                Defendants.

Case No. 24-cv-2540

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Just City, Inc., by and through its undersigned counsel, hereby request that Defendants respond to their First Set of Requests for Production (the "Requests," and individually, each a "Request") within 30 days.

## DEFINITIONS

1. "Arrestee" means a person in custody of the Shelby County Sheriff pending an initial bail screening and/or under a secured bail order issued by one of the Judges.

2. "Communications" means the transmittal, in any form (Including spoken and written words, conversations, conferences, discussions, talks, and reports), of information (Including facts, ideas, theories, inquiries, opinions, conclusions, and concepts), whether transmitted physically, Including in a letter, note, in person, or by electronic device, Including telephone, text message, e-mail, direct message, instant messenger, or facsimile, or otherwise.

3. "Complaint" means the Complaint, ECF No. 1, filed by Just City, Inc. in this action, *Just City, Inc. v. Sheriff Floyd Bonner, Jr., et al.*, No. 2:24-cv-02540-TLP-tmp (W.D. Tenn.) on July 31, 2024.

4. "Concerning" shall be given the broadest meaning possible, Including, without limitation, relating to, referring to, describing, evidencing, constituting, pertaining to, discussing, responding to, supporting, contradicting, embodying, memorializing, mentioning, constituting, referencing, incorporating, effecting, reflecting and/or relating to, directly or indirectly, the subject matter of a Request. A Request requesting "information Concerning" any subject matter Includes information Concerning Communications regarding that subject matter.

5. "Data" means information about individual arrestees and/or criminal cases stored in databases, spreadsheets, lists, or other compilations of case-level information of any kind; and/or any statistics or other analysis of such information, however produced or reproduced.

6. "Defendants" or "You" are Floyd Bonner Jr., the Shelby County Sheriff; Lee Wilson, the Presiding Shelby County General Sessions Criminal Court Judge; and the Judicial Commissioners; in their official capacities.

2

7. "Document" is intended to be comprehensive, and Includes any written, handwritten, printed, mimeographed, lithographed, duplicated, typed or other graphic, photographic, computer matter or electronic matter of any kind or nature, Including all forms of data compilations from which information can be obtained, and, if necessary, translated through detection devices into reasonably usable form, whether original or copy, and all drafts thereto, and shall include, without limiting the generality of the foregoing, all letters, electronic mail, computer notes, computer messages, reports, notes, telegrams, correspondence, facsimile and telex cover sheets, tape recordings, contracts, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, films, or video, sound recordings or voicemails, maps, graphs, reports, surveys, minutes, computer records, drawings, charts, photographs, data compilation, or notices, Including all computer media, stored in or created in any media from which information can be obtained and translated. A draft or non-identical copy is a separate document within the meaning of this term. The term "document" also Includes any document known by You, which would be responsive to this discovery, but is no longer in existence. For each such document, state whether the document is missing, lost, or destroyed, the circumstances under which the document became missing or was lost or destroyed, and the Person who has knowledge of these circumstances.

8. As used herein, the terms "Includes" or "Including" mean "including without limitation" or "including, but not limited to."

9. The "Judicial Commissioners" are John Marshall, Robert Barber, Rhonda Harris, Kevin Reed, Christopher Ingram, Shayla Purifoy, Ross Sampson, Serena Gray, Terita Hewlett, Mischelle Best, Kenya Smith, Zayid Saleem, Kathy Kirk Johnson, and Leslie Mozingo.

10. The "Judges" are any judicial officer who sets bail in Shelby County, Including the Judicial Commissioners and Bill Anderson Jr., Lee Wilson, Shelia B. Renfroe, Greg Gilbert, Karen Massey, S. Ronald Lucchesi, Louis J. Montesi, Jr., Patrick Dandridge and Christian R. Johnson.

11. "Person" or "Persons" Includes natural persons, private corporations, firms, partnerships, associations, joint ventures, organizations, estates, trusts, associations, legal or governmental entities, and any other kind of entity, as well as the agents, employees, attorneys, accountants, shareholders, directors, and representatives of any such "Person" and anyone acting or purporting to act for or on behalf of such "Person."

12. "Policies" means any rules, requirements, directives, processes, procedures, regulations, schedules, principles, recommendations, guidelines, advice, practices, customs, or similar guidance.

## INSTRUCTIONS

1. Defendants are to produce all Documents that are responsive to any particular Request within Defendants' possession, custody or control.

2. Each Request below shall operate and be construed independently, and unless otherwise indicated, no Request limits the scope of any other Request.

3. All Documents are to be produced in the manner they are kept in the usual course of business.

4. Terms stated in the singular shall be deemed to Include the plural and vice versa, and terms stated in the masculine shall be deemed to Include the feminine and vice versa, so as to make each Request inclusive rather than exclusive. Similarly, the past tense shall be construed to

include the present and future tenses and vice versa, so as to make each Request inclusive rather than exclusive.

5. The terms "and" and "or" shall be construed either conjunctively or disjunctively so as to include within the scope of the particular request for production of Documents matters that otherwise would be outside the scope.

6. The terms "each," "every," "all," and "any," whether used separately or together, shall be interpreted to encompass all Documents, materials, events, incidents, Persons, and/or information responsive to the Request in which those terms appear.

7. If Defendants withhold any Document under claim of privilege, state in the response as to each such claim the following:

    a. The privilege or other protection claimed;

    b. The basis in fact for the privilege;

    c. The type of Document;

    d. The general subject matter of the Document;

    e. The title of the Document;

    f. The date of the Document; and

    g. The identities of the author(s) and the recipient(s), Including all Persons who received all copies of the Document.

8. Produce all portions of any responsive Document(s) to which a claim of privilege, attorney work-product or other basis for withholding the Document(s) does not apply.

9. If Defendants object to any of the following Requests, please state the grounds for Defendants' objection with specificity. If Defendants object to a portion or part of any of the following Requests, please identify the portion of the Request that is claimed to be objectionable and state the grounds for Defendants' objection with specificity and in sufficient detail to permit

the Court to adjudicate the validity of the objection, and respond to the portion or part of the Request to which Defendants have not objected.

10. Please note Defendants' continuing obligation to respond to these discovery requests. Should any information requested herein come into Defendants' possession, custody, or control subsequent to Defendants' response hereto, Defendants are obligated to supplement this response.

11. Unless otherwise provided for in a request, the time frame for these requests is January 1, 2023 to the present.

## DOCUMENT REQUESTS

1. All Documents and Communications Concerning HB 1719, Including all Documents and Communications Concerning:

    a. The meaning or interpretation of the terms "financial condition" and "ability to pay" in Tenn Code § 40-11-118(b);

    b. Policies for Judicial Commissioners, binding or otherwise, concerning enforcement of HB 1719;

    c. Judges' enforcement of HB 1719, Including refusal to enforce HB 1719; and

    d. Any government interest in prohibiting Judges from considering ability to pay, including any fiscal and administrative burdens of considering ability to pay.

2. All Documents and Communications Concerning the setting of bail for a random sample of Arrestees to be agreed upon by Plaintiff and the Defendants, Including Documents and Communications:

    a. Provided to the Judicial Commissioner who conducted the initial bail screening, Including the affordable bail calculator, indigency affidavit, and the Shelby County Pretrial Services Bail Setting Form;

    b. Memorializing each bail determination and appointment of counsel, Including the initial release screening form, the bail hearing order form, any form appointing counsel, and court recordings of bail hearings; and

    c. Provided to the Shelby County General Sessions Criminal Court for subsequent bail hearings.

3. All Documents and Communications Concerning any Policies Concerning the setting of bail that have been in effect since February 15, 2023, Including all Policies Concerning:

    a. Timing of initial bail screenings;

    b. Arrestees' presence, or lack thereof, at an initial bail screening;

    c. Timing of subsequent bail hearings, including but not limited to Policies concerning motions for bail reduction or, in the absence of such motion, bail review hearings scheduled by default;

    d. Creation of new bail-setting forms in or around May 2024;

    e. Changes to bail-setting Policies in or around May 2024;

    f. Bench cards or similar quick reference guides concerning bail-setting; and

    g. Training Concerning such Policies.

4. All Data Concerning whether the median amount of bail set in Shelby County has increased, decreased, or remained the same since May 1, 2024, Including Data sufficient to demonstrate any such change, and all Documents and Communications Concerning the causes of any such change.

5. All Data Concerning whether the percentage of arrestees subject to secured bail orders in Shelby County has increased, decreased, or remained the same since May 1, 2024, Including Data sufficient to demonstrate any such change, and all Documents and Communications Concerning the causes of any such change.

6. All Data Concerning whether the average daily jail population in Shelby County has increased, decreased, or remained the same since May 1, 2024, Including Data sufficient to demonstrate any such change, and all Documents and Communications Concerning the causes of any such change.

7. All Data Concerning whether the average number of days an Arrestee in Shelby County was held before release has increased, decreased, or remained the same since May 1, 2024, Including Data sufficient to demonstrate any such change, and all Documents and Communications Concerning the causes of any such change.

8. All Documents and Communications Concerning the effects of implementing the Shelby County Bail Agreement described in Paragraph 3 of the Complaint, including but not limited to the relative ease of considering ability to pay and/or reductions in pretrial detention.

9. All Policies concerning the timing of appointment of counsel for Arrestees.

Dated: February 3, 2025

*/s/ Trisha Trigilio*
Trisha Trigilio
Julian Clark
Ashika Verriest
Brandon Buskey
American Civil Liberties Union Foundation
Criminal Law Reform Project
125 Broad Street, 17th Floor
New York, NY 10004
(347) 302-2797
trishat@aclu.org

Stella Yarbrough
American Civil Liberties Union
Foundation of Tennessee
P.O. Box 120160
Nashville, TN 37212
(615) 320-7142
syarbrough@aclu-tn.org

Craig S. Waldman
David Elbaum
Jared Quigley
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
cwaldman@stblaw.com
david.elbaum@stblaw.com
jared.quigley@stblaw.com

*Attorneys for Plaintiff Just City, Inc.*

### CERTIFICATE OF SERVICE

I certify that the foregoing has been served on all counsel of record by email.

This the 3rd day of February 2025.

*/s/ Jared Quigley*
Jared Quigley
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
jared.quigley@stblaw.com

*Attorney for Plaintiff Just City, Inc.*