AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Tennessee

**EXHIBIT 2**

| | |
|---|---|
| Just City, Inc. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  24-cv-2540 |
| Floyd Bonner, Shelby County Sheriff et. al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Custodian of Records, Shelby County General Sessions Court, Criminal Division
201 Poplar Suite LL-81 Memphis, TN 38103

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Schedule A attached.

| Place: Stella Yarborough | Date and Time: |
|---|---|
| c/o Just City, Inc. | |
| 240 Madison Avenue, Suite 104, Memphis, TN 38104 | 03/21/2025 9:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     02/28/2025

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ Trisha Trigilio |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Just City Inc.
_____, who issues or requests this subpoena, are:
Trisha Trigilio, American Civlul Liberties Union Foundation Criminal Law Reform Project, 125 Broad Street, 17th Floor New York, NY 10004, (347)302-2797, trishat@aclu.org

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 24-cv-2540

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

    ❑ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

    $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### DOCUMENTS TO BE PRODUCED

1.    All Policies for Judicial Commissioners, binding or otherwise, Concerning enforcement of HB 1719 and the setting of bail.

2.    All Documents Concerning the setting of bail for a random sample of Arrestees to be agreed upon by counsel for Plaintiff and the counsel for the Custodian of Records, Including Documents:

   a.    Provided to the Judicial Commissioner who conducted the initial bail screening, Including the affordable bail calculator, indigency affidavit, and the Shelby County Pretrial Services Bail Setting Form;

   b.    Memorializing each bail determination and appointment of counsel, Including the initial release screening form, the bail hearing order form, any form appointing counsel, and court recordings of bail hearings; and

   c.    Provided to the Shelby County General Sessions Criminal Court for subsequent bail hearings.

3.    All Documents Concerning any Policies Concerning the setting of bail that have been in effect since February 15, 2023, Including all Policies Concerning:

   a.    Timing of initial bail screenings;

   b.    Arrestees' presence, or lack thereof, at an initial bail screening;

   c.    Timing of subsequent bail hearings, including but not limited to Policies concerning motions for bail reduction or, in the absence of such motion, bail review hearings scheduled by default;

1

      d.      Creation of new bail-setting forms in or around May 2024;

      e.      Changes to bail-setting Policies in or around May 2024;

      f.      Bench cards or similar quick reference guides concerning bail-setting; and

      g.      Training Concerning such Policies.

4.      All Data Concerning whether the median amount of bail set in Shelby County has increased, decreased, or remained the same since May 1, 2024, Including Data sufficient to demonstrate any such change, and all Documents Concerning the causes of any such change.

5.      All Data Concerning whether the percentage of arrestees subject to secured bail orders in Shelby County has increased, decreased, or remained the same since May 1, 2024, Including Data sufficient to demonstrate any such change, and all Documents Concerning the causes of any such change.

6.      All Data Concerning whether the average daily jail population in Shelby County has increased, decreased, or remained the same since May 1, 2024, Including Data sufficient to demonstrate any such change, and all Documents Concerning the causes of any such change.

7.      All Data Concerning whether the average number of days an Arrestee in Shelby County was held before release has increased, decreased, or remained the same since May 1, 2024, Including Data sufficient to demonstrate any such change, and all Documents Concerning the causes of any such change.

8.      All Documents Concerning the effects of implementing the Shelby County Bail Agreement described in Paragraph 3 of the Complaint, including but not limited to the relative ease of considering ability to pay and/or reductions in pretrial detention.

9.      All Policies Concerning the timing of appointment of counsel for Arrestees.

2

## DEFINITIONS AND INSTRUCTIONS

1.     "Arrestee" means a person in custody of the Shelby County Sheriff pending an initial bail screening and/or under a secured bail order issued by one of the Judges.

2.     "Communications" means the transmittal, in any form (Including spoken and written words, conversations, conferences, discussions, talks, and reports), of information (Including facts, ideas, theories, inquiries, opinions, conclusions, and concepts), whether transmitted physically, Including in a letter, note, in person, or by electronic device, Including telephone, text message, e-mail, direct message, instant messenger, or facsimile, or otherwise.

3.     "Complaint" means the Complaint, ECF No. 1, filed by Just City, Inc. in this action, *Just City, Inc. v. Sheriff Floyd Bonner, Jr., et al.*, No. 2:24-cv-02540-TLP-tmp (W.D. Tenn.) on July 31, 2024.

4.     "Concerning" shall be given the broadest meaning possible, Including, without limitation, relating to, referring to, describing, evidencing, constituting, pertaining to, discussing, responding to, supporting, contradicting, embodying, memorializing, mentioning, constituting, referencing, incorporating, effecting, reflecting and/or relating to, directly or indirectly, the subject matter of a Request. A Request requesting "information Concerning" any subject matter Includes information Concerning Communications regarding that subject matter.

5.     "Data" means information about individual arrestees and/or criminal cases stored in databases, spreadsheets, lists, or other compilations of case-level information of any kind; and/or any statistics or other analysis of such information, however produced or reproduced.

6.     "Defendants" or "You" are Floyd Bonner Jr., the Shelby County Sheriff; Lee Wilson, the Presiding Shelby County General Sessions Criminal Court Judge; and the Judicial Commissioners; in their official capacities.

3

7.    "Document" is intended to be comprehensive, and Includes any written, handwritten, printed, mimeographed, lithographed, duplicated, typed or other graphic, photographic, computer matter or electronic matter of any kind or nature, Including all forms of data compilations from which information can be obtained, and, if necessary, translated through detection devices into reasonably usable form, whether original or copy, and all drafts thereto, and shall include, without limiting the generality of the foregoing, all letters, electronic mail, computer notes, computer messages, reports, notes, telegrams, correspondence, facsimile and telex cover sheets, tape recordings, contracts, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, films, or video, sound recordings or voicemails, maps, graphs, reports, surveys, minutes, computer records, drawings, charts, photographs, data compilation, or notices, Including all computer media, stored in or created in any media from which information can be obtained and translated. A draft or non-identical copy is a separate document within the meaning of this term. The term "document" also Includes any document known by You, which would be responsive to this discovery, but is no longer in existence. For each such document, state whether the document is missing, lost, or destroyed, the circumstances under which the document became missing or was lost or destroyed, and the Person who has knowledge of these circumstances.

8.    As used herein, the terms "Includes" or "Including" mean "including without limitation" or "including, but not limited to."

9.    The "Judicial Commissioners" are John Marshall, Robert Barber, Rhonda Harris, Kevin Reed, Christopher Ingram, Shayla Purifoy, Ross Sampson, Serena Gray, Terita Hewlett, Mischelle Best, Kenya Smith, Zayid Saleem, Kathy Kirk Johnson, and Leslie Mozingo.

4

10.     The "Judges" are any judicial officer who sets bail in Shelby County, Including the Judicial Commissioners and Bill Anderson Jr., Lee Wilson, Shelia B. Renfroe, Greg Gilbert, Karen Massey, S. Ronald Lucchesi, Louis J. Montesi, Jr., Patrick Dandridge and Christian R. Johnson.

11.     "Person" or "Persons" Includes natural persons, private corporations, firms, partnerships, associations, joint ventures, organizations, estates, trusts, associations, legal or governmental entities, and any other kind of entity, as well as the agents, employees, attorneys, accountants, shareholders, directors, and representatives of any such "Person" and anyone acting or purporting to act for or on behalf of such "Person."

12.     "Policies" means any rules, requirements, directives, processes, procedures, regulations, schedules, principles, recommendations, guidelines, advice, practices, customs, or similar guidance.

13.     Defendants are to produce all Documents that are responsive to any particular Request within Defendants' possession, custody or control.

14.     Each Request below shall operate and be construed independently, and unless otherwise indicated, no Request limits the scope of any other Request.

15.     All Documents are to be produced in the manner they are kept in the usual course of business.

16.     Terms stated in the singular shall be deemed to Include the plural and vice versa, and terms stated in the masculine shall be deemed to Include the feminine and vice versa, so as to make each Request inclusive rather than exclusive. Similarly, the past tense shall be construed to include the present and future tenses and vice versa, so as to make each Request inclusive rather than exclusive.

5

17.    The terms "and" and "or" shall be construed either conjunctively or disjunctively so as to include within the scope of the particular request for production of Documents matters that otherwise would be outside the scope.

18.    The terms "each," "every," "all," and "any," whether used separately or together, shall be interpreted to encompass all Documents, materials, events, incidents, Persons, and/or information responsive to the Request in which those terms appear.

19.    If Defendants withhold any Document under claim of privilege, state in the response as to each such claim the following:

        a.    The privilege or other protection claimed;

        b.    The basis in fact for the privilege;

        c.    The type of Document;

        d.    The general subject matter of the Document;

        e.    The title of the Document;

        f.    The date of the Document; and

        g.    The identities of the author(s) and the recipient(s), Including all Persons who received all copies of the Document.

20.    Produce all portions of any responsive Document(s) to which a claim of privilege, attorney work-product or other basis for withholding the Document(s) does not apply.

21.    If Defendants object to any of the following Requests, please state the grounds for Defendants' objection with specificity. If Defendants object to a portion or part of any of the following Requests, please identify the portion of the Request that is claimed to be objectionable and state the grounds for Defendants' objection with specificity and in sufficient

6

detail to permit the Court to adjudicate the validity of the objection, and respond to the portion or part of the Request to which Defendants have not objected.

22.     Please note Defendants' continuing obligation to respond to these discovery requests. Should any information requested herein come into Defendants' possession, custody, or control subsequent to Defendants' response hereto, Defendants are obligated to supplement this response.

23.     Unless otherwise provided for in a request, the time frame for these requests is January 1, 2023 to the present.

7