IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

**Just City, Inc.,**

        Plaintiff,

v.

Floyd Bonner Jr.,
    **Shelby County Sheriff;**

Lee Wilson,
    **Presiding Shelby County General**
    **Sessions Criminal Court Judge;** and

John Marshall, Robert Barber, Rhonda Harris, Kevin Reed, Christopher Ingram, Shayla Purifoy, Ross Sampson, Serena Gray, Terita Hewlett, Mischelle Best, Kenya Smith, Zayid Saleem, Kathy Kirk Johnson, Leslie Mozingo,
    **Shelby County Judicial**
    **Commissioners,**

in their official capacities,

        Defendants.

Case No. 24-cv-2540

## ANSWER TO AMENDED COMPLAINT

COMES NOW the Defendants Floyd Bonner Jr., Lee Wilson., John Marshall, Robert Barber, Rhonda Harris, Kevin Reed, Christopher Ingram, Shayla Purifoy, Ross Sampson, Serena Gray, Terita Hewlett, Mischelle Best, Kenya Smity, Zayid Saleem, Kathy Kirk Johnson, Leslie Mozingo (collectively, "the Defendants") and

1

make this Answer to the *First Amended Class Action Complaint* (ECF No. 75-2) ("the Amended Complaint") filed on March 6, 2025.

## GENERAL DENIAL

The Defendants make a general and continuing denial to any and all allegations that would go to support any claims that the Defendants have violated the Constitutional rights of any citizen; that they are liable to any degree under 42 U.S.C. §1983 or any other statute; or that the Plaintiffs are entitled to injunctive, declaratory, or any other form of relief. Any specific allegations not addressed herein below are hereby denied.

## ANSWER TO THE COMPLAINT

1. This paragraph contains Plaintiffs' opinion and characterization of HB 1719 rather than any specific factual allegations directed at the Defendants. To the extent this paragraph contains any factual allegations against the Defendants, such allegations are denied.

2. This paragraph contains accusations directed at parties other than the Defendants, as well as Plaintiffs' opinion and characterization of HB 1719 rather than any specific factual allegations directed at the Defendants. To the extent this paragraph contains any factual allegations against the Defendants, such allegations are denied.

3. Admitted to the extent that, prior to the enactment of HB 1719, Shelby County entered into an agreement with Plaintiff Just City to reform the procedure

for setting bail; that the agreement with Plaintiff Just City speaks for itself; and that the new bail practices went into effect on February 15, 2023.

4. This paragraph contains Plaintiffs' opinion and characterization of HB 1719 rather than any specific factual allegations directed at the Defendants. Defendants admit that HB 1719 speaks for itself. To the extent this paragraph contains any other factual allegations against the Defendants, such allegations are denied.

5. Admitted to the extent that the Defendants follow the laws of the State of Tennessee as written. Denied to the extent that this paragraph alleges any unconstitutional or otherwise unlawful behavior on the part of the Defendants.

6. This paragraph contains Plaintiffs' opinion and characterization of HB 1719 rather than any specific factual allegations directed at the Defendants. To the extent this paragraph contains any factual allegations against the Defendants, such allegations are denied.

7. This paragraph contains Plaintiffs' own reasoning and/or motivation for bringing the instant Amended Complaint and does not contain any factual allegation directed against the Defendants. To the extent this paragraph contains any factual allegations against the Defendants, such allegations are denied.

8. Admitted that 42 U.S.C. § 1983, 28 U.S.C. § 2201 et seq., the Fourteenth Amendment to the United States Constitution and 28 U.S.C. §§ 1331 and 1343 speak for themselves and that the Court has jurisdiction to enforce these provisions.

9. Admitted.

10. Admitted to the extent that Plaintiff Just City entered into a Memorandum of Understanding ("the Agreement") with Shelby County officials on June 9, 2022, and that the Agreement speaks for itself. To the extent this paragraph contains any other factual allegations against the Defendants, such allegations are denied.

11. Admitted to the extent that Plaintiffs Deangelo Towns and Marshawn Barnes (the "class representatives") are detained in the Shelby County Jail under bail orders issued by Shelby County Judges and Judicial Commissioners. To the extent this paragraph contains any other factual allegations against the Defendants, such allegations are denied.

12. Admitted to the extent that the Shelby County Sheriff operates the Shelby County Jail, and that the Agreement speaks for itself. To the extent this paragraph contains any other factual allegations against the Defendants, such allegations are denied.

13. Admitted to the extent that the Hon. Lee Wilson is the current Presiding Judge for the Shelby County Judicial Commissioners, and that the Agreement speaks for itself. To the extent this paragraph contains any other factual allegations against the Defendants, such allegations are denied.

14. Admitted to the extent that the Shelby County Judicial Commissioners set bail in Shelby County and that the Agreement speaks for itself. To the extent this paragraph contains any other factual allegations against the Defendants, such allegations are denied.

15. Admitted to the extent that HB 1719 speaks for itself, and the Defendants are bound to follow the laws of the State of Tennessee. To the extent this paragraph contains any other factual allegations against the Defendants, such allegations are denied.

16. Admitted to the extent that the Agreement speaks for itself. Denied to the extent Plaintiffs accuse Defendants of any unlawful or unconstitutional conduct in setting bail. To the extent this paragraph contains any other factual allegations against the Defendants, such allegations are denied.

17. Admitted to the extent that the laws of the State of Tennessee speak for themselves with regard to setting bail. To the extent this paragraph or its subparts contain any other factual allegations against the Defendants, such allegations are denied.

18. Admitted to the extent that the document cited as "First Covid-19 Follow Up Inspection of the Shelby County Men's Jail at 30, *Busby v. Bonner*, No. 20-cv- 2359 (W.D. Tenn May 19, 2021), ECF No. 216-5" speaks for itself. To the extent this paragraph contains any other factual allegations against the Defendants, such allegations are denied.

19. Admitted to the extent that the document cited as "*Busby v. Bonner*, No. 2:20-CV-2359-SHL-ATC, 2021 WL4127775, at *1 (W.D. Tenn. Jan. 28, 2021)" speaks for itself. To the extent this paragraph contains any other factual allegations against the Defendants, such allegations are denied.

20. This paragraph does not contain any factual allegations directed against the Defendants and, as such, does not require any response from the Defendants. To the extent this paragraph does contain factual allegations against the Defendants, such allegations are denied.

21. Admitted to the extent that the Agreement speaks for itself. To the extent this paragraph contains any other factual allegations against the Defendants, such allegations are denied.

22. Admitted to the extent that the Agreement speaks for itself. To the extent this paragraph or its subparts contain any other factual allegations against the Defendants, such allegations are denied.

23. Admitted to the extent that the Agreement speaks for itself. To the extent this paragraph contains any other factual allegations against the Defendants, such allegations are denied.

24. Admitted to the extent that the Agreement and Standing Bail Order speak for themselves. To the extent this paragraph contains any other factual allegations against the Defendants, such allegations are denied.

25. This paragraph does not contain any factual allegations directed against the Defendants and, as such, does not require any response from the Defendants. To the extent this paragraph does contain factual allegations against the Defendants, such allegations are denied.

26. This paragraph does not contain any factual allegations directed against the Defendants and, as such, does not require any response from the

Defendants. To the extent this paragraph does contain factual allegations against the Defendants, such allegations are denied.

27. Admitted to the extent that the Agreement and Commissioner John Marshall's statements speak for themselves. To the extent this paragraph contains any other factual allegations against the Defendants, such allegations are denied.

28. This paragraph does not contain any factual allegations directed against the Defendants and, as such, does not require any response from the Defendants. To the extent this paragraph does contain factual allegations against the Defendants, such allegations are denied.

29. This paragraph does not contain any factual allegations directed against the Defendants and, as such, does not require any response from the Defendants. To the extent this paragraph does contain factual allegations against the Defendants, such allegations are denied.

30. Admitted to the extent that HB 1719 speaks for itself. To the extent this paragraph contains any other factual allegations against the Defendants, such allegations are denied.

31. Admitted to the extent that HB 1719 speaks for itself. To the extent this paragraph contains any other factual allegations against the Defendants, such allegations are denied.

32. Admitted to the extent that HB 1719 speaks for itself. To the extent this paragraph contains any other factual allegations against the Defendants, such allegations are denied.

7

33. Admitted to the extent that HB 1719 speaks for itself. To the extent this paragraph contains any other factual allegations against the Defendants, such allegations are denied.

34. Admitted.

35. Admitted the extent the Commissioners met to discuss the effect of HB 1719. Denied to the extent that this paragraph implies the Commissioners met to determine whether they would follow the law, at all. To the extent this paragraph contains any other factual allegations against the Defendants, such allegations are denied.

36. Admitted to the extent that the Defendants follow the laws of the State of Tennessee. To the extent this paragraph contains any other factual allegations against the Defendants, such allegations are denied. Specifically, Defendants deny that they are engaged in "wealth-based detention" of any individuals.

37. This paragraph does not contain any factual allegations directed against the Defendants and, as such, does not require any response from the Defendants. To the extent this paragraph does contain factual allegations against the Defendants, such allegations are denied.

38. This paragraph does not contain any factual allegations directed against the Defendants and, as such, does not require any response from the Defendants. To the extent this paragraph does contain factual allegations against the Defendants, such allegations are denied.

39. This paragraph does not contain any factual allegations directed against the Defendants and, as such, does not require any response from the Defendants. To the extent this paragraph does contain factual allegations against the Defendants, such allegations are denied.

40. This paragraph does not contain any factual allegations directed against the Defendants and, as such, does not require any response from the Defendants. To the extent this paragraph does contain factual allegations against the Defendants, such allegations are denied.

41. This paragraph does not contain any factual allegations directed against the Defendants and, as such, does not require any response from the Defendants. To the extent this paragraph does contain factual allegations against the Defendants, such allegations are denied.

42. Admitted.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Admitted to the extent the law speaks for itself. To the extent this paragraph contains any other factual allegations against the Defendants, such allegations are denied.

48. Defendants incorporate their foregoing admissions, denials and defenses.

49. Admitted to the extent HB 1719 speaks for itself. All other factual allegations are denied.

50. Admitted to the extent that the Defendants are bound to follow the laws of the State of Tennessee. All other factual allegations are denied.

51. Denied as stated.

52. Denied as stated.

53. Denied as stated.

54. This paragraph does not contain any factual allegations directed against the Defendants and, as such, does not require any response from the Defendants. To the extent this paragraph does contain factual allegations against the Defendants, such allegations are denied.

55. Defendants incorporate their foregoing admissions, denials and defenses.

56. Admitted to the extent that the Defendants are bound to follow the laws of the State of Tennessee. All other factual allegations are denied.

57. Denied as stated.

58. Defendants incorporate their foregoing admissions, denials and defenses.

59. Admitted to the extent HB 1719 speaks for itself. All other factual allegations are denied.

60. Admitted to the extent HB 1719 speaks for itself. All other factual allegations are denied.

61. Admitted to the extent HB 1719 speaks for itself. All other factual allegations are denied.

62. Admitted to the extent HB 1719 and Tenn. Code Ann. § 40-11-118(b) speak for themselves. All other factual allegations are denied.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiffs claims are barred to the extent that Plaintiffs have waived and/or released them.

2. Plaintiffs' claims are barred to the extent that they fail to state a claim upon which relief can be granted, for reasons that include, but are not limited to, the fact the Defendants are not responsible for the enactment of HB 1719 and/or the cessation of the bail policies set out in the Agreement.

3. In order to preserve the defense, Plaintiff's claims are barred to the extent that any Defendants' are entitled to qualified immunity or judicial immunity.

4. To the extent that Plaintiff's alleged injuries were caused or contributed to by their own unlawful conduct or negligence, recovery for such alleged injuries is barred.

11. Plaintiffs' claims are barred to the extent that they are outside of any applicable statutes of limitations, including, but not limited to, 28 U.S.C. § 1658.

12. Plaintiffs' claims are barred, in whole or in part, to the extent that the doctrine of waiver, unclean hands, laches, equitable estoppel, judicial estoppel or mistake apply date they filed the Amneded Complaint.

13. Plaintiffs' claims are barred to the extent that they do not have standing to pursue them.

14. The Defendants reserve the right to assert additional affirmative or other defenses that may be discovered during the course of discovery.

For all the reasons set out herein, Defendant requests that the Court dismiss Plaintiffs' claims, provide Defendants their costs in this matter, and provide Defendants all other relief to which they may be entitled.

Respectfully submitted,

*Jasen M. Durrence*
JASEN M. DURRENCE (BPR #33275)
jasen.durrence@shelbycountytn.gov
JULIA MARIE HALE (BPR #37204)
julia.hale@shelbycountytn.gov
Shelby County Attorney's Office
160 North Main, Suite 950
Memphis, Tennessee 38103
(901) 222-2100
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that the foregoing is being filed via the Court's ECF system this 20th day of March, 2025, for service on all persons registered in connection with this case.

*Jasen M. Durrence*