IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

**Just City, Inc.**, and class representatives
**Deangelo Towns** and
**Marshawn Barnes,**
on behalf of themselves and all others similarly situated,

                        Plaintiffs,

v.

Floyd Bonner Jr.,
    **Shelby County Sheriff**;

Lee Wilson,
    **Presiding Shelby County General
    Sessions Criminal Court Judge**; and

John Marshall, Robert Barber, Rhonda Harris,
Kevin Reed, Christopher Ingram, Shayla Purifoy,
Ross Sampson, Serena Gray, Terita Hewlett,
Mischelle Best, Kenya Smith, Zayid Saleem,
Kathy Kirk Johnson, Leslie Mozingo,
    **Shelby County Judicial
    Commissioners**,

in their official capacities,

                        Defendants.

Case No. 2:24-cv-2540-TLP-tmp

# REPLY IN SUPPORT OF
# PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

1

## INTRODUCTION AND SUMMARY OF ARGUMENT

Defendants' opposition consists solely of merits arguments that misconstrue Plaintiffs' claims. Plaintiffs challenge a systemwide deficiency in bail-setting procedures. Defendants improperly focus on the merits of individual bail determinations, not the applicable class certification standards. Defendants do not dispute that Shelby County officers enforce HB 1719 for all putative class members. Further, they do not address the numerous decisions certifying classes raising common questions of whether systemwide bail procedures satisfy due process. This Court should certify the proposed class.

### I. The Proposed Class Satisfies the Commonality and Typicality Requirements.

Defendants' principal argument against commonality and typicality misstates class certification law. Defendants argue that plaintiffs need to show that each member of the proposed class faces a similar harm "based upon only the HB 1719 prohibition on considering a detainee's ability to pay, ***and nothing else***." *Id.* at 4. Defendants cite no authority for that argument, and it is not the standard for commonality. Commonality requires "only one common question." *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 853-54 (6th Cir. 2013) (rejecting defendants' argument that differences in the nature of class members' harms defeated commonality). Here, one of the questions common to the entire class is whether HB 1719's prohibition on consideration of ability to pay deprives plaintiffs of due process. That, and other common questions, can be resolved by the Court on a common basis, which is all that is required for class certification. Defendants do not even address decisions certifying classes raising similar common questions challenging bail-setting procedures, including *Torres v. Collins*, *et al.*, 2:20-cv-00026-DCLC (E.D. Tenn. May 5, 2021), Order Granting Mot. For Class Cert., ECF No. 116.[1]

---

[1] Pl. Mot. for Class Cert., Ex. 10 [ECF 76-2].

If Defendants dispute whether HB 1719 "has generated constitutional harm" given the existence of other bail factors, that is a merits inquiry that cannot defeat class certification. *See Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 459 (2013) (holding that commonality requires common questions, "not that those questions will be answered, on the merits, in favor of the class").

Defendants' arguments against typicality similarly fail. Defendants misconstrue Plaintiffs' claims when they label the alleged harm solely as "continued detention in the Jail." Def. Opp. at 4. Plaintiffs allege harm based on detention under bail orders that violate due process. Mr. Towns, Mr. Barnes, and all putative class members are detained under bail orders issued without consideration of ability to pay, experience the same deprivation of due process, and seek the same relief enjoining enforcement of unconstitutional bail orders. Whether or not some class members may remain detained even if a judge considered their ability to pay is not relevant to the class certification requirements of commonality and typicality. *See, e.g.*, *Graham v. Parker*, 2017 WL 1737871, at *4-5 (M.D. Tenn. May 4, 2017) (rejecting defendants' argument that variations in the merits of individual cases defeat commonality or typicality for a class raising a systemwide challenge).

**II.  Class Certification is Appropriate Under Rule 23(b)(2).**

Defendants' arguments challenging this requirement fail for the same reasons. To the extent that defendants argue that Plaintiffs have not shown that HB 1719 "creates an across-the-board epidemic of unconstitutional detention," Def. Opp. at 7, that is again a merits inquiry that does not defeat class certification and need not be resolved at this stage. *See Amgen*, 568 U.S. at 459.

2

Defendants also contend that there is no class-wide injury that can be resolved in a single injunction because each class member's bail-setting involves an individual determination. Def. Opp. at 7. But Plaintiffs do not challenge any individual bail determinations. Plaintiffs challenge the constitutionality of HB 1719, which subjects all class members to the same bail-setting procedures—as Defendants do not dispute. A single class-wide injunction would resolve class members' common claims that Shelby County's bail-setting procedures violate due process. Class certification under Rule 23(b)(2) is therefore appropriate.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court certify the class as defined in Plaintiffs' Motion for Class Certification [ECF 76].

Dated: March 27, 2025

Respectfully submitted,

*/s/ Ashika Verriest*
Ashika Verriest* (DC Bar No. 90001468)
Trisha Trigilio* (Tex. Bar No. 27075179)
Brandon Buskey
American Civil Liberties Union Foundation
Criminal Law Reform Project
125 Broad Street, 17th Floor
New York, NY 10004
(347) 302-2797
trishat@aclu.org
averriest@aclu.org
bbuskey@aclu.org

Craig S. Waldman* (NY Bar No. 4337986)
David Elbaum* (NY Bar No. 2779049)
Jared Quigley* (NY Bar No. 5937412)
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
cwaldman@stblaw.com
david.elbaum@stblaw.com
jared.quigley@stblaw.com

Stella Yarbrough (Tenn. Bar No. 033637)
American Civil Liberties Union
Foundation of Tennessee
P.O. Box 120160
Nashville, TN 37212
(615) 320-7142
syarbrough@aclu-tn.org

3

*Admitted *pro hac vice*.

## **CERTIFICATE OF SERVICE**

I, Ashika Verriest, certify that on March 27, 2025, I caused a true and correct copy of the foregoing document to be filed electronically via the ECF system.

                                Respectfully submitted,

                                /s/ Ashika Verriest_____