# Exhibit 2:

# Standing Bail Order

## IN THE GENERAL SESSIONS CRIMINAL COURT OF SHELBY COUNTY, TENNESSEE

### STANDING BAIL ORDER

Consistent with its statutory authority under Tenn. Code Ann. § 40-1-111(a)(1)(A)(iv), the Court hereby issues the following Standing Bail Order establishing a procedure by which General Sessions Courts and Judicial Commissioners will determine the appropriate, least restrictive conditions of pretrial release for each individual arrestee.

This Order is contingent upon final signature of a County Resolution in Order to Establish a New Bail Hearing Room that provides, *inter alia*, the necessary funding to fully operationalize the requirements of the Order. This Order takes effect on August 15, 2022.[1]. This Order shall continue unless superseded by another order approved by a majority of General Sessions Criminal Court Judges and also adopted by the Shelby County Commission as part of its funding arrangement for bail reform in Shelby County.

The procedures set forth below shall apply to all persons arrested in Shelby County for non-capital crimes. These procedures are to be adhered to for new charges, even if the individual is subject to other detention holds from any authority. In cases where a detention hold is capable of being adjudicated by the local judiciary (e.g., bench warrant, contempt order, alleged probation or parole violation), judicial officers shall act promptly to adjudicate the hold as set forth below. In cases where a detention hold is issued by another authority (e.g., federal detainer, extradition hold), the procedures below shall be adhered to with respect to the new arrest in Shelby County notwithstanding the hold.

The procedures set forth below outline a system in which judicial officers have discretion to act appropriately in every individual case consistent with the requirements of the U.S. Constitution and factors and considerations set forth by Tennessee law. In enacting and administering these procedures, judicial officers make note of guidance from the U.S. Supreme Court that "in our society, pretrial liberty is the norm," and detention prior to trial the "carefully limited exception." *United States v. Salerno*. These procedures distinguish between an unaffordable bail order and an affordable bail order, because an unaffordable bail order serves to detain an individual and an affordable bail order does not. These procedures contemplate that in certain instances, an unaffordable bail order may be appropriate, but only after a proper review of the statutory steps for determining the release or detention of any individual, which include careful consideration of less restrictive alternatives, adequate procedural safeguards, and sufficient written findings.

After an individual is booked into a Shelby County Jail facility, they will first be interviewed by a representative of Shelby County Pretrial Services, who will, amongst other

---

[1] The necessary County Resolution was signed on August 10, 2022.

things, use a financial assessment tool to determine an amount that is financially affordable for the individual. This amount produced by the financial assessment tool shall be referred to as an "affordable bail amount." After being interviewed by Pretrial Services, individuals will be screened by an on-duty Judicial Commissioner to evaluate them for recognizance release or release on other conditions ("release screening"), which may or may not include an affordable bail amount. If the Judicial Commissioner does not elect to release the individual on their recognizance, release with conditions, or release with an affordable bail amount, the Judicial Commissioner shall set the individual's case for a bail hearing in a designated Bail Hearing Courtroom as quickly as possible, generally within 48 hours after a probable cause determination and no later than 72 hours after seizure within the meaning of the Fourth Amendment.

## I.    Timing and Format of Initial Release Screening

For the purposes of this Order, an individual's "entry into the Jail" shall be defined as the earlier of (1) when the probable cause/charging determination is made to facilitate an individual's booking or (2) when an individual is arrested on a warrant, the time at which the individual physically arrives at the sally port at Jail East or 201 Poplar. Within 12 hours of entry to the Jail, an individual's case will come before a Judicial Commissioner for an evaluation of whether they shall be released on their own recognizance, released subject to additional conditions, released on an affordable bail amount (as defined below), or held for a further hearing to determine whether no conditions, or combination of conditions will reasonably assure their future court appearance and/or the safety of persons in the community. This initial process before the Judicial Commissioner shall be known as the "release screening."

Prior to the release screening:

1.  The arrested individual shall be given notice, by a representative of the Pretrial Services Division, of the purpose of the release screening and the fact that their financial information will be collected for the purpose of determining the least restrictive conditions for their pretrial release. The individual will be notified that, if a Judicial Commissioner does not order their release (as described below), she will appear before a judge for a bail hearing (such hearing to be scheduled as quickly as possible). All reasonable accommodations shall be made to ensure the individual understands this release screening and notice of future potential hearings, including, but not limited to, any needed language interpretation, moving to a quieter space, and providing extra time to review and acknowledge oral and written notice;

2.  A representative from Pretrial Services shall administer the Vera Institute Bail Calculator to determine the individual's financial resources, which will produce a calculation of the arrestee's income, expenses, debts, and other relevant factors, for use by a Judicial Commissioner to evaluate the arrestee's ability to pay bail or for any other conditions of pretrial release that carry a financial cost. The amount

2

produced by the tool is referred to herein as the "affordable bail amount" for that individual, and should generally be understood to mean an amount the individual could pay in its entirety within 24 hours (as determined by the Vera Calculator) without borrowing money,

3. Pretrial Services will also provide arrestees with an indigency affidavit at intake for the court to use in determining whether the arrestees are eligible for indigent defense counsel. This form will be promptly shared with the on-call judicial commissioner. For persons set for further hearings as described below, this form will be promptly shared with the Public Defender's office to ensure counsel is appointed as quickly as possible for eligible individuals. For persons eligible for the public defender's services who are released, the indigency affidavit will be placed in their legal jacket and utilized at their next court appearance for the purposes of appointing counsel; and

4. Pretrial Services shall provide relevant information to the on duty Judicial Commissioner, including, but not limited to, an individual's affordable bail amount and the costs associated with other potential release conditions. Pretrial Services is empowered to note whether, in their experience, the individual's circumstances (including risk score) make the person a likely candidate for particular release conditions or supervision by Pretrial Services.

At the release screening:

1. Pursuant to Tenn. Code Ann. § 40-11-115 and consistent with due process principles, all arrestees shall be presumed to be released on their own recognizance absent compelling evidence that recognizance release will not reasonably assure their future appearance in court and/or the safety of the community.

2. The operation of this presumption shall mean that, absent evidence that recognizance release will not reasonably assure future court appearance and the safety of the community based on the factors in Tenn. Code Ann. § 40-11-115, an individual will be released on recognizance. Only upon a written determination that recognizance release will not reasonably assure an individual's future court appearance, may the Judicial Commissioner proceed to consider additional conditions of release.

3. For those not released on their own recognizance, Judicial Commissioners must next impose only the least restrictive conditions on release necessary to reasonably assure the individual's future court appearance, consistent with Tenn. Code Ann. § 40-11-116. In cases involving a charge that carries a statutorily-required condition of pretrial release (i.e. vehicular assault, vehicular homicide, or aggravated vehicular homicide with a prior alcohol-related conviction, mandatory bail requirements under Tenn. Code Ann. § 40-11-148), the Judicial Commissioner

3

shall impose at least those mandatory conditions but take into consideration their imposition in determining the least restrictive conditions necessary to assure future court appearance. Through the Vera Calculator, the Judicial Commissioners will also consider any financial costs associated with conditions of release and ensure that the imposition of the condition will not cause continued incarceration due to unaffordability.

4. In lieu of recognizance release or release on other conditions, the Judicial Commissioner may set an affordable bail as a condition of release if in accordance with the factors outlined in Tenn. Code Ann. §§ 40-11-115 through 118 if the Judicial Commissioner believes that affordable bail is necessary to reasonably assure the appearance of the arrestee and the safety of the public.[2] The Judicial Commissioner may set a bail at or below the affordable bail amount.

5. Finally, if the Judicial Commissioner believes that no combination of available conditions will serve to reasonably assure the individual's future court appearance and the safety of the public, considering all of the factors found in Tenn. Code Ann. § 40-11-118, the Judicial Commissioner may hold the individual over for a subsequent hearing in the bail hearing courtroom. Any such orders to put an individual on for a further hearing will be in writing and may be accomplished either via setting a bail amount in excess of the affordable bail amount or temporarily setting no bail until such time as the bail hearing is held ("NBS").

6. For any person who is set for a bail hearing, the Judicial Commissioner shall immediately review the indigency affidavit for the purpose of appointing public defense or conflict counsel, and appoint counsel for those all eligible.

Based both on judicial officers' statutory obligations to consider an individual's "financial resources," Tenn. Code Ann. § 40-11-118(b)(2), as well as their constitutional obligation to ensure no one is detained due to their poverty or without adequate due process protections, judicial officers setting conditions of pretrial release must know what amount of bail is affordable to a given individual. An affordable bail amount will be determined by the Vera Institute financial resources assessment tool adopted by the Court. It is understood that through this tool:

1. A secured financial requirement will be considered "affordable" if an individual could pay it in its entirety within 24 hours (as defined by the tool) without borrowing money; and

2. The Judicial Commissioner will consider any financial costs associated with other conditions of release, i.e. drug monitoring or treatment, and only impose the

---

[2] As noted above, the Judicial Commissioner is also bound by mandatory conditions of Tenn. Code Ann. § 40-11-148 if the release screening occurs in a case in which the arrestee was already out on pretrial release.

4

conditions if they are deemed affordable to the individual, using the same definition and methodology as described above, if need be by pursuing fee waivers or other cost reductions.

## II.    Subsequent Bail Hearings for Persons Not Released

In cases where the Judicial Commissioner has a good faith basis to believe that no conditions or combination of conditions will reasonably assure the safety of the public and/or the individual's future court appearance, the Judicial Commissioner shall set the case for a Bail Hearing on the next-available calendar date. The Judicial Commissioner's decision to set a case for a future hearing shall be clearly stated in writing, indicating that the Commissioner believes these criteria are met.

The Bail Hearing shall generally occur within 48 hours of entry to the Jail (as defined above), and no longer than 72 hours after the person is seized into physical custody. Under the below-defined extenuating circumstances, a Judicial Commissioner may extend the 72-hour hearing requirement via a written finding stating the reason and setting forth the next-available date for a hearing:

1. The arrestee is receiving necessary medical treatment while in custody such that they are not physically able to proceed to either a live or videoconference hearing;

2. Emergency or unplanned circumstances outside court staff's control (i.e. related to extreme weather, sick judicial officer, etc.) prevent the Bail Hearing Courtroom from operating for the day.

At the Bail Hearing, the judicial officer will evaluate the least onerous conditions that will reasonably assure the individual's future court appearance and the safety of persons in the community as set forth in Tenn. Code Ann. §§ 40-11-115 through 118. If and only if the Bail Hearing Judicial Officer determines that, by clear and convincing evidence, no condition or combination of conditions will suffice to reasonably prevent flight or reasonably assure the safety of the public pursuant to the analysis set forth in Tenn. Code Ann. § 40-11-118, shall a Bail Hearing Judicial Officer impose a secured bail amount above the affordable bail amount or, if the individual is accused of a capital case per Tenn. Const. Art. I, § 15, the officer may order no bail.

The Bail Hearings shall contain the following features:

1. The arrested individual will have the right to be heard and to present evidence;

2. If the arrestee qualifies for appointment of counsel via an Indigency Affidavit, legal counsel shall be made available to the arrestee, via a representative from the Shelby County Public Defender's office. Conflict counsel will be made available

5

if representation by the Public Defender's office represents a conflict. The individual will retain the right to represent themselves if she chooses;

3. If an individual does not qualify for appointment of counsel or declines to be presented by legal counsel free of charge, the individual may represent themselves or have private counsel present at the bail hearing. Individuals may also elect to waive the bail hearing or request a continuance of their bail hearing, and/or proceed to their arraignment;

4. The individual's counsel and counsel for the District Attorney shall have access to all documents prepared by Pretrial Services and presented to the Judicial Commissioner for the Release Screening.

5. A representative of the Shelby County District Attorney's office shall be present and shall bear the burden of justifying, by clear and convincing evidence, the imposition of an unaffordable bail order, or other conditions beyond recognizance release;

6. The burden of proof will not shift from the prosecuting attorney;

7. The Bail Hearing Judicial Officer shall review the initial findings made during the Release Screening regarding the individual's affordable bail amount or other conditions of release considered. If an individual has remained in custody after a Judicial Commissioner previously set an affordable bail amount or other condition of release, the Bail Hearing Judicial Officer will review the bail amount and/or condition and ensure affordable bail is in fact affordable;

8. The Bail Hearing Judicial Officer shall review *de novo* the Judicial Commissioner's screening determination that recognizance release was not appropriate. If the Bail Hearing Judicial Officer believes recognizance release is appropriate, they shall order recognizance release in accordance with Tenn. Code Ann. § 40-11-115;

9. The Bail Hearing Judicial Officer shall review *de novo* the Judicial Commissioner's screening determination that release on other conditions was not appropriate. If the Bail Hearing Judicial Officer believes release on conditions is appropriate, they shall order such release in accordance with Tenn. Code Ann. § 40-11-116;

10. The Bail Hearing Judicial Officer shall review *de novo* the Judicial Commissioner's screening determination that release on an affordable bail condition was not appropriate. If the Bail Hearing Judicial Officer believes release on an affordable bail condition is appropriate, they shall order such release in accordance with Tenn. Code Ann. §§ 40-11-117-118;

11. If the screening Judicial Commissioner used an unaffordable bail amount as the method of setting an individual case for a Bail Hearing, the reviewing Bail

6

Hearing Judicial Officer shall not give weight to the dollar amount imposed, but shall undertake a *de novo* review as to whether the individual is appropriate for release.

12. The Bail Hearing Judicial Officer must consider all the factors expressed in Tenn. Code Ann. §§ 40-11-115 through 118, along with the individual's presumed innocence and constitutional right to pretrial liberty;

13. The Bail Hearing Judicial Officer must explain on the record the reason for finding clear and convincing evidence that no condition or combination of conditions will reasonably assure the individual's future court appearance or the safety of the public. Clear and convincing evidence must be based on the totality of the circumstances, and cannot be justified solely by any one factor such as the nature of the pending charge or the individual's Public Safety Assessment score;

14. In weighing all the relevant factors to the bail inquiry in Tenn. Code Ann. §§ 40-11-115 through 118, including failures to appear, the Bail Hearing Judicial Officer should note in particular the conditions available to address risks of failure to appear, including court reminders and/or transportation assistance, and evidence that risks of failure to appear are frequently manageable with such tools;

15. The Bail Hearing Judicial Officer will examine whether the individual is detained due to a hold from another case or authority (e.g., probation or parole holds, warrants from other jurisdictions). The Bail Hearing Judicial Officer shall instruct the clerk to docket a prompt hearing in the appropriate Court to resolve any holds that are within the jurisdiction of the Shelby County Courts to address (e.g., probation or parole holds, bench warrants, contempt orders). The presence of another hold will not be a basis to ignore the Court's obligations to set appropriate and least-restrictive conditions on the new pending case; and

16. The Bail Hearings shall be open to the public, recorded via audio recording, and include appropriate videoconference capability for witnesses and other approved remote participation.

If the Bail Hearing Judicial Officer determines that detention is necessary and the least restrictive means to reasonably prevent the individual's willful flight and/or to prevent a serious risk of danger to the community, they may enter a secured bail requirement in a knowingly unaffordable amount, which will function as a detention order. If the individual is accused of a capital case per Tenn. Const. Art. I, § 15, the Bond Hearing Judicial Officer may order no bail.

## III.    Additional Safeguards

The individual will have an opportunity to appeal a secured bail order as provided in court rules or state law. The individual may request a review of the secured bail order or other conditions of their pretrial release at any point while their case is pending.

7

If an individual who is ordered released on their own recognizance, with conditions, or at or below the affordable bail amount (either during the Release Screening or at a Bail Hearing) remains incarcerated seventy-two (72) hours after their release order, the circumstances of their case shall be promptly reviewed: (1) by any judicial officer or Judge at an arraignment or first appearance or at the request of defense counsel for a court setting, or (2) if neither an arraignment or first appearance occurs within seventy-two (72) hours of their release order, the Clerk of Court, at defense counsel's request,  shall set the matter for a bail hearing at the next available date. The purpose of the bail hearing review will be to examine why, notwithstanding the court's prior release order, the individual remains detained. If their detention is due to a condition of release proving to be unattainable despite the Court's release order, the Bail Hearing Judicial Officer shall adjust the condition to effectuate their release.  If their detention is due to a hold from another case or authority that is within the jurisdiction of the Shelby County Courts to address (e.g., probation or parole holds, bench warrants, contempt orders), the Bail Hearing Judicial Officer shall refer the matter to the appropriate court for that court's prompt resolution of any such holds.

### IV.    Notices Upon Release from Jail

Persons ordered released shall be given notice of the time and place of their next court date, and a clear explanation (orally or in writing) of how to connect with any services or conditions imposed as a requirement of release. All reasonable accommodations shall be made to ensure the individual understands these notices and information, including but not limited to any needed language interpretation, moving to a quieter space, and providing extra time to review oral and written notices.

### V.    Implementation Timeline

While this Order is effective on August 15, 2022, it is understood that the County, courts, and other offices required to implement the system contemplated here—including but not limited to the Public Defender's Office, District Attorney General's Office, Court Clerk, and Pretrial Services—shall have a period of six (6) months from August 15, 2022 to ensure that all elements of this Order are implemented and operational. All elements of this Order should be fully operational and compliant by February 15, 2023.

It is therefore ORDERED, ADJUDGED, AND DECREED, this 15th day of August, 2022

Judge Bill Anderson
Division VII

Judge Loyce Lambert Ryan
Division XV


Judge Tim J. Dwyer
Division VIII


Judge Gerald Skahan
Division IX


Judge Chris Turner
Division X


Judge Karen L. Massey
Division XI


Judge Silvio R. Lucchesi
Division XII


Judge Louis J. Montesi, Jr.
Division XIII


Judge Patrick Dandridge
Division XIV

9