# Exhibit 15:

# August 9, 2022

# Shelby County Board of Commissioners Resolution



# SHELBY COUNTY BOARD OF COMMISSIONERS

SUITE 600 · 160 N. MAIN STREET · MEMPHIS, TENNESSEE 38103

August 9, 2022

Honorable Mayor Lee Harris
Room 1150 - 160 N. Main
Memphis, TN  38103

Dear Mayor Harris:

In accordance with Section 2.06(F)(1) of the Shelby County Charter, attached is the attested original Resolution **IN ORDER TO ESTABLISH A NEW BAIL HEARING COURTROOM,** adopted by the Board of County Commissioners on August 8, 2022. I am on this date submitting to you for your signature or veto.

I would appreciate if you would return to me, as soon as possible, the Resolution approved or vetoed by you, and indicating the date of such action, in order that I might make the required distribution.

**Please return this cover letter with this document.**

Sincerely,

Rosalind Nichols
Clerk of County Commission

Attachment

F:\CMIS\Minutes\MEMOS\COUNTY ATTORNEY AND MAYOR LETTERS\MAYOR LEE HARRIS SIGNATURE.doc

Item #: _____ 32 _____

Moved by: ___ JONES _____

Prepared by:  Andrea Woods &
Marlinee Iverson

Seconded by: LOWERY _____

Reviewed by:  Marlinee Iverson
County Attorney

RESOLUTION OF THE SHELBY COUNTY BOARD OF COMMISSIONERS TO AMEND THE FISCAL YEAR 2023 OPERATING BUDGET AND POSITION CONTROL BUDGET TO ADD AN ADDITIONAL EIGHTEEN (18) FTES AND OTHER NON-RECURRING EXPENSES, IN A TOTAL AMOUNT OF $2,088,397.89. ALSO TO AMEND THE FY 2023 CAPITAL IMPROVEMENT BUDGET IN AN AMOUNT NOT TO EXCEED $1,450,000.00, IN ORDER TO ESTABLISH A NEW BAIL HEARING COURTROOM. THIS ITEM REQUIRES THE APPROPRIATION AND EXPENDITURE OF FY 2023 GENERAL FUND BALANCE IN AN AMOUNT NOT TO EXCEED $2,088,397.89 AND AMENDMENT OF FY 2023 CAPITAL IMPROVEMENT FUNDS IN AN AMOUNT NOT TO EXCEED $1,450,000.00. SPONSORED BY CHAIRMAN WILLIE F. BROOKS, JR., COMMISSIONER VAN D. TURNER JR., COMMISSIONER TAMI SAWYER, COMMISSIONER EDDIE S. JONES, JR, COMMISSIONER MICKELL M. LOWERY, COMMISSIONER REGINALD MILTON, AND COMMISSIONER MICHAEL WHALEY.

WHEREAS, The Shelby County Board of Commissioners seeks to increase public safety, reduce County costs, and promote equitable treatment among arrested individuals regardless of financial status; and

WHEREAS, The Shelby County Board of Commissioners seeks to collaborate with Shelby County Judges, Judicial Commissioners, and other criminal justice partners to effectuate the above-stated goals; and

WHEREAS, Pretrial detention should be based on whether the arrested individual is likely to fail to appear in court or poses a threat to public safety rather than the individual's ability to pay money as a condition of pretrial release; and

WHEREAS, Data from diverse jurisdictions around the country show that, in lieu of detention, resources that are made available to arrested individuals, such as court reminders, transportation assistance, housing, medical treatment, and, where necessary, pretrial supervision/monitoring are highly effective measures for assuring future court appearances and public safety[1]; and

WHEREAS, The Constitution for the State of Tennessee affirmatively grants an arrestee the right to pretrial release on bail pending adjudication of criminal charges,[2] and "[a]lthough this right may be forfeited by a defendant's conduct, every non-capital defendant that enters the Tennessee criminal justice system at least begins with a right to establish some conditions pursuant to which he can obtain his freedom until he is, if ever, convicted"[3]; and

WHEREAS, Tennessee law further requires that judicial officers setting conditions of pretrial release first consider whether to release a non-capital arrestee on their own recognizance or an unsecured bail requirement, and thereafter, proceed to impose a

---

[1] Ross Hatton, "Research on the Effectiveness of Pretrial Court Date Reminder Systems," UNC School of Government Criminal Justice Innovation Lab (Mar. 2020), https://cjil.sog.unc.edu/wp-content/uploads/sites/19452/2020/03/Court-Date-Notifications-Briefing-Paper.pdf (providing an analysis of available data on pretrial court date reminder systems finding that most state's programs resulted in statistically significant improvements for failure to appear rates); Adam Uren, "Low-income Suspects to Get Free Rides to Court under Minneapolis Pilot," Bring Me The News (Jan. 4, 2019), https://bringmethenews.com/minnesota-news/low-income-suspects-to-get-free-rides-to-court-under-minneapolis-pilot; Stephen Metraux, et. al, "Incarceration and Homelessness," National Symposium on Homelessness Research, 9-6 (Mar. 1-2 2007), https://www.huduser.gov/publications/pdf/p9.pdf ("[T]he number of persons exiting jails who become homeless is … large[]. Metraux and Culhane (2003) found that, among 76,111 persons released from New York City jails in 1997, 5.5 percent entered New York City shelters for single adults in the subsequent two-year period.").

[2] *See State v. Burgins*, 464 S.W. 3d 298, 304 (Tenn. 2015); *Swain v. State*, 527 S.W.2d 119, 120 (Tenn. 1975); *Goins v. State*, 237 S.W.2d 8 (1950); *Hicks v. State*, 168 S.W.2d 781 (1943); *Butt v. State*, 175 S.W. 529 (1914).

[3] *Nashville Cmty. Bail Fund v. Gentry*, 496 F. Supp. 3d 1112, 1118 (M.D. Tenn. 2020).

secured money bail requirement "[o]nly if the court determines that 'conditions on a release on recognizance' have not been shown to reasonably assure the defendant's appearance."[4]; and

WHEREAS, Numerous courts across the country, including in Tennessee,[5] have determined that unaffordable bail may only be set upon a finding that detention is necessary upon considering less restrictive alternatives at an adversarial bail hearing and that wealth-based detention otherwise violates the Fourteenth Amendment to the United States Constitution; and

WHEREAS, Electronic data collection and processing systems currently exist to allow for reporting information about the people brought before the criminal courts of Shelby County and into the Shelby County Jail, and such data is critical to understanding the impact, outcomes, and costs of the current pretrial detention scheme in Shelby County; and

WHEREAS, The Board of Commissioners is the legislative body of Shelby County Government and is, in part, responsible for appointing judicial commissioners, annually reviewing the judicial commissioner program, creating an annual report regarding the

---

[4] Tenn. Code Ann. § 40-11-115(b); *Graham v. Gen. Sessions Court*, 157 S.W.3d 790, 793 (Tenn. Ct. App. 2004), *Nashville Cmty. Bail Fund*, 496 F. Supp. 3d at 1119; Tenn. Code Ann. § 40-11-117; Graham, 157 S.W.3d at 793.

[5] *See McNeil v. Cmty. Prob. Servs.*, LLC, 2019 WL 633012, at *13 (M.D. Tenn. Feb. 14, 2019), aff'd, 945 F.3d 991 (6th Cir. 2019) (enjoining Giles County from detaining individuals on money bail for probation violations without adequate findings); *Torres v. Collins*, 2020 WL 7706883, at *8 (E.D. Tenn. Nov. 30, 2020) (bail system in Hamblen County enjoyed for violating due process rights as "detention infringes upon the fundamental right of an individual's personal liberty."); *Rodriguez v. Providence Community Corrections, Inc.*, 155 F. Supp. 3d 758 (M.D. Tenn. 2015) (enjoining Rutherford County's practice of jailing individuals on unaffordable bail).

"overall evaluation" of the judicial commissioner program, and setting the salaries of judicial commissioners;[6] and

WHEREAS, The Board of Commissioners finds it has a legal and fiscal interest in ensuring that the judicial commissioners, who are appointed and annually reviewed by this body, comply with Tennessee and federal law in pretrial detention issues; and

WHEREAS, The Board of Commissioners is also responsible for approving the County's annual fiscal budget, including the annual costs allocated to the Shelby County Sheriff Office's for the provision and maintenance of pretrial detention facilities for youth and adults; and

WHEREAS, The Board of Commissioners finds it fiscally prudent to reduce the costs of unnecessary pretrial detention; and

WHEREAS, The Honorable Judges for the Criminal Division of the Shelby County General Sessions Courts have been asked to adopt a Standing Bail Order, consistent with the Constitutions of the United States and State of Tennessee as well as all applicable state and federal law, setting forth a fair and constitutionally-adequate process for the consideration and setting of bail; and

WHEREAS, The Board of Commissioners commits to providing funding for Shelby County's new pretrial release and bail system as set forth in the Standing Bail Order; and

WHEREAS, Following two days of a guided mediated discussion, Shelby County and various advocacy groups executed a Memorandum of Understanding to work collectively to avoid unnecessary and costly litigation; and

---

[6] Tenn. Code Ann. § 40-1-111.

WHEREAS, The Board of County Commissioners finds it necessary to amend the FY 2023 Operating Budget and Position Control Budget, contingent upon adoption of the Standing Bail Order, to appropriate funding necessary to carry out the parameters of this Resolution for the establishment of a new bail hearing courtroom, as more specifically referenced in Exhibit A and to transfer funds consistent with Exhibit B.

NOW, THEREFORE, BE IT RESOLVED BY THE BOARD OF COUNTY COMMISSIONERS OF SHELBY COUNTY, TENNESSEE, That this Resolution amending the Fiscal Year 2023 Operating Budget and Position Control Budget to fund expenses and personnel and that this Resolution amending the Fiscal Year 2023 Capital Improvement Budget as seen in attached Exhibit A and B hereby incorporated by reference and contingent upon enactment of the Standing Bail Order moving Judicial Commissioners of Shelby County, Tennessee, to impose the requirements of the Standing Bail Order and with select terms defined below, is hereby approved:

1. Pursuant to the Standing Bail Order, Judicial Commissioners may only impose a secured money bail requirement after finding and affirming on the record that in each arrested individual's case, release on recognizance or an unsecured bail, with or without other conditions, will not reasonably assure their future court appearance or the safety of the public, based on all factors articulated in Tenn. Code Ann. § 40-11-115(b);

2. Pursuant to the Standing Bail Order, Judicial Commissioners may only impose a secured money bail requirement after considering an individual's ability to pay the amount of money imposed as bail, considering all income, assets, expenses, debts, and dependents, and determining what amount is affordable to the individual, where "affordable" generally means the individual can pay the amount within a period of 24 hours without borrowing money. This determination may be made by a financial assessment tool administered by Pretrial Services;

3. Pursuant to the Standing Bail Order, if a Judicial Commissioner intends to set an unaffordable bail amount, they may only do so upon a finding that a) pretrial detention is necessary to reasonably assure future court appearance and the safety of the community and b) detention is the "least restrictive condition" available to reasonably assure the individual's future court appearance and the safety of the community. Further, any such finding must be made at a public bail hearing as prescribed by the Standing Bail Order.

BE IT FURTHER RESOLVED, That the Board of County Commissioners supports the Standing Bail Order, which will positively reform bail setting practices and avoid unnecessary and threatened litigation, thereby ensuring that time and resources that would otherwise be spent in such litigation are devoted to improving systems and outcomes for Shelby County residents.

BE IT FURTHER RESOLVED, That the Board of County Commissioners desires to support efforts made to further the goals of increasing the pretrial release rate as provided by state and federal law.

BE IT FURTHER RESOLVED, That there will be an implementation period of six (6) months from the date that both this Resolution is passed and the Standing Bail Order is enacted in order to adopt systems that fully comply with both this Resolution and the Standing Bail Order.

BE IT FURTHER RESOLVED, That the Board of Commissioners will continue to seek regular reporting of data from the Judicial Commissioners' program and review such information for its consistency with the terms of the Standing Bail Order and this Resolution in making its annual fiscal decision as to whether to renew and continue to fund the program.

BE IT FURTHER RESOLVED, That, in order to facilitate the Board of Commissioner's review of the Judicial Commissioners program, reports containing information defined below from the Judicial Commissioners, Clerk of Court, and/or the Shelby County Pretrial Services Office are deemed necessary to review the progress of the judicial commissioner program and are due every six months for the first two years after adoption of this Resolution and annually thereafter:

1. *Initial Pretrial Release Screening*: information showing the total number of persons arrested over the reporting period, a breakdown of the outcomes of the initial screening done by the on-duty judicial commissioner across all cases, and any additional case information that can be summarized (i.e. screening outcomes by charge, race of defendant and other metrics collected by Pretrial Services).
   a. Release outcomes should demonstrate the number of people released on recognizance, the number released on conditions (and, if possible, which conditions imposed), the number of people for whom bail was set at initial screening (and if so, in what amounts), and the number of people set on for a further bail hearing.
   b. Release outcomes should be reported as to each individual judicial commissioner.
   c. This body should also be able to review the number of cases in which the on-call judicial commissioner appoints the Public Defender's office as counsel, as well as the number of cases in which conflict counsel is appointed.
2. *Subsequent Bail Hearings:* information showing the total number of persons who proceed to a full bail hearing, a breakdown of the outcomes of the bail hearings, and confirmation of whether counsel was made available for all those eligible, and any additional case information that can be summarized (i.e., bail court outcomes by charge, race of defendant, and/or by other metrics collected by Pretrial Services).
   a. Bail court outcomes information should show the total number of people who proceed to a bail hearing who are: released on recognizance, released on conditions (and, if possible, which conditions imposed), the number of people released on a bail amount deemed affordable to them, and the number of people detained on an unaffordable bail amount.
   b. Bail court outcomes data should include the name of the presiding judge or judicial commissioner.
   c. Bail court outcomes should also show the number of people who required a review of a release condition or bail setting that inadvertently kept them in custody (and if possible, the circumstances of their inadvertent detention).
3. *Timing:* Information showing that individuals are receiving bail court hearings no later than 72 hours after arrest and flagging any cases in which that did not occur.
   a. Information demonstrating the total length of pretrial detention by category: those released on their own recognizance, those released on other conditions, those released on bail, and those detained on unaffordable bail.
4. *Rates of Pretrial Success/Failure:* Information showing longer-term case outcomes among the population of people released, including, for the reporting period:
   a. The total number of persons released pretrial;
   b. The total number of persons who subsequently failed to appear for a required court appearance;
   c. The total number of persons who are subsequently arrested while on pretrial release.

d. If possible, the case information captured in this section should include: (a) the method of the individual's release, i.e. recognizance, other conditions, a secured or unsecured bail; (b) the pending charge; and (c) the race and other demographic data of the defendant.

BE IT FURTHER RESOLVED, That the Judicial Commissioners, the General Sessions Court Clerk, and/or the Shelby County Pretrial Services Division are to compile and report to this body a baseline data set of the foregoing metrics from the September 1, 2022 through February 31, 2023, no later than March 30, 2023.

BE IT FURTHER RESOLVED, That these funds provided herein shall be appropriated in accordance with this Resolution and relevant law.

BE IT FURTHER RESOLVED, The Board of County Commissioners find it necessary to transfer $2,088,397.89 from Account No. 010-201201-9999 to various accounts identified in Exhibit A and to further amend the FY 2023 Capital Improvement Plan Budget to approve $1,450,000.00 in capital expenditures necessary to further the program defined by this Resolution.

BE IT FURTHER RESOLVED, That the Purchasing Department is hereby authorized to issue purchase orders pursuant to purchases, subject to the availability of funds at the time the purchase orders are issued.

BE IT FURTHER RESOLVED, That the County Mayor and the Director of Administration and Finance are authorized to issue their warrant or warrants in amounts not to exceed $2,088,397.89 in Personnel and Operating and Maintenance expenses, and $1,450,000.00 in Capital Improvements and to take proper credit in their accounting therefor.

BE IT FURTHER RESOLVED, That the County Mayor is hereby authorized to execute any and all documents on behalf of Shelby County Government necessary to

comply with the purpose and intent of this Resolution, executed copies of which shall be placed on file in the Contracts Administration section of the County Attorney's Office.

BE IT FURTHER RESOLVED, That if any clause, section, paragraph, sentence or part of this Resolution shall be held or declared to be unconstitutional and void, it shall not affect the remaining parts of this Resolution, it being hereby declared to be the legislative intent of the Shelby County Board of Commissioners to have passed the remainder of this Resolution notwithstanding the part so held unconstitutional and void, if any.

BE IT FURTHER RESOLVED, That this Resolution shall become effective in accordance with the Shelby County Charter, Article II, Section 2.06(B).



Lee Harris
Shelby County Mayor

Date: 8/10/2022

ATTEST:

Clerk of County Commission

ADOPTED: August 8, 2022

**SUMMARY SHEET**

I.    **Description of Item**

Resolution to amend the FY 2023 Operations, Personnel, and CIP Budgets in order to fund the creation of a bail hearing room.. This item requires the expenditure of FY 2023 General Fund-Fund Balance funds in an amount not to exceed $2,088,397.89 and the amendment to the FY 2023 Capital Improvement funds in an amount not to exceed $1,450,000.00.

II.   **Source and Amount of Funding**

FY 2023 General Fund Balance funds in an amount of $2,088,397.89 and FY 2023 Capital Improvement funds in an amount of$1,450,000.00.

III.  **Communicate How the Resolution Affects:**
A.   **Sub-awards-** None.

B.   **Personnel-** 18 FTEs

C.   **Equipment-** None

D.   **Contracts-**  None.

IV.   **Additional Information Relevant to Approval of this Item**

Administration recommends approval of this resolution.

**EXHIBIT A - General Fund**

**SHELBY COUNTY GOVERNMENT**
**BUDGET AMENDMENT**

**FY 2023**
**July 1, 2022 - June 30, 2023**

| Fund | Section | Account Description | | Current Budget | Budget Amendment | Amended Budget |
|------|---------|---------------------|---|---------------|------------------|----------------|
| | | Planned use of Fund Balance | | | (2,088,397.89) | |
| **10** | **481101 Pretrial Services** | | | | | |
| | | 5102 - Salaries & Labor | | 2,716,405.00 | 39,007.39 | 2,755,412.39 |
| | | 5254 - Overtime | | - | - | - |
| | | 5510 - Retirement Benefits - County | | 651,122.00 | 9,350.00 | 660,472.00 |
| | | 5516 - Medicare Employer Contributions | | 39,624.00 | 566.00 | 40,190.00 |
| | | 5520 - Group Life Insurance Benefit | | 22,818.00 | 328.00 | 23,146.00 |
| | | 5542 - Group Health Insurance - HRA | | 70,071.00 | 8,040.00 | 78,111.00 |
| | | 5560 - Long Term Disability Benefit | | 10,322.00 | 148.00 | 10,470.00 |
| | | 5591 - On-Job-Injury Benefit Expense | | 10,931.00 | 156.00 | 11,087.00 |
| | | 5592 - Unemployment Compensation Benefit | | 2,733.00 | 39.00 | 2,772.00 |
| | | 6016 - Computer Supplies | | 11,430.00 | 34,700.00 | 46,130.00 |
| | | 6023 - Educational Supplies & Materials | | - | - | - |
| | | | **Total** | **3,535,456.00** | **92,334.39** | **3,627,790.39** |
| **31** | **630101 Jail Administration** | | | | | |
| | | 5102 - Salaries & Labor | | 1,752,846.00 | 500,829.00 | 2,253,675.00 |
| | | 5254 - Overtime | | 1,000.00 | - | 1,000.00 |
| | | 5510 - Retirement Benefits - County | | 420,157.00 | 120,049.00 | 540,206.00 |
| | | 5516 - Medicare Employer Contributions | | 25,416.00 | 7,262.00 | 32,678.00 |
| | | 5520 - Group Life Insurance Benefit | | 14,724.00 | 4,207.00 | 18,931.00 |
| | | 5542 - Group Health Insurance - HRA | | 42,101.00 | 64,320.00 | 106,421.00 |
| | | 5560 - Long Term Disability Benefit | | 6,661.00 | 1,903.00 | 8,564.00 |
| | | 5591 - On-Job-Injury Benefit Expense | | 7,011.00 | 2,003.00 | 9,014.00 |
| | | 5592 - Unemployment Compensation Benefit | | 1,753.00 | 501.00 | 2,254.00 |
| | | 6016 - Computer Supplies | | 47,000.00 | - | 47,000.00 |
| | | 6023 - Educational Supplies & Materials | | - | - | - |
| | | | **Total** | **2,318,669.00** | **701,074.00** | **3,019,743.00** |
| **35** | **704111 General Sessions Criminal Court Clerk** | | | | | |
| | | 5102 - Salaries & Labor | | 3,972,336.00 | 76,956.00 | 4,049,292.00 |
| | | 5254 - Overtime | | - | - | - |
| | | 5510 - Retirement Benefits - County | | 952,169.00 | 18,446.00 | 970,615.00 |
| | | 5516 - Medicare Employer Contributions | | 59,718.00 | 1,116.00 | 60,834.00 |
| | | 5520 - Group Life Insurance Benefit | | 33,368.00 | 646.00 | 34,014.00 |
| | | 5542 - Group Health Insurance - HRA | | 67,870.00 | 16,080.00 | 83,950.00 |
| | | 5560 - Long Term Disability Benefit | | 15,095.00 | 292.00 | 15,387.00 |
| | | 5591 - On-Job-Injury Benefit Expense | | 16,474.00 | 308.00 | 16,782.00 |
| | | 5592 - Unemployment Compensation Benefit | | 4,118.00 | 77.00 | 4,195.00 |
| | | 6016 - Computer Supplies | | 20,075.00 | 1,863.00 | 21,938.00 |
| | | 6023 - Educational Supplies & Materials | | - | - | - |
| | | | **Total** | **5,141,223.00** | **115,784.00** | **5,257,007.00** |
| **35** | **704112 Gen Sessions Criminal Court Judges** | | | | | |
| | | 5102 - Salaries & Labor | | 3,561,859.00 | 488,120.00 | 4,049,979.00 |
| | | 5254 - Overtime | | - | - | - |
| | | 5510 - Retirement Benefits - County | | 853,778.00 | 117,002.00 | 970,780.00 |
| | | 5516 - Medicare Employer Contributions | | 51,647.00 | 7,078.00 | 58,725.00 |
| | | 5520 - Group Life Insurance Benefit | | 29,920.00 | 4,100.00 | 34,020.00 |
| | | 5542 - Group Health Insurance - HRA | | 47,397.00 | 32,160.00 | 79,557.00 |
| | | 5560 - Long Term Disability Benefit | | 13,535.00 | 1,855.00 | 15,390.00 |

| | | | | |
|---|---|---|---|---|
| 5591 - On-Job-Injury Benefit Expense | | 14,247.00 | 1,952.00 | 16,199.00 |
| 5592 - Unemployment Compensation Benefit | | 3,562.00 | 488.00 | 4,050.00 |
| 6016 - Computer Supplies | | 1,800.00 |  | 1,800.00 |
| | Total | 4,577,745.00 | 652,755.00 | 5,230,500.00 |

**10    708001 Public Defender**

| | | | | |
|---|---|---|---|---|
| | 5102 - Salaries & Labor | | 8,641,317.00 | 248,593.00 | 8,889,910.00 |
| | 5254 - Overtime | | - | 1,397.00 | 1,397.00 |
| | 5295 - Salary Changes | | 553,124.00 | - | 553,124.00 |
| | 5510 - Retirement Benefits - County | | 2,071,324.00 | 59,588.00 | 2,130,912.00 |
| | 5516 - Medicare Employer Contributions | | 128,980.00 | 3,605.00 | 132,585.00 |
| | 5520 - Group Life Insurance Benefit | | 72,587.00 | 2,088.00 | 74,675.00 |
| | 5542 - Group Health Insurance - HRA | | 212,712.00 | 40,200.00 | 252,912.00 |
| | 5560 - Long Term Disability Benefit | | 32,837.00 | 945.00 | 33,782.00 |
| | 5591 - On-Job-Injury Benefit Expense | | 35,581.00 | 994.00 | 36,575.00 |
| | 5592 - Unemployment Compensation Benefit | | 8,895.00 | 249.00 | 9,144.00 |
| | 6016 - Computer Supplies | | 8,000.00 | - | 8,000.00 |
| | 6023 - Educational Supplies & Materials | | - | 1,504.50 | 1,504.50 |
| | | **Total** | **11,765,357.00** | **359,163.50** | **12,124,520.50** |

**38    709001 Attorney General**

| | | | | |
|---|---|---|---|---|
| | 5102 - Salaries & Labor | | 8,866,654.00 | 105,553.00 | 8,972,207.00 |
| | 5254 - Overtime | | 8,560.00 | 15,000.00 | 23,560.00 |
| | 5510 - Retirement Benefits - County | | 2,125,337.00 | 25,301.00 | 2,150,638.00 |
| | 5516 - Medicare Employer Contributions | | 132,299.00 | 1,531.00 | 133,830.00 |
| | 5520 - Group Life Insurance Benefit | | 74,480.00 | 887.00 | 75,367.00 |
| | 5542 - Group Health Insurance - HRA | | 278,110.00 | 16,080.00 | 294,190.00 |
| | 5560 - Long Term Disability Benefit | | 33,693.00 | 401.00 | 34,094.00 |
| | 5591 - On-Job-Injury Benefit Expense | | 36,496.00 | 422.00 | 36,918.00 |
| | 5592 - Unemployment Compensation Benefit | | 9,124.00 | 106.00 | 9,230.00 |
| | 6023 - Educational Supplies & Materials | | - | 2,006.00 | 2,006.00 |
| | | **Total** | **11,564,753.00** | **167,287.00** | **11,732,040.00** |

$ 2,088,397.89

**Net Resolution** $ -

**EXHIBIT A - CIP**
**SHELBY COUNTY GOVERNMENT**
**BUDGET AMENDMENT**
**FY2023**

| ACCT NO | DESCRIPTION | CURRENT BUDGET | BUDGET ADJUSTMENT | BUDGET AS AMENDED |
|---|---|---|---|---|
| **911-630178** | **CJC Interior Renovation** | | | |
| 7076 | CIP - Construction Contracts | $7,460,000.00 | $1,450,000.00 | $8,910,000.00 |
| 7079 | CIP - Other Project Costs | $740,000.00 | | $740,000.00 |
| | Net Operations | $8,200,000.00 | $1,450,000.00 | $9,650,000.00 |
| **911-201299** | **Contingency** | | | |
| 7079 | CIP - Other Project Costs | $850,000.00 | ($850,000.00) | $0.00 |
| | Net Operations | $850,000.00 | ($850 000.00) | $0.00 |
| **911-307391** | **PEAB Upgrades/Renovations** | | | |
| 7072 | CIP - Architectural & Engineering Services | $600,000.00 | ($600,000.00) | $0.00 |
| | Net Operations | $600,000.00 | ($600 000.00) | $0.00 |
| | | | $0.00 | |

# FY23 FRINGE CALCULATION WORKSHEET

**Fund-Section:** 038-709001     **Cost Center #** E0501     **Date:** 07/26/22

*For vacant positions (>=30 hours per week), include $8,040 for health insurance.*

| PCB-1 | Position Number | Position Title | # of Positions | Enter Salary | Health Insurance | Pension 23.97% 5510 | OPEB 0.00% 5511 | FICA 6.200% 5515 | MQFE 1.450% 5516 | Group Life 0.840% 5520 | LTD 0.380% 5560 | OJI 0.400% 5591 | Unemploy 0.100% 5592 | Total Fringe Cost |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | ACCOUNT 5102 - PERMANENT OR DURATIONAL EMPLOYEES | | | | | | | | | | | | |
| 1) | TBD | sistant District Attorn | 1 | 52,776 | 8,040 | 12,651 | 0 | N/A | 765 | 443 | 201 | 211 | 53 | 22,364 |
| 2) | TBD | Victim Wellness Coor | 1 | 52,776 | 8,040 | 12,651 | 0 | N/A | 765 | 443 | 201 | 211 | 53 | 22,364 |
| 3) | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 4) | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 5) | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 6) | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 7) | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 8) | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 9) | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 10) | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 11) | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 12) | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| **TOTAL PERMANENT:** | | | 2 | 105,553 | N/A | 25,301 | 0 | N/A | 1,531 | 887 | 401 | 422 | 106 | 44,727 |

**PCB-1 TEMP**

| | | ACCOUNT 5109 - TEMPORARY EMPLOYEES | | | | 5510 | 5511 | 5515 | 5516 | 5520 | 5560 | 5591 | 5592 | FRINGE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1) | | | | | N/A | N/A | N/A | N/A | 0 | 0 | N/A | N/A | 0 | 0 | 0 |
| 2) | | | | | N/A | N/A | N/A | N/A | 0 | 0 | N/A | N/A | 0 | 0 | 0 |
| 3) | | | | | N/A | N/A | N/A | N/A | 0 | 0 | N/A | N/A | 0 | 0 | 0 |
| 4) | | | | | N/A | N/A | N/A | N/A | 0 | 0 | N/A | N/A | 0 | 0 | 0 |
| 5) | | | | | N/A | N/A | N/A | N/A | 0 | 0 | N/A | N/A | 0 | 0 | 0 |
| **TOTAL TEMPORARY:** | | | 0 | - | N/A | N/A | N/A | N/A | 0 | 0 | N/A | N/A | 0 | 0 | 0 |

| **GRAND TOTAL:** | | | 2 | 105,553 | N/A | 25,301 | 0 | 0 | 1,531 | 887 | 401 | 422 | 106 | 44,727 |

| Total Position Cost |
|---|
| 75,140 |
| 75,140 |
| - |
| - |
| - |
| - |
| - |
| - |
| - |
| - |
| - |
| **150,280** |

| TOTAL |
|---|
| |
| |
| |
| |
| |
| |

| 150,280 |
|---|

# FY23 FRINGE CALCULATION WORKSHEET

**Fund-Section:** 010-708001    **Cost Center #** A0701    **Date:** 07/26/22

*For vacant positions (>=30 hours per week), include $8,040 for health insurance.*

| PCB-1 | | ACCOUNT 5102 - PERMANENT OR DURATIONAL EMPLOYEES | | | | Pension 23.97% 5510 | OPEB 0.00% 5511 | FICA 6.200% 5515 | MQFE 1.450% 5516 | Group Life 0.840% 5520 | LTD 0.380% 5560 | OJI 0.400% 5591 | Unemploy 0.100% 5592 | Total Fringe Cost |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Position Number | Position Title | # of Positions | Enter Salary | Health Insurance | | | | | | | | | |
| 1) | TBD | Assistant Pub Def | 1 | 67,542 | 8,040 | 16,190 | 0 | N/A | 979 | 567 | 257 | 270 | 68 | 26,371 |
| 2) | TBD | Assistant Pub Def | 1 | 67,542 | 8,040 | 16,190 | 0 | N/A | 979 | 567 | 257 | 270 | 68 | 26,371 |
| 3) | TBD | Litigation Assist | 1 | 37,500 | 8,040 | 8,989 | 0 | N/A | 544 | 315 | 143 | 150 | 38 | 18,218 |
| 4) | TBD | Litigation Assist | 1 | 37,500 | 8,040 | 8,989 | 0 | N/A | 544 | 315 | 143 | 150 | 38 | 18,218 |
| 5) | TBD | Client Serv Spec | 1 | 38,510 | 8,040 | 9,231 | 0 | N/A | 558 | 323 | 146 | 154 | 39 | 18,492 |
| 6) | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 7) | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 8) | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 9) | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 10) | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 11) | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 12) | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| **TOTAL PERMANENT:** | | | 5 | 248,593 | N/A | 59,588 | 0 | N/A | 3,605 | 2,088 | 945 | 994 | 249 | 107,668 |

**PCB-1 TEMP**

| | ACCOUNT 5109 - TEMPORARY EMPLOYEES | | | | | 5510 | 5511 | 5515 | 5516 | 5520 | 5560 | 5591 | 5592 | FRINGE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1) | | | | | N/A | N/A | N/A | 0 | 0 | N/A | N/A | 0 | 0 | 0 |
| 2) | | | | | N/A | N/A | N/A | 0 | 0 | N/A | N/A | 0 | 0 | 0 |
| 3) | | | | | N/A | N/A | N/A | 0 | 0 | N/A | N/A | 0 | 0 | 0 |
| 4) | | | | | N/A | N/A | N/A | 0 | 0 | N/A | N/A | 0 | 0 | 0 |
| 5) | | | | | N/A | N/A | N/A | 0 | 0 | N/A | N/A | 0 | 0 | 0 |
| **TOTAL TEMPORARY:** | | 0 | - | N/A | N/A | N/A | 0 | 0 | N/A | N/A | 0 | 0 | 0 |

| **GRAND TOTAL:** | | 5 | 248,593 | N/A | 59,588 | 0 | 0 | 3,605 | 2,088 | 945 | 994 | 249 | 107,668 |



| Total Position Cost |
| --- |
| 93,912 |
| 93,912 |
| 55,718 |
| 55,718 |
| 57,002 |
| - |
| - |
| - |
| - |
| - |
| - |
| - |
| **356,261** |

| TOTAL |
| --- |
| - |
| - |
| - |
| - |
| - |

| 356,261 |

## FY23 FRINGE CALCULATION WORKSHEET

Fund-Section: 035-704112    Cost Center # J0501    Date: 07/26/22

*For vacant positions (>=30 hours per week), include $8,040 for health insurance.*

| PCB-1 | Position Number | Position Title | # of Positions | Enter Salary | Health Insurance | Pension 23.97% 5510 | OPEB 0.00% 5511 | FICA 6.200% 5515 | MQFE 1.450% 5516 | Group Life 0.840% 5520 | LTD 0.380% 5560 | OJI 0.400% 5591 | Unemploy 0.100% 5592 | Total Fringe Cost |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| 1} | TBD | Judicial Commissioner | 4 | 488,120 | 32,160 | 117,002 | 0 | N/A | 7,078 | 4,100 | 1,855 | 1,952 | 488 | 164,636 |
| 2} | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 3} | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 4} | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 5} | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 6} | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 7} | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 8} | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 9} | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 10} | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 11} | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 12} | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| **TOTAL PERMANENT:** | | | 4 | 488,120 | N/A | 117,002 | 0 | N/A | 7,078 | 4,100 | 1,855 | 1,952 | 488 | 164,636 |

PCB-1
TEMP

| | ACCOUNT 5109 - TEMPORARY EMPLOYEES | | | | | 5510 | 5511 | 5515 | 5516 | 5520 | 5560 | 5591 | 5592 | FRINGE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1} | | | | | N/A | N/A | N/A | N/A | 0 | 0 | N/A | N/A | 0 | 0 | 0 |
| 2} | | | | | N/A | N/A | N/A | N/A | 0 | 0 | N/A | N/A | 0 | 0 | 0 |
| 3} | | | | | N/A | N/A | N/A | N/A | 0 | 0 | N/A | N/A | 0 | 0 | 0 |
| 4} | | | | | N/A | N/A | N/A | N/A | 0 | 0 | N/A | N/A | 0 | 0 | 0 |
| 5} | | | | | N/A | N/A | N/A | N/A | 0 | 0 | N/A | N/A | 0 | 0 | 0 |
| **TOTAL TEMPORARY:** | | | 0 | - | N/A | N/A | N/A | N/A | 0 | 0 | N/A | N/A | 0 | 0 | 0 |

| **GRAND TOTAL:** | | | 4 | 488,120 | N/A | 117,002 | 0 | 0 | 7,078 | 4,100 | 1,855 | 1,952 | 488 | 164,636 |



| Total Position Cost |
|---|
| 652,756 |
| - |
| - |
|  |
| - |
| - |
| - |
| - |
|  |
|  |
| - |
|  |
| **652,756** |

| TOTAL |
|---|
|  |
| - |
|  |
|  |
|  |
|  |

| **652,756** |
|---|

# FY23 FRINGE CALCULATION WORKSHEET

Fund-Section: 031-630101          Cost Center #    L3101          Date:    07/26/22

*For vacant positions (>=30 hours per week), include $8,040 for health insurance.*

| PCB-1 | Position Number | Position Title | # of Positions | Enter Salary | Health Insurance | Pension 23.97% 5510 | OPEB 0.00% 5511 | FICA 6.200% 5515 | MQFE 1.450% 5516 | Group Life 0.840% 5520 | LTD 0.380% 5560 | OJI 0.400% 5591 | Unemploy 0.100% 5592 | Total Fringe Cost |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | ACCOUNT 5102 - PERMANENT OR DURATIONAL EMPLOYEES | | | | | | | | | | | | | |
| 1) | TBD | Officer | 4 | 278,992 | 32,160 | 66,874 | 0 | N/A | 4,045 | 2,344 | 1,060 | 1,116 | 279 | 107,878 |
| 2) | TBD | Jailer | 4 | 221,837 | 32,160 | 53,174 | 0 | N/A | 3,217 | 1,863 | 843 | 887 | 222 | 92,367 |
| 3) | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 4) | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 5) | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 6) | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 7) | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 8) | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 9) | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 10) | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 11) | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 12) | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| TOTAL PERMANENT: | | | 8 | 500,829 | N/A | 120,049 | 0 | N/A | 7,262 | 4,207 | 1,903 | 2,003 | 501 | 200,245 |

PCB-1
TEMP

| | ACCOUNT 5109 - TEMPORARY EMPLOYEES | | | | | 5510 | 5511 | 5515 | 5516 | 5520 | 5560 | 5591 | 5592 | FRINGE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1) | | | | | N/A | N/A | N/A | N/A | 0 | 0 | N/A | N/A | 0 | 0 | 0 |
| 2) | | | | | N/A | N/A | N/A | N/A | 0 | 0 | N/A | N/A | 0 | 0 | 0 |
| 3) | | | | | N/A | N/A | N/A | N/A | 0 | 0 | N/A | N/A | 0 | 0 | 0 |
| 4) | | | | | N/A | N/A | N/A | N/A | 0 | 0 | N/A | N/A | 0 | 0 | 0 |
| 5) | | | | | N/A | N/A | N/A | N/A | 0 | 0 | N/A | N/A | 0 | 0 | 0 |
| TOTAL TEMPORARY: | | | 0 | - | N/A | N/A | N/A | N/A | 0 | 0 | N/A | N/A | 0 | 0 | 0 |

| GRAND TOTAL: | | | 8 | 500,829 | N/A | 120,049 | 0 | 0 | 7,262 | 4,207 | 1,903 | 2,003 | 501 | 200,245 |



| Total Position Cost |
| --- |
| 386,870 |
| 314,204 |
| |
| - |
| |
| |
| |
| |
| |
| - |
| |
| |
| **701,074** |

| TOTAL |
| --- |
| |
| |
| |
| |
| |
| |
| |

| |
| --- |
| **701,074** |

# FY23 FRINGE CALCULATION WORKSHEET

Fund-Section: __010-481101__          Cost Center #     __S1101__          Date:     __07/26/22__

*For vacant positions (>=30 hours per week), include $8,040 for health insurance.*

| PCB-1 | ACCOUNT 5102 - PERMANENT OR DURATIONAL EMPLOYEES | | | | | Pension 23.97% 5510 | OPEB 0.00% 5511 | FICA 6.200% 5515 | MQFE 1.450% 5516 | Group Life 0.840% 5520 | LTD 0.380% 5560 | OJI 0.400% 5591 | Unemploy 0.100% 5592 | Total Fringe Cost |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Position Number | Position Title | # of Positions | Enter Salary | Health Insurance | | | | | | | | | |
| 1) | TBD | Court Facilitator | 1 | 39,007 | 8,040 | 9,350 | 0 | N/A | 566 | 328 | 148 | 156 | 39 | 18,627 |
| 2) | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 3) | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 4) | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 5) | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 6) | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 7) | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 8) | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 9) | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 10) | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 11) | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 12) | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| TOTAL PERMANENT: | | | 1 | 39,007 | N/A | 9,350 | 0 | N/A | 566 | 328 | 148 | 156 | 39 | 18,627 |

PCB-1
TEMP

| | ACCOUNT 5109 - TEMPORARY EMPLOYEES | | | | | 5510 | 5511 | 5515 | 5516 | 5520 | 5560 | 5591 | 5592 | FRINGE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1) | | | | | N/A | N/A | N/A | N/A | 0 | 0 | N/A | N/A | 0 | 0 | 0 |
| 2) | | | | | N/A | N/A | N/A | N/A | 0 | 0 | N/A | N/A | 0 | 0 | 0 |
| 3) | | | | | N/A | N/A | N/A | N/A | 0 | 0 | N/A | N/A | 0 | 0 | 0 |
| 4) | | | | | N/A | N/A | N/A | N/A | 0 | 0 | N/A | N/A | 0 | 0 | 0 |
| 5) | | | | | N/A | N/A | N/A | N/A | 0 | 0 | N/A | N/A | 0 | 0 | 0 |
| TOTAL TEMPORARY: | | | 0 | - | N/A | N/A | N/A | 0 | 0 | N/A | N/A | 0 | 0 | 0 |

| GRAND TOTAL: | | | 1 | 39,007 | N/A | 9,350 | 0 | 0 | 566 | 328 | 148 | 156 | 39 | 18,627 |



| Total Position Cost |
|---|
| 57,634 |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| **57,634** |



| TOTAL |
|---|
| |
| |
| |
| |
| |
| |

| **57,634** |
|---|

# FY23 FRINGE CALCULATION WORKSHEET

**Fund-Section:** 035-704111     **Cost Center #** J4002     **Date:** 07/26/22

*For vacant positions (>=30 hours per week), include $8,040 for health insurance.*

**PCB-1**

| | Position Number | Position Title | # of Positions | Enter Salary | Health Insurance | Pension 23.97% 5510 | OPEB 0.00% 5511 | FICA 6.200% 5515 | MQFE 1.450% 5516 | Group Life 0.840% 5520 | LTD 0.380% 5560 | OJI 0.400% 5591 | Unemploy 0.100% 5592 | Total Fringe Cost |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | **ACCOUNT 5102 - PERMANENT OR DURATIONAL EMPLOYEES** | | | | | | | | | | | | |
| 1) | TBD | Principal Court Clerk | 1 | 39,874 | 8,040 | 9,558 | 0 | N/A | 578 | 335 | 152 | 159 | 40 | 18,862 |
| 2) | TBD | Deputy Court Clerk II | 1 | 37,082 | 8,040 | 8,889 | 0 | N/A | 538 | 311 | 141 | 148 | 37 | 18,104 |
| 3) | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 4) | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 5) | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 6) | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 7) | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 8) | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 9) | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 10) | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 11) | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| 12) | | | | | | 0 | 0 | N/A | 0 | 0 | 0 | 0 | 0 | 0 |
| **TOTAL PERMANENT:** | | | 2 | 76,956 | N/A | 18,446 | 0 | N/A | 1,116 | 646 | 292 | 308 | 77 | 36,966 |

**PCB-1**
**TEMP**

| | | | | | | 5510 | 5511 | 5515 | 5516 | 5520 | 5560 | 5591 | 5592 | FRINGE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | **ACCOUNT 5109 - TEMPORARY EMPLOYEES** | | | | | | | | | | | | |
| 1) | | | | | N/A | N/A | N/A | 0 | 0 | N/A | N/A | 0 | 0 | 0 |
| 2) | | | | | N/A | N/A | N/A | 0 | 0 | N/A | N/A | 0 | 0 | 0 |
| 3) | | | | | N/A | N/A | N/A | 0 | 0 | N/A | N/A | 0 | 0 | 0 |
| 4) | | | | | N/A | N/A | N/A | 0 | 0 | N/A | N/A | 0 | 0 | 0 |
| 5) | | | | | N/A | N/A | N/A | 0 | 0 | N/A | N/A | 0 | 0 | 0 |
| **TOTAL TEMPORARY:** | | | 0 | - | N/A | N/A | N/A | 0 | 0 | N/A | N/A | 0 | 0 | 0 |

| **GRAND TOTAL:** | | | 2 | 76,956 | N/A | 18,446 | 0 | 0 | 1,116 | 646 | 292 | 308 | 77 | 36,966 |



| Total Position Cost |
| --- |
| 58,736 |
| 55,186 |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| 113,922 |

| TOTAL |
| --- |
| |
| |
| |
| |
| |
| |
| 113,922 |

**PLAN C BUDGET – IN-PERSON HEARINGS, MON-FRI, 9AM – 5PM, OCCASIONAL WEEKEND TO COVER 3-DAY WEEKENDS**

| OFFICE | ESTIMATED BUDGET | NOTES |
|---|---|---|
| | | |
| District Attorney | Recurring: <br> $150,280 for 1 ADA and 1 V/W <br> $15,000 for 2 supplements per year (i.e., $7,500.00 x 2) <br><br> One-time expenses: <br> $2,006.00 for resources that would be needed for staff | • Hire: 1 ADA and 1 Victim Witness Coordinator <br> • Provide county supplement to exist staff to cover Saturday/Sunday/holidays that extend 3 days |
| Public Defender | Recurring: <br> $356,261 (for 2 Asst PDs at $187,825; 1 client services specialist; 2 litigation assistants) <br> $1,397 (for civil service employees to cover 3-day weekends/holidays) | • Appointed employees do not receive civil service pay to cover 3-day weekends/holidays. They will be provided AWS <br> • |
| Judicial Commissioners | Recurring: <br> $652,756 (for 4 judicial commissioners) <br><br> One-time: | • Hire: 4 Judicial Commissioners <br> • |
| SCSO | Recurring: <br> $386,870 (for 4 officers) <br> $314,204 (for 4 jailers) <br><br> One-time: | • Note: recurring expenses include benefits |

| | | |
|---|---|---|
| Pretrial Services / Community Services | Recurring: <br> $25,000/year for court reminder system <br> $57,634 for personnel to assist in completing revised forms and attend hearings, acting as liaison/facilitator to get ROR defendants releases as soon as possible (i.e. within an hour of bond change), conduct on the spot orientations and programing referrals as needed. <br><br> One-time: <br> $ 2,200 for video conference equipment for victims or witnesses to attend remotely (see notes) <br> $7,500 estimated one-time cost for vendor to make any changes, Implementation of Indigency Affidavit, updated PSA, updated interview form to include financial condition, etc. | • 3 forms will be used for pretrial interviews with detainees: Indigency Affidavit, PSA, financial condition form (will be regular part of business, not specifically for courtroom only). <br> • Text messaging court reminder starting with grant funds, requesting general funds to cover going forward. <br><br> • Video conference equipment may need to be under either the AG or PD or both as it pertains to victims and witnesses. Pretrial would not be required to communicate with either during the hearing. Cost is estimated in the event it is left with Pretrial Services for laptop. |
| General Sessions Court Clerk | Recurring: <br> $58,736 (for 1 principal court clerk) <br> $55,186 (for 1 deputy court clerk II) <br><br> One-time: <br> $1,863 additional equipment (Dell, monitor, camera, antivirus, Microsoft pro) | • |
| Support Services | One-time: <br> $1.5m for use of an existing 2nd floor courtroom to be the detention hearing room while modifying the renovations for Environmental Court and G.S. Criminal Courts | • Costs associated with revised plan for courtroom renovations for bail hearing room, Environmental Court, and G.S. courtrooms |
| TOTAL | Recurring: $2,073,324 <br><br> One-time: $13,569 (plus $1.5 support services courtroom renovation) | • |