# Exhibit 17:

# Transcript of

# Hearing on Motion for Class

# Certification

# (Excerpted)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

JUST CITY, INC.,                    |
                                    |
          Plaintiff,                |
                                    | NO. 24-CV-02540
vs.                                 |
                                    |
                                    |
FLOYD BONNER, JR., SHELBY           |
COUNTY SHERIFF, ET AL.,             |
                                    |
          Defendants.               |

_____

TRANSCRIPT OF THE MOTION TO CERTIFY CLASS

BEFORE THE

HONORABLE THOMAS L. PARKER

THURSDAY

OCTOBER 30, 2025

TINA DuBOSE GIBSON, RPR, RCR
OFFICIAL REPORTER
FOURTH FLOOR FEDERAL BUILDING
MEMPHIS, TENNESSEE 38103

UNREDACTED TRANSCRIPT

A  P  P  E  A  R  A  N  C  E  S


Appearing on behalf of Just City, Inc.:

     Ashika Verriest
     AMERICAN CIVIL LIBERTIES UNION FOUNDATION
     915 15 St NW
     Washington, D.C. 20005
     240-676-3240
     Email:  Averriest@aclu.org

     Jared Quigley
     SIMPSON THACHER & BARTLETT
     425 Lexington Ave
     New York, NY 10017
     212-455-2954
     Email:  Jared.quigley@stblaw.com

     Lucas Cameron-Vaughn
     AMERICAN CIVIL LIBERTIES UNION OF TENNESSEE
     P. O. Box 120160
     Nashville, TN 37212
     404-933-4063
     Email:  Lucas@aclu-tn.org


Appearing on behalf of Sheriff Floyd Bonner, Jr.:

     Jasen McCoy Durrence
     Julia Marie Hale
     SHELBY COUNTY ATTORNEY'S OFFICE
     160 North Main Street
     Suite 950
     Memphis, TN 38103
     901-222-2132
      Email:  Jasen.durrence@shelbycountytn.gov
              Julia.Hale@shelbycountytn.gov

UNREDACTED TRANSCRIPT

THURSDAY

OCTOBER 30, 2025

---------------------

THE COURT:  Good afternoon.  This is in the matter of *Just City v. Sheriff Floyd Bonner* and others. Let's see, who all do we have for the plaintiffs?

MS. VERRIEST:  Good afternoon, Your Honor. Ashika Verriest at the ACLU National for the plaintiffs.

THE COURT:  All right.

MR. QUIGLEY:  Jared Quigley from Simpson, Thacher & Bartlett for the plaintiffs.

THE COURT:  Okay.

MR. CAMERON-VAUGHN:  Lucas Cameron-Vaughn for the plaintiffs with ACLU of Tennessee.

THE COURT:  All right.  I think you just filed a notice of appearance; is that right?

MR. CAMERON-VAUGHN:  That's correct, Your Honor, yes.

THE COURT:  Great.  All right. And Mr. Durrence?

MR. DURRENCE:  Jasen Durrence on behalf of the Shelby County defendants.

THE COURT:  And Ms. Hale?

MS. HALE:  Julia Hale on behalf of the Shelby

UNREDACTED TRANSCRIPT

pattern and practice types of claims and in its citing of *Doster* recognizes the existence of different types of claims such as those brought here that can be analyzed as a whole. I'll just repeat that point, as well.

But other than that, there was nothing else from me.

THE COURT: All right.

So, Mr. Durrence, during your argument, you pointed out that the Court in *Speerly* says that the district court must not defer merits questions. And that's a fair point, but the sentence goes on to say common questions -- excuse me, merits questions bearing on commonality and predominance.

And so let's go back to your argument, so how does that bear on commonality? Predominance doesn't really apply to this case.

MR. DURRENCE: And I'll stand right here if that's all right with Your Honor.

THE COURT: Perfectly fine.

MR. DURRENCE: And so the way merits line up with commonality, Your Honor, as that as I understand the plaintiffs' claims, it's that HB117 in denying consideration of ability to pay for everyone necessarily generates constitutional harm. So they will prevail on the merits of their due process claim, whatever of their claim, simply because of the common thread created by

UNREDACTED TRANSCRIPT

HB117 and its prohibition on consideration of ability to pay.

The defense's position is we can't accept that. I don't believe the Court can accept that as true at this point. HB1 -- first of all, again, the Constitution does not mandate consideration of ability to pay. It prohibits wealth-based detention.

Secondly, even HB117 does not forbid what I call the money conversation, which was at issue in *Bearden.* HB117 -- the new bail statute allows for the money conversation in the context of financial condition.

Essentially, what the new bail statute says is that you cannot discuss your client's height in feet. If your client is 5 feet tall, you can't tell the Court that. You can tell the Court your client is 60 inches tall and let them -- let the Court come to the conclusion of how tall your client is.

If a detainee can have the money conversation, can put information about their financial condition in front of the Court, the defense's position is that satisfies due process. Essentially, every detainee --

THE COURT: How does that affect commonality, the question of commonality?

MR. DURRENCE: That means that commonality cuts in favor of every potential class member having gotten

their procedural due rights; therefore, if the plaintiff wants to hang their hat on something, wants to prevail on the merits, they're not going to be able to prevail solely on this question -- or this issue of not being able to consider ability to pay.

They're going to have to weigh into each individualized consideration, each individualized bail order to show how this individual person was not able to obtain their due process under the statute, if they're going to prevail on the merits.

Now, if all the plaintiff intends to do is stand up and say --

THE COURT:  Well, I mean, it seems to me that really what you're talking about may boil down to a legal question of whether *Bearden* stands for ability to pay or, as you say, as long as you're having the money conversation, you're complying with *Bearden.*  There is no *Bearden* claim.

MR. DURRENCE:  (Moving head up and down.)

THE COURT:  But they're saying, we just want to know who gets to make this argument.  We want 2,500 people over at the jail to make the argument.  You're saying, well, no, it should only be the named plaintiffs if they're going to bring it at all.

MR. DURRENCE:  And the reason is, Your Honor, is

**C E R T I F I C A T E**

I, TINA DuBOSE GIBSON, do hereby certify that the foregoing 43 pages are, to the best of my knowledge, skill and abilities, a true and accurate transcript from my stenotype notes of the motion to certify class hearing held on the 30th day of October, 2025, in the matter of:

JUST CITY, INC.

vs.

FLOYD BONNER, JR., SHELBY COUNTY SHERIFF, ET AL.

Dated this 11th day of November, 2025.

s/Tina DuBose Gibson
_____
TINA DuBOSE GIBSON, RPR, RCR
Official Court Reporter
United States District Court
Western District of Tennessee

UNREDACTED TRANSCRIPT